UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN BROADCASTING COMPANIES, INC., CBS CORPORATION, the FOX ENTERTAINMENT GROUP, INC., FOX TELEVISION HOLDINGS, INC., FOX CABLE NETWORK SERVICES, L.L.C., and NBCUNIVERSAL MEDIA, L.L.C., <br><br> Defendants. | Civil Action No. 12 Civ. 4155 (LTS) (KNF) |

**MEMORANDUM OF LAW OF
CBS CORPORATION AND NBCUNIVERSAL MEDIA, L.L.C.
(1) IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER;
AND (2) IN OPPOSITION TO DISH'S MOTION FOR AN ANTI-SUIT INJUNCTION**

MITCHELL SILBERBERG & KNUPP LLP
Jane G. Stevens
Jeffrey M. Movit
12 East 49th Street – 30th Floor
New York, NY 10017
(212) 509-3900 (Tel.)
(202) 509-7239 (Fax.)

# TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS ..................................................................................................3

    A.    General Background And Procedural History ........................................................3

    B.    The Parties In DISH's Declaratory Judgment Action And The California Actions Do Not Overlap ............................................................................5

        1.    DISH Has Sued CBS Corporation, Which Is Not the Registered Copyright Holder In Any Primetime Television Content, Yet Has Failed To Sue Any Party That Does Hold a Registered Copyright In Content That Airs On CBS During Primetime..................................................................................5

        2.    DISH Failed To Name The Owners Of The Copyrights In Primetime Programming That Airs On NBC, Including The Plaintiffs In The California NBC Action .............................................6

ARGUMENT.......................................................................................................................6

    A.    The New York Action Should Be Dismissed, Or Alternatively Transferred Or Stayed, Because It Is an Improper Anticipatory Lawsuit And Because The New York And California Actions Were Filed On the Same Afternoon........................................................................6

    B.    DISH's Complaint Should In Any Event Be Dismissed In the Exercise of the Court's Discretion .......................................................................7

        1.    DISH's Complaint Fails To Identify Either The Copyrighted Works Or The Alleged Contracts At Issue .............................7

        2.    Because DISH Failed To Sue The Proper Parties, Its Complaint Is Defective And Insufficiently Comprehensive As Compared To The California Actions .............................................9

        3.    California Provides The More Effective Forum ........................................10

    C.    The Forum Selection Clause In The Contract Between DISH And CBS Corporation Is Not Applicable To The California CBS Plaintiffs Or Their Copyright Infringement Claims..................................................11

CONCLUSION ..................................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Amusement Indus. Inc. v. Stern*,
   693 F. Supp. 2d 301 (S.D.N.Y. 2010), *Magistrate Judge's Report and
   Recommendation adopted*, 2010 U.S. Dist. LEXIS 27918 (S.D.N.Y. Mar. 1, 2010)..............11

*Bentley v. The Wellpoint Companies, Inc.*,
   2012 U.S. Dist. LEXIS 21731 (S.D.N.Y. Feb. 17, 2012)..........................................................7

*Bluefire Wireless, Inc. v. Cloud9 Mobile Communications, Ltd.*,
   No. 09 CIV. 7268 (HB), 2009 WL 4907060 (S.D.N.Y. Dec. 21, 2009) .................................13

*Broadview Chem. Corp. v. Loctite Corp.*,
   417 F.2d 998 (2d Cir. 1969)......................................................................................................7

*Cfirstclass Corp. v. Silverjet PLC*,
   560 F. Supp. 2d 324 (S.D.N.Y. 2008)...............................................................................13, 14

*Continental Cas. Co. v. Coastal Sav. Bank*,
   977 F.2d 734 (2d Cir. 1992)......................................................................................................7

*Corcovado Music Corp. v. Hollis Music, Inc.*,
   981 F.2d 679 (2d Cir. 1993)....................................................................................................12

*Dan-Dee Int'l, Ltd. v. KMart Corp.*,
   No. 99 CIV. 11689 (DC), 2000 WL 1346865 (S.D.N.Y. Sept. 19, 2000)..............................12

*Dayhoff Inc. v. H.J. Heinz Co.*,
   86 F.3d 1287 (3d Cir. 1996)....................................................................................................14

*Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co.*,
   416 F.2d 707 (7th Cir. 1969) ....................................................................................................9

*Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*,
   No. 99 Civ. 10550, 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000)...........................................14

*Fleisher v. Phoenix Life Ins. Co.*,
   No. 11 Civ. 8405, 2012 U.S. Dist. LEXIS 62592 (S.D.N.Y. May 1, 2012)............................10

*GMP Techs., LLC v. Zicam, LLC*,
   No. 08 C7077, 2009 WL 5064762 (N.D. Ill. Dec. 9, 2009) .....................................................9

*In re Cuyahoga Equip. Corp.*,
   980 F.2d 110 (2d Cir. 1992)..................................................................................................9

*John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*,
   2011 U.S. Dist. LEXIS 127635 (S.D.N.Y. Nov. 2, 2011).................................2, 7, 8, 11

*Light v. Taylor*,
   No. 05 CIV. 5003 WHP, 2007 WL 274798 (S.D.N.Y. Jan. 29, 2007),
   *aff'd*, 317 F. App'x 82 (2d Cir. 2009)................................................................................12

*Nanopierce Technologies, Inc. v. Southridge Capital Management LLC*,
   No. 02 Civ. 0767, 2003 WL 22882137 (S.D.N.Y. Dec. 4, 2003)......................................14

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Int'l Wire Grp., Inc.*,
   No. 02 Civ. 10338, 2003 U.S. Dist. LEXIS 9193,
   2003 WL 21277114 (S.D.N.Y. June 2, 2003) ....................................................................7

*Phillips v. Audio Active Limited*,
   494 F.3d 378 (2d Cir. 2007).........................................................................................12, 14

*Revise Clothing, Inc. v. Levi Strauss & Co.*,
   No. 10 Civ. 54831, 2010 U.S. Dist. LEXIS 130673 (S.D.N.Y. Dec. 6, 2010)....................7

*Robinson v. Comm'r of Jurors, N.Y. Cty.*,
   419 F. Supp. 1189 (S.D.N.Y. 1976).....................................................................................9

*Shea Dev. Corp. v. Watson*,
   No. 07 CIV. 11201 (DLC), 2008 WL 762087 (S.D.N.Y. Mar. 24, 2008)........................14

*Top Victory Electronics v. Hitachi Ltd.*,
   No. C 10–01579 CRB, 2010 WL 4722482 (N.D. Cal Nov. 15, 2010)................................9

*Wilton v. Seven Falls Co.*,
   515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)...................................................7

*Xilinx, Inc. v. Invention Investment Fund I LP*,
   No. C 11-0671 SI, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ......................................9

### STATUTES AND RULES

28 U.S.C.
   § 1404(a) ......................................................................................................................1, 15
   § 2201........................................................................................................................1, 2, 15

Federal Rules of Civil Procedure
   12(b)(1) .......................................................................................................................1, 15
   12(b)(6) .......................................................................................................................1, 15

4663973.19/44025-00003

## OTHER AUTHORITIES

12 James Wm. Moore, et al., *Moore's Federal Practice*
§ 57.42 (3d ed. 2012) .................................................................................................................9

3

Defendants CBS Corporation ("CBS") and NBCUniversal Media, LLC ("NBCUniversal") (together, "CBS/NBCU") respectfully submit this Memorandum of Law (a) in opposition to the motion of DISH Network L.L.C. ("DISH") for an anti-suit injunction; and (b) in support of CBS/NBCU's motion to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. § 2201, or in the alternative, pursuant to 28 U.S.C. §§ 1404(a) and 2201, to transfer to the Central District of California or stay this action pending resolution of the lawsuits that have been filed in that jurisdiction by the copyright owners injured by DISH's infringing acts.[1]

## PRELIMINARY STATEMENT

This is a case in which a brazen copyright infringer has filed an anticipatory declaratory judgment action that neither names the proper parties nor identifies the copyrights and contracts supposedly at issue. The infringer, DISH, markets a system called "the Hopper," through which DISH offers an unauthorized premium on-demand video service called "PrimeTime Anytime" that unlawfully reproduces and distributes to DISH customers the primetime television programming of all four major television networks on a continuous, rolling eight-day basis. Through a recently-added feature called Auto-Hop, DISH's customers can then view that primetime programming with all of the individual commercials automatically skipped. By virtue of this conduct, DISH has engaged in both direct and secondary copyright infringement.

---

[1] At the hearing on DISH's application for an Order to Show Cause re Anti-Suit Motion, this Court urged the parties to consider "potential joinder motions" that would be "coordinated and efficient from the perspective of the Court as well as the parties." 5/30/12 Tr. at 29:10-16. To promote the efficiency the Court requested, CBS/NBCU (1) join in Parts I through III of the Memorandum of Law submitted by the Fox Parties in Opposition to Plaintiff's Motion for An Anti-Suit Injunction ("Fox Opposition Memorandum") and in Fox's Memorandum of Law in Support of Its Motion to Dismiss DISH Network's Complaint ("Fox Motion") and (2) submit this joint brief to add facts and arguments that are specific to CBS and/or NBCUniversal in connection with their opposition to DISH's motion and in support of their motion to dismiss.

1

DISH's forum-shopping race to this courthouse began on May 24, 2012, when it filed its anticipatory declaratory judgment complaint purportedly in response to an article that had appeared the day before in the *Hollywood Reporter*. That article quoted anonymous sources as stating that the broadcast networks were going to file lawsuits against DISH for copyright infringement and breach of contract within a month. DISH filed its lawsuit in the Southern District of New York a mere twenty-nine minutes before Fox, one hour and twenty-six minutes before NBCUniversal (and other copyright owners of NBC broadcast primetime content), and two hours and twenty-three minutes before various entities that own copyrights in CBS primetime television content filed lawsuits in the Central District of California. Then, on the heels of that filing, DISH sought, by Order to Show Cause, to enjoin the California Actions.

As discussed in the memorandum of the Fox Parties in support of their motion to dismiss, in which CBS and NBCUniversal join in pertinent part, DISH's lawsuit is an improper anticipatory action. For that reason alone, DISH's complaint should be dismissed and its request for an injunction denied.

Moreover, even if DISH's lawsuit is not dismissed as an improper anticipatory action, it should be dismissed in the Court's discretion under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, for several independent reasons. First, DISH fails to identify the copyrights and contracts that are the subject of its putative declaratory judgment suit. Its complaint contains nothing more than the naked allegations that it seeks a declaration that it is not infringing unspecified copyrights allegedly owned by the major television networks, and that it is in compliance with unidentified contracts with the major television networks. (*See* DISH Complaint, ¶¶ 40, 43). The utter lack of specificity in DISH's complaint demonstrates that its declaratory judgment action serves no useful purpose. *See John Wiley & Sons, Inc. v. Visuals*

2

*Unlimited, Inc.*, 2011 U.S. Dist. LEXIS 127635, at \*\*16-18 (S.D.N.Y. Nov. 2, 2011) ("[Plaintiff's] barren complaint does not serve a useful purpose in clarifying the legal relations between the parties.")

In addition, DISH's complaint names as a defendant CBS Corporation, a company that does not even hold registered copyrights in primetime broadcast television programs. Conversely, DISH has failed to name in this action a host of entities that are plaintiffs in the California Actions and that actually do hold registered copyrights in primetime television content. Thus, the parties in the New York and California Actions are not the same, and DISH's lawsuit would serve no "useful purpose" in settling and clarifying the legal relations at issue.

Finally, the forum selection clause in DISH's contract with CBS Corporation does not mandate that DISH's action proceed. There are no contract claims in the California CBS Action (nor in the California NBCUniversal Action, for that matter), and none of the plaintiffs in the California CBS Action is a party to a contract with DISH. Moreover, even if DISH's contract with non-copyright holder CBS Corporation governed the rights of the California CBS Plaintiffs (and it does not), under clear Second Circuit law, the copyright claims in the California CBS Action would not arise under or out of that agreement.

For all these reasons, DISH's complaint should be dismissed.

## STATEMENT OF FACTS

### A. General Background And Procedural History[2]

On May 24, 2012 at 2:32 p.m. PDT, plaintiffs NBC Studios, LLC, Universal Network Television, LLC, Open 4 Business Productions LLC, and NBCUniversal (the "California NBC

---

[2] For a description of DISH and its infringing Hopper service, CBS/NBCU respectfully refer the Court to the discussion in Fox's Opposition Memorandum and Fox's Motion, incorporated herein by reference.

3

Plaintiffs") filed their copyright infringement action against DISH, titled *NBC Studios, LLC, et al. v. Dish Network Corporation and Dish Network L.L.C.,* Case No. CV 12-4536 (the "California NBC Action"). The California NBC Action was filed a mere one hour and twenty-six minutes after DISH filed the New York action. At 3:29 p.m. PDT that same afternoon, plaintiffs CBS Broadcasting Inc., CBS Studios Inc. and Survivor Productions, LLC (the "California CBS Plaintiffs") filed their own copyright infringement action against DISH, titled *CBS Broadcasting Inc., et al. v. Dish Network Corporation and Dish Network L.L.C.,* Case No. CV 12-4551 (the "California CBS Action"). The California CBS Action was filed a scant two hours and twenty-three minutes after DISH filed the New York Action at bar.

The complaints in the California Actions assert causes of action against DISH Network Corporation and DISH Network LLC for direct and secondary infringement of thirty-two representative copyrighted works in connection with DISH's PrimeTime Anytime and Auto Hop features on its "Hopper" DVR, which violate the California plaintiffs' exclusive rights in their copyrighted works by, *inter alia,* copying, without authorization, the California plaintiffs' television programs and delivering those copies to DVR hard drives in the homes of DISH's customers, where they can be watched commercial free. The complaints in these two California Actions seek preliminary and permanent injunctive relief, statutory damages, and an award of costs and attorneys' fees.

4

### B. The Parties In DISH's Declaratory Judgment Action And The California Actions Do Not Overlap

#### 1. DISH Has Sued CBS Corporation, Which Is Not the Registered Copyright Holder In Any Primetime Television Content, Yet Has Failed To Sue Any Party That Does Hold a Registered Copyright In Content That Airs On CBS During Primetime

DISH's complaint seeks a declaration of non-infringement against CBS Corporation.[3] However, CBS Corporation does not hold the registered copyright in any of the works that air during primetime on the CBS Television Network. (Declaration of Lura Burton dated June 7, 2012 (the "Burton Decl."), ¶ 2). CBS Corporation is not a plaintiff in the California CBS Action. Conversely, CBS Studios Inc., CBS Broadcasting Inc.,[4] and Survivor Productions, LLC – all plaintiffs in the California CBS Action but not parties to the DISH lawsuit – are all registered copyright holders in primetime programming that airs on the CBS Television Network. (Burton Decl., ¶¶ 3, 5, 7, 10, 12).[5] None of these copyright-owning California plaintiffs is a party to a

---

[3] CBS Corporation is the parent of a large number of companies that create and/or distribute content across a variety of platforms, including cable, publishing, radio, local television, motion picture, and on-line and mobile media (Burton Decl., ¶ 2).

[4] CBS Broadcasting Inc. – not a defendant in DISH's lawsuit, but a plaintiff in the California CBS Action – is an indirect, wholly-owned subsidiary of CBS Corporation and owns and operates the CBS Television Network, which is one of the four major commercial television broadcast networks in the United States. (Burton Decl., ¶ 3). The CBS Television Network is comprised of over 16 owned and operated stations and approximately 200 affiliated stations throughout the United States. *Id.* All of these stations broadcast television programming over the airwaves free of charge. *Id.*

[5] Of the California CBS plaintiffs, Survivor Productions, LLC has its principal place of business in Los Angeles (Burton Decl., ¶ 7). In addition, the other California CBS plaintiffs have offices in Los Angeles and many of the shows in which CBS Studios Inc. owns the copyright are produced in the Los Angeles area (Burton Decl., ¶¶ 1, 5).

5

contract with DISH regarding the retransmission of free, over the air broadcast television programming. (Burton Decl., ¶¶ 4, 6, 8).

### 2. DISH Failed To Name The Owners Of The Copyrights In Primetime Programming That Airs On NBC, Including The Plaintiffs In The California NBC Action

DISH also has failed to name as defendants in this action all but one of the entities that own the copyrights in the programming that appears on the NBC Television Network during the primetime hours, which entities include Universal Network Television LLC, Open 4 Business Productions LLC, and NBC Studios LLC, all of which are plaintiffs in the California NBC Action. (Declaration of Gabriela Kornzweig dated June 7, 2012 (the "Kornzweig Decl."), ¶¶ 3-5; Declaration of Carly Seabrook (the "Seabrook Decl."), dated June 7, 2012, ¶¶ 2-7). While NBCUniversal is a plaintiff in the California NBC Action, these other California plaintiffs own a substantial share of the copyrights for NBC primetime programming.[6] (Seabrook Decl., ¶¶ 2-7).

## ARGUMENT

### A. The New York Action Should Be Dismissed, Or Alternatively Transferred Or Stayed, Because It Is an Improper Anticipatory Lawsuit And Because The New York And California Actions Were Filed On the Same Afternoon

The Fox Parties' motion and opposition establish that DISH's declaratory judgment action is an improper anticipatory lawsuit. For the reasons stated in the Fox Opposition Memorandum and Fox Motion, the New York Action should be dismissed, transferred, or stayed in favor of the California CBS and NBC Actions as well.[7]

---

[6] NBCUniversal operates the NBC Television Network, which is one of the four major commercial television broadcast networks in the United States. It owns the copyrights in certain NBC News programming that airs in primetime on the network. (Kornzweig Decl., ¶ 2.)

[7] The Fox Opposition Memorandum and Fox Motion also demonstrate that, because DISH's lawsuit and the California Actions were filed within a short time of each other on the same day,

(...continued)

6

### B. DISH's Complaint Should In Any Event Be Dismissed In the Exercise of the Court's Discretion

It is well settled that a district court has discretion as to whether to hear declaratory relief claims. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90, 115 S. Ct. 2137, 2143-44, 132 L. Ed. 2d 214, 225 (1995). "The Second Circuit has provided two factors to help district courts properly exercise the broad discretion conferred by the Declaratory Judgment Act: '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Bentley v. The Wellpoint Companies, Inc.*, 2012 U.S. Dist. LEXIS 21731 at **10-11 (S.D.N.Y. Feb. 17, 2012) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Int'l Wire Grp., Inc.*, No. 02 Civ. 10338, 2003 U.S. Dist. LEXIS 9193, 2003 WL 21277114, at *4 (S.D.N.Y. June 2, 2003), *Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992), and *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969)). Here, DISH's declaratory relief claims serve no useful purpose and will not afford relief from the "uncertainties" which DISH contends caused it to file.

#### 1. DISH's Complaint Fails To Identify Either The Copyrighted Works Or The Alleged Contracts At Issue

DISH's failure to identify any of the copyrighted works it contends are in dispute demonstrates a lack of a useful purpose for DISH's action. Judge McMahon's decision in *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, 2011 U.S. Dist. LEXIS 127635 (S.D.N.Y. Nov. 2, 2011), is particularly instructive in this regard. There, plaintiff Wiley brought a declaratory

---

(…continued)
the Court should not deem DISH's complaint as "first filed." (*See* Fox Opposition Memorandum); *see also Revise Clothing, Inc. v. Levi Strauss & Co.*, No. 10 Civ. 54831, 2010 U.S. Dist. LEXIS 130673, at *6 (S.D.N.Y. Dec. 6, 2010).

7

relief action seeking a declaration that its use of the defendant's photographs was non-actionable as copyright infringement when such use: "(i) . . . relates to photographs for which VUI lacks copyright ownership or a valid copyright registration, or (ii) . . . occurred more than three years ago, or (iii) . . . is simply a reuse of the same photograph in a later edition or revised version of the work for which VUI originally licensed the photograph . . . ." 2011 U.S. Dist. LEXIS 127635, at **4-5. The court held that because Wiley's complaint failed to allege which photographs were at issue, "Wiley's barren complaint does not serve a useful purpose in clarifying the legal relations between the parties." *Id.* at *18. The court went on to dismiss the complaint for declaratory relief.

As in *John Wiley & Sons*, DISH's complaint is totally silent on which alleged copyrights are at issue. Indeed, DISH's complaint is even sparser than that in *John Wiley*, since DISH does not allege that either defendant actually owns any copyrights, let alone which copyrights of which defendant DISH claims it did not infringe. The Complaint says nothing more on the topic than "DISH's provision of the Auto Hop feature to its customers does not directly or indirectly infringe copyright." (Complaint, ¶ 38). In contrast, the California Actions identify the copyrights at issue, as well as the multiple interrelated infringing features of the Hopper DVR with specificity. DISH's complaint fails to demonstrate an actual controversy about any given copyrighted work, serves no useful purpose, and should be dismissed.

Similarly, Count II of DISH's complaint purports to seek a declaration that DISH did not breach unspecified contracts with unnamed and undifferentiated entities. It states in a conclusory fashion: "DISH is a party to contracts with each of the Major Television Networks that authorize DISH to re-broadcast the signals of content shown on those networks." (Complaint, ¶ 3). As

8

with DISH's failure to specify the copyrights at issue, its failure to identify the specific agreements at issue leads to the conclusion that its lawsuit could not serve a useful purpose.

### 2. Because DISH Failed To Sue The Proper Parties, Its Complaint Is Defective And Insufficiently Comprehensive As Compared To The California Actions

A declaratory judgment action should be dismissed "unless the court is satisfied that 'all persons who have an interest in the determination of the questions raised in (the) suit (are) before the court.'" *Robinson v. Comm'r of Jurors, N.Y. Cty.*, 419 F. Supp. 1189, 1191 (S.D.N.Y. 1976) (quoting *Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co.*, 416 F.2d 707, 710 (7th Cir. 1969)). For that reason, an action seeking a declaration that an intellectual property right has not been infringed should be dismissed where the plaintiff has failed to name as defendants the parties who actually own the intellectual property at issue. *E.g., Xilinx, Inc. v. Invention Investment Fund I LP*, No. C 11-0671 SI, 2011 WL 3206686, at *3 (N.D. Cal. July 27, 2011) (court dismissed claims for declaratory relief on seven patents owned by parties not named in suit); *GMP Techs., LLC v. Zicam, LLC*, No. 08 C7077, 2009 WL 5064762, at *2 (N.D. Ill. Dec. 9, 2009) (declaratory action dismissed where plaintiff failed to name patent holder and instead named parent company); *Top Victory Electronics v. Hitachi Ltd.*, No. C 10–01579 CRB, 2010 WL 4722482, at *2 (N.D. Cal Nov. 15, 2010) ("declaratory judgment action must be dismissed for lack of standing if the plaintiff fails to name the patent owner, assignee, or exclusive licensee, even if the plaintiff was led to believe that the named defendant was in fact the patent owner"); *cf. In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-117 (2d Cir. 1992) (application of first-to-file rule is "problematic" when "there are separate and distinct parties"); 12 James Wm. Moore, et al., *Moore's Federal Practice* § 57.42 (3d ed. 2012) ("If the declarative relief should will not terminate the controversy giving rise to the proceeding, the court may exercise its discretion and decline to grant relief.").

9

DISH has not sued a single defendant that holds a registered copyright in primetime content that airs on the CBS Television Network. (Burton Decl., ¶ 2). The three plaintiffs in the California CBS Action – CBS Broadcasting Inc., CBS Studios Inc., and Survivor Productions, LLC – *do* hold such copyrights in CBS primetime programming but are not parties to this New York Action. (Burton Decl., ¶¶ 3, 5, 7, 10, 12). Likewise, three of the four plaintiffs in the California NBC Action – NBC Studios, LLC, Universal Network Television, LLC, and Open 4 Business Productions LLC – are copyright owners of primetime content on NBC who are not parties to the New York action.[8] (Kornzweig Decl., ¶¶ 3-5; Seabrook Decl., ¶¶ 2-7).

Thus, contrary to DISH's assertion in its brief in support of its Order to Show Cause, the New York Action is hardly the most "comprehensive." (DISH Mem. at 4). Rather, most of the owners of copyrights in primetime programming that airs on the CBS and NBC television networks that have sued in California are not parties in New York. Because DISH's lawsuit has failed to name the proper parties and the California Actions are far more inclusive, the Court should dismiss the case.

### 3. California Provides The More Effective Forum

Yet another reason why the declaratory relief action does not serve a useful purpose is that the California Actions provide a much better and more effective method of addressing the copyright-related claims and defenses than does DISH's declaratory relief action. The California Actions will clearly resolve the copyright claims as to a much larger percentage of copyright holders. *See, e.g., Fleisher v. Phoenix Life Ins. Co.*, No. 11 Civ. 8405, 2012 U.S. Dist. LEXIS

---

[8] DISH easily could have identified actual copyright holders of primetime programming on the CBS and NBC television networks. All DISH had to do was conduct a search of the records of the United States Copyright Office, a task that can be accomplished online without cost. *See* http://www.copyright.gov/records.

10

62592 at **29-30 (S.D.N.Y. May 1, 2012) (underlying claims for breach better, more effective remedy); *John Wiley & Sons, Inc.*, 2011 U.S. Dist. LEXIS 127635 at **11-12 ("When the traditional remedy provides the parties with the procedural safeguards required by the law to insure the availability of a proper remedy, the courts, in exercising their discretion, may properly dismiss the declaratory judgment action.") (citation omitted); *Amusement Indus. Inc. v. Stern*, 693 F. Supp. 2d 301, 311-12 (S.D.N.Y. 2010) ("fact that a lawsuit has been filed that will necessarily settle the issues for which the declaratory judgment is sought suggests that the declaratory judgment will serve 'no useful purpose.'"), *Magistrate Judge's Report and Recommendation adopted*, 2010 U.S. Dist. LEXIS 27918 (S.D.N.Y. Mar. 1, 2010).

For all these reasons, the Court should decline to exercise its discretion to hear DISH's declaratory relief claims, and should permit the California Actions to go forward and fully resolve the disputes between the proper parties.

### C. The Forum Selection Clause In The Contract Between DISH And CBS Corporation Is Not Applicable To The California CBS Plaintiffs Or Their Copyright Infringement Claims

DISH asserts that the forum selection clause in its contract with CBS Corporation requires the California CBS Plaintiffs' copyright claims to be heard New York – even though none of those California plaintiffs is a party to that agreement and the California CBS Plaintiffs did not sue DISH for breach of contract in the California CBS Action. DISH both overstates the limited breadth of the forum selection clause and fails to acknowledge that the narrow forum selection clause is not in any agreement with or binding upon any of the California CBS Plaintiffs.

DISH relies on and quotes the following forum selection clause as to CBS Corporation:

> ... The federal and state courts located in the city and state of Denver, Colorado and the Southern District of New York shall have exclusive jurisdiction to hear and determine any claims,

11

> disputes, actions or suits *that may arise under or out of this Agreement* and each party hereby waives its right to make any claim to the contrary. (Emphasis added).

See Decl. of Elyse D. Echtman in Support of DISH Network L.L.C.'s Motion for An Anti-Suit Injunction and Temporary Restraining Order, ¶ 18.

Under Second Circuit law, this forum selection clause – which is expressly limited to disputes that "arise under or out of" the agreement – must be construed narrowly. *Phillips v. Audio Active Limited*, 494 F.3d 378, 389 (2d Cir. 2007) ("We do not understand the words 'arise out of' as encompassing all claims that have some possible relationship with the contract, including claims that may only 'relate to,' be 'associated with,' or 'arise in connection with' the contract."); *Light v. Taylor*, No. 05 CIV. 5003 WHP, 2007 WL 274798, at *6 (S.D.N.Y. Jan. 29, 2007), *aff'd*, 317 F. App'x 82 (2d Cir. 2009) (forum selection clause stating that it applies to "[a]ny dispute regarding this Agreement" construed as "narrow in focus"). Such a narrow forum selection clause simply does not cover the independent copyright claims asserted by the California CBS Plaintiffs (or the claim seeking a declaratory judgment of "No Copyright Infringement" that DISH asserted in New York). *See Phillips*, 494 F.3d at 391 (where musician asserted copyright infringement claim on the theory that record company released a second album that was not contemplated by his recording contract, copyright claim did not arise out of the recording contract and therefore was not subject to the contract's forum selection clause); *Corcovado Music Corp. v. Hollis Music, Inc.*, 981 F.2d 679, 682 (2d Cir. 1993) ("where a plaintiff sues for copyright infringement and asserts no rights under a contract with the defendant containing a forum-selection clause, the forum-selection clause has no effect"); *Light*, 2007 WL 274798, at *5 (narrow forum selection clause "does not encompass independent copyright claims"); *Dan-Dee Int'l, Ltd. v. KMart Corp.*, No. 99 CIV. 11689 (DC), 2000 WL 1346865, at *5 (S.D.N.Y. Sept. 19, 2000) (where party brought a copyright infringement action and was not

"attempting to assert contractual rights arising from [its] agreement," the action was not governed by the agreement's forum selection clause) (citation omitted).

The authorities on which DISH relies to invoke the forum selection clause are inapposite. In each of those cases, plaintiffs' claims grew out of the contracts in question. *See Bluefire Wireless, Inc. v. Cloud9 Mobile Communications, Ltd.*, No. 09 CIV. 7268 (HB), 2009 WL 4907060, at *3 (S.D.N.Y. Dec. 21, 2009) (applying forum selection clause where the plaintiff's fraud and deceptive trade practices claims arise out of and were "inextricably intertwined with contract interpretation and . . . performance under the" agreement); *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 330 (S.D.N.Y. 2008) (applying forum selection clause to tort claims that depend on the existence of a contract between the parties, "rel[ied] fundamentally on the terms of the agreements," and were "expressly premised on assertions regarding [plaintiffs] rights . . . pursuant to the two agreements"). Here, unlike in *Bluefire Wireless* and *Cfirstclass Corp.*, the copyright infringement claims asserted in the California CBS Action are not in any way premised upon any contracts between the parties, a fact that the absence of contractual privity between DISH and any of the California CBS Plaintiffs further underscores.

DISH also incorrectly argues that the California CBS Plaintiffs' copyright claims are governed by the forum selection clause in its agreement with CBS Corporation merely because those claims in some unspecified way "implicate the contract between DISH and CBS." (DISH Mem. at 18). However, as noted above, the California CBS Plaintiffs' copyright infringement claims do not arise out of, and are in no way dependent upon the terms of any DISH agreement with CBS Corporation. Moreover, to the extent that DISH intends to assert a defense to the California CBS Plaintiffs' copyright infringement claims based on language set forth in the agreement, that does not transform CBS's copyright claims into claims that "arise out of" that

13

agreement. *See Phillips*, 494 F.3d at 391 ("Because the recording contract is only relevant as a defense in this suit, we cannot say that Phillips' copyright claims originate from, and therefore 'arise out of,' the contract.").[9]

Nor are any of the California CBS Plaintiffs signatories to the DISH agreement with CBS Corporation in which the quoted forum selection clause appears (or to any other contract with DISH). Accordingly, those parties cannot be bound by that forum selection clause contained in that agreement, and the fact that they are affiliated with CBS Corporation does not alter that result. *Cf. Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1297 (3d Cir. 1996) (corporate non-signatories "should not by reason of their corporate relationship with [signatory] be able to invoke the arbitration and forum selection clauses, for there is no more reason to disregard the corporate structure with respect to such claims as there would be to disregard it with respect to other legal matters"); *see also Shea Dev. Corp. v. Watson*, No. 07 CIV. 11201 (DLC), 2008 WL 762087, at *3 (S.D.N.Y. Mar. 24, 2008) (declining to hold non-signatory bound by a forum selection clause contained in merger agreement where non-signatory's "participation in the merger was negligible.").[10]

---

[9] Moreover, where, as here, a plaintiff files a declaratory judgment action in which only some of the defendants are bound by forum selection clauses, the forum selection clauses do not control the venue of the litigation. (*See* Fox Opposition Memorandum).

[10] The cases on which DISH relies are not to the contrary. *See Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, No. 99 Civ. 10550, 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000) (defendants bound to forum selection clause where, unlike here, they were third-party beneficiaries of contract); *Nanopierce Technologies, Inc. v. Southridge Capital Management LLC*, No. 02 Civ. 0767, 2003 WL 22882137, at *5 (S.D.N.Y. Dec. 4, 2003) (non-signatory who was held bound by a forum selection clause was the Chief Financial Officer of a party to the relevant agreement); *Cfirstclass Corp.*, 560 F. Supp. 2d at 328 (non-signatory was the successor-in-interest to a signatory to the forum selection clause).

14

## CONCLUSION

For the reasons stated above, and those set forth in the papers separately filed by the Fox Parties, the Court should deny DISH's motion for an anti-suit injunction and instead should (1) dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. § 2201; (2) in the alternative, transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a); or (3) in the alternative, stay the action.

DATED: June 8, 2012
New York, New York

> Respectfully submitted,
>
> MITCHELL SILBERBERG & KNUPP LLP
>
> By:   /s/ Jane G. Stevens
> Jane G. Stevens *(jgs@msk.com)*
> Jeffrey M. Movit *(jmm@msk.com)*
> 12 East 49th Street - 30th Floor
> New York, NY 10017
> (212) 509-3900 (Tel.)
> (212) 509-7239 (Fax.)
>
> *Attorneys for Defendants CBS Corporation and NBCUniversal Media, L.L.C.*

4663973.19/44025-00003