USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 2 0 2012

**JENNER&BLOCK**

June 8, 2012

*Via Facsimile*

Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
Tel 212-891-1600
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Susan J. Kohlmann
Tel  212 891-1690
Fax 212 891-1699
skohlmann@jenner.com

Re:  *Dish Network L.L.C. v. ABC, Inc., et al.*, 12 Civ. 4155 (LTS) (KNF)

Dear Judge Swain:

Pursuant to Local Civil Rule 37.2, Fox Entertainment Group, Inc., Fox Television Holdings, Inc., and Fox Cable Network Services, L.L.C. request an informal conference with the Court and permission to file a motion seeking expedited discovery from Dish Network L.L.C. ("Dish").

As Your Honor knows, on May 24, 2012, Fox Broadcasting Company, Twentieth Century Fox Film Corp., and Fox Television Holdings, Inc. (collectively, "Fox") sued Dish in the Central District of California for copyright infringement and breach of contract. Dish is aggressively engaged in a massive, orchestrated campaign of unlawful copying, distribution, and exploitation of Fox's copyrighted primetime television programs that are broadcast on the Fox Network such as *Glee, Touch, Bones*, and *The Simpsons*. Every night, Dish, through its recently-launched PrimeTime Anytime service, copies all of the broadcast networks' primetime programming without authorization, in order to offer Dish subscribers an unlicensed on-demand library of over 100 hours of primetime network programming that they can view commercial-free. As set forth in press releases that are publicly-available on Dish's website, Dish launched its infringing PrimeTime Anytime service on March 15, 2012.[1] The service became fully functional – allowing for the dissemination of bootleg, commercial-free versions of Fox's programs – on May 10, 2012 (not in "early January" as Dish has argued).[2] Even worse, Fox had already granted Dish certain video on demand rights, subject to the condition that Dish restrict commercial skipping. Unsatisfied with these conditions, Dish engaged in self-help and created its own commercial-free video on demand service.

Within two weeks of Dish's May 15th press release, Fox promptly sued Dish in California and simultaneously applied for an order permitting expedited discovery in aid of its soon-to-be-filed preliminary injunction motion. Specifically, Fox sought two depositions and

---

[1] Dish's March 15th press release can be found at: http://press.dishnetwork.com/press-releases/hopper-whole-home-hd-dvr-system-now-available-from-nasdaq-dish-0862975

[2] Dish's May 10th press release can be found at: http://press.dishnetwork.com/press-releases/dish-introduces-commercial-free-tv-with-auto-hop--nasdaq-dish-0885876

Hon. Laura Taylor Swain
June 8, 2012
Page 2

seven narrow categories of documents, mainly to learn how Dish's new products and services function.

Twenty-nine minutes before Fox filed its lawsuit, Dish (having learned that Fox was about sue) filed the instant declaratory relief action in the Southern District of New York. Pursuant to the Court's May 30, 2012 Order to Show Cause and Temporary Restraining Order ("Order"), the parties are currently briefing the issue of whether this declaratory relief action should proceed in favor of Fox's California lawsuit, or whether Fox, as the plaintiff seeking injunctive relief and damages on a broader set of claims, should have its choice of forum. A hearing is set for July 2, 2012.

Meanwhile, with each passing day, Dish continues to steal Fox's valuable content. No matter which forum the parties end up in, Fox will seek a preliminary injunction. If Dish's conduct is not preliminarily enjoined during the pendency of this action, Fox will suffer substantial, irreparable injury. First, Dish is exploiting Fox's valuable copyrights far beyond Dish's narrow license for satellite television distribution, and is doing so without compensating Fox and against the parties' express agreement forbidding such conduct. Second, Dish's unlawful copying and distribution of commercial-free versions of Fox's Programs undermines and threatens to destroy Fox's own exploitation of its works in the separate markets for video on demand, electronic downloads of commercial free programs, and mobile distribution. Numerous Fox affiliates, business partners, and third parties pay or otherwise compensate Fox for the exact same rights that Dish is now usurping. As a result, Fox's business relationships are already being disrupted and the value of Fox's programming and business model are being questioned by independent research analysts and credit rating agencies.

Rule 26(d) gives the Court broad discretion to order early discovery. *See* Fed. R. Civ. P. 26(d)(1) (allowing early discovery "when authorized . . . by court order"). In fact, the Advisory Committee Notes expressly contemplate expedited discovery in cases "involving requests for a preliminary injunction" such as this one. *See* Fed. R. Civ. Proc. 26(d) (1993 Adv. Comm. Notes). The standard for allowing expedited discovery is "reasonableness and good cause." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (Lynch, J.) (rejecting heightened standard for expedited discovery); *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (Chin, J.) (same).

Here, the circumstances easily meet and exceed the good cause standard. Fox's proposed discovery goes to the heart of its preliminary injunction motion. By confirming the nature of Dish's conduct, and better understanding how Dish's unlicensed video on demand service operates, the parties will be able to avoid factual disputes and focus their briefing on Fox's preliminary injunction motion. More importantly, allowing Fox to conduct its limited discovery over the next three weeks will prevent any further delay once this Court determines the appropriate forum for this dispute. Fox will be in a position to promptly file its preliminary injunction motion.

If Fox is forced to wait until the venue issue is decided before seeking discovery – or, even worse, if it is required to follow the standard discovery schedule under Rule 26 – it could be several months until Fox obtains information critical to a preliminary injunction motion. During this delay, Fox will continue to suffer irreparable injury and Dish will continue to infringe Fox's copyrights.

In contrast to the serious prejudice faced by Fox if expedited discovery is not permitted, allowing Fox to conduct limited discovery over the next two or three weeks will cause no prejudice to Dish whatsoever. Dish has known since May 24th that Fox was seeking expedited discovery. Additionally, during the recent meet and confer process on this issue, Fox agreed to further narrow its document requests to a mere five categories. Gathering these readily-available documents, and arranging for two depositions can hardly be deemed burdensome. Moreover, all of this discovery will eventually be required in whichever forum the case proceeds.

Pursuant to Your Honor's Individual Practices, Fox has used its best efforts to resolve its request informally. Fox has set forth its position in writing, exchanged letters with Dish, and had two telephone calls with Dish's counsel. Still, Dish will not agree to allow expedited discovery over the next few weeks. Instead, Dish has unnecessarily prolonged the meet and confer process. For the past two weeks Dish insisted that Fox give it more time to analyze the issues and formulate a response to Fox's request. Taking Dish at its word, Fox met and conferred in good faith. However, Dish used the meet and confer process to further delay and frustrate Fox's request. At the end of the meet and confer process, Dish insisted that no expedited discovery can even begin to take place until after the Court determines the appropriate venue for this dispute – a month from now. Clearly this is a position Dish could have conveyed to Fox when the meet and confer process began.

Dish's delay tactics are transparent. It claims it must wait for NBC, CBS, and ABC to agree on a timetable for expedited discovery. Yet none of these parties objects to Fox's request and have agreed not to seek duplicative discovery. Dish also questions whether the Court has jurisdiction to order expedited discovery because Fox is currently enjoined from pursuing its affirmative claims. Obviously this Court now has jurisdiction over Fox, as evidenced by the current TRO. It goes without saying that the Court, in the interest of justice, can order expedited discovery while the venue issue is being resolved. Because Fox intends to file a preliminary injunction motion in one forum or the other, depending on how the venue question is resolved, permitting expedited discovery to proceed now serves the interests of efficiency and judicial economy. Fox's expedited discovery request is routine and straightforward and does not require months of deliberation and coordination. That, in and of itself, would defeat the purpose of seeking discovery on an expedited basis.

Accordingly, Fox respectfully requests that the Court hold an informal conference at its earliest convenience, preferably by phone so that Fox's California counsel can meaningfully participate. Alternatively, Fox requests that the Court grant leave for Fox to file its motion for expedited discovery, subject to an expedited briefing schedule. Fox would be in a position to

Hon. Laura Taylor Swain
June 8, 2012
Page 4

prepare and file its motion within four days of such an order. Dish could file an opposition brief four days later, and Fox could file a reply within two days.

Respectfully,

Susan J. Kohlmann

cc (via email): counsel of record

The Court will conference this matter on June 22, 2012, at 3:45 pm in Courtroom 11C. Counsel wishing to participate by telephone must make their own conference call arrangements and contact the Courtroom Deputy, Ms. Ng, at 212 805 0424 for instructions as to how to contact the courtroom speakerphone. Fox must provide the Court and all counsel with its specific discovery requests by 4:00 pm on June 20, 2012.

SO ORDERED.

NEW YORK, NY
June 19, 2012
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE