**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

DISH NETWORK L.L.C.

      Plaintiff,

v.

AMERICAN BROADCASTING
COMPANIES, INC., *et al.*,

                Defendants.

12 Civ. 4155 (LTS)(KNF)

**FOX'S REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ............................................................................1

II.    DISH'S CONTENTION THAT THERE WAS NO DIRECT THREAT
       OF LITIGATION HAS NO MERIT ...............................................................3

     A.     Dish's Proposed Rule Is Untenable ............................................................3

     B.     Dish's Admissions Prevent It From Claiming There Was No
              Direct Threat ...............................................................................................5

III.   DISH'S ADMITTEDLY ANTICIPATORY LAWSUIT SERVES NO
       USEFUL PURPOSE...................................................................................8

     A.     The Parties' Rights Can Be Resolved In The Actions Pending In
              California ....................................................................................................8

     B.     Consolidating Cases Is Not A Valid Use Of The Declaratory
              Judgment Act ..............................................................................................8

IV.    FOX WAS NOT "FORUM SHOPPING" ............................................................10

V.     CONCLUSION...............................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*800 Flowers, Inc. v. Intercontinental Florist, Inc*.,
 860 F. Supp. 128 (S.D.N.Y. 1994)......................................................................4, 5

*Chicago Insurance. Co. v. Holzer*,
 No. 00 Civ. 1062, 2000 WL 777907 (S.D.N.Y. June 16, 2000) ........................4, 7

*Children's Network LLC v. Pixfusion LLC*,
 722 F. Supp. 2d 404 (S.D.N.Y. 2010)......................................................................6

*Cooperative Centrale Raiffeisen-Boerenleen Bank B.A. v. Northwestern Nat'l Ins.
 Co. of Milwaukee*, 78 F. Supp. 1274 (S.D.N.Y. 1991) ...........................................7

*Emp'rs Ins. Of Wausau v. Fox Entm't Group, Inc*.,
 522 F.3d 271 (2d Cir., 2008)................................................................................2, 3

*Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc*.,
 806 F.2d 848 (8th Cir. 1987) .................................................................................10

*John Wiley & Sons, Inc. v. Visuals Unlimited, Inc*.,
 No. 11-CV-5453, 2011 WL 5245192 (S.D.N.Y. Nov. 2, 2011)...........................6, 8

*Kulzer v. Pittsburgh-Corning Corp*.,
 942 F.2d 122 (2d Cir. 1991)....................................................................................7

*Lauro Lines s.r.l. v. Chasser*,
 109 S. Ct. 1976 (1989) ...........................................................................................10

*Laxman v. Shapiro*,
 No. 06 Civ. 11408, 2006 WL 3423807 (S.D.N.Y. Nov. 29, 2006) ........................5

*Michael Miller Fabrics LLC v. Studio Imports Ltd., Inc*.,
 No. 12 CV 3858, 2012 WL 2065294 (S.D.N.Y. June 7, 2012) ...........................2, 3

*Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc*.,
 No. 02 Civ. 10338, 2003 WL 21277114 (S.D.N.Y. June 2, 2003) .........................5

*Revise Clothing, Inc. v. Levi Strauss & Co*.,
 No. 10 Civ. 5843, 2010 WL 4964099 (S.D.N.Y. Dec. 6, 2010) .............................6

*Schnabel v. Ramsey Qualitative Sys., Inc*.,
 322 F. Supp. 2d 505 (S.D.N.Y. 2004)....................................................................10

*Snider v. Lone Star Art Trading Co*.,
 672 F. Supp. 977 (E.D. Mich. 1987)......................................................................10

*United Food & Commercial Workers Local Union Nos. 137, et al. v. Food Emp'rs
 Council, Inc.*,
 827 F.2d 519, 524 (9th Cir. 1987) ...........................................................................9

*Utica Mut. Ins. Co. v. Computer Scis. Corp.*,
 No. 5:03-CV-0400, 2004 WL 180252 (N.D.N.Y. Jan. 23, 2004) ...........................8

**TREATISES**

17 James Wm. Moore et al., Moore's Federal Practice § 111.13[1][c][i] (3d ed. 2007).....2

2 McCormick on Evidence § 254 (6th ed. 2009) ..............................................................6

## I.  <u>Preliminary Statement</u>

There is no mystery as to why Dish rushed to the courthouse to file its declaratory relief action just 29 minutes before Fox sued Dish in the Central District of California.  And the Court need not refer to demand letters or other circumstantial evidence to draw an inference as to why Dish preemptively sued in this Court.  In the first paragraph of its complaint, Dish judicially admitted:   "DISH brings this Complaint seeking declaratory relief, **because the Major Television Networks have threatened it with litigation**…."  Dish Complaint, Dkt. No. 1 ("Dish Cpl."), ¶ 1 (emphasis added).  Although this admission alone is dispositive, Dish also went on to plead the precise facts that led it to conclude it was under a clear, direct threat of litigation, including that *The Hollywood Reporter* reported:  (i) the networks were planning to sue Dish; (ii) the networks were planning to assert copyright infringement and contract claims; and (iii) according to *The Hollywood Reporter* article*,* "one top [network] exec said a lawsuit should be expected within a month."  *Id.*, ¶ 34.  As if that were not enough, in an interview with Dish's CEO Charlie Ergen which took place while this motion was pending, Dish told *The Wall Street Journal* that this lawsuit was filed as "**a preemptive move**."[1]  Because as a matter of law Dish cannot evade its own judicial admission, Dish simply ignored it in its opposition.  If judicial admissions and the rule against anticipatory lawsuits have any meaning at all, this action must be dismissed.

It is firmly established in the Second Circuit that anticipatory lawsuits – i.e., declaratory relief actions filed in response to threatened litigation – are improper and must be dismissed. This rule is grounded in strong judicial policy that favors permitting the party whose rights have

---

[1]  Shalini Ramachandran, *Dish Chief:  TV Needs to Change* (Wall Street Journal, June 7, 2012), online at http://online.wsj.com/article/SB10001424052702303296604577452332545810776.html.   For  the  Court's convenience, a copy of this article is attached as Exhibit 1 to the Declaration of Michael W. Ross filed concurrently herewith.

been violated to choose the forum in which to seek relief, and which correspondingly seeks to prevent parties who know they are going to be sued from racing into court with a defensive declaratory relief action in order to preempt the natural plaintiff's forum choice. *Emp'rs Ins. Of Wausau v. Fox Entm't Group, Inc*., 522 F.3d 271, 276, n. 4 (2d Cir. 2008) ("a plaintiff should not be permitted to file 'a preemptive action in order to deprive the natural plaintiff of its choice of forum'") (quoting 17 James Wm. Moore et al., Moore's Federal Practice 111.13[1][c][i] (3d ed. 2007)); *Michael Miller Fabrics LLC v. Studio Imports Ltd., Inc*., No. 12 CV 3858, 2012 WL 2065294, *2 (S.D.N.Y. June 7, 2012) ("Because a federal declaratory judgment is not a prize to the winner of a race to the courthouses . . . a plaintiff should not be permitted to file a preemptive action in order to deprive the natural plaintiff of its choice of forum.") (internal citations and quotation marks omitted).

Dish's sole argument is that the anticipatory filing doctrine does not apply here because the threat of litigation that caused it to file a preemptive declaratory relief action was conveyed through the media and not in a cease and desist letter from the networks.  This is not the law, and none of the cases cited by Dish so much as suggests that it is.  Moreover, as the case law makes clear, whether a lawsuit is anticipatory depends on the declaratory relief plaintiff's state of mind. The reason courts analyze notice letters and make findings as to whether the letters count as "direct threats" is because courts will typically not infer that an action was anticipatory where the declaratory relief defendant was vague or equivocal about whether a lawsuit was forthcoming. This case is much stronger than any of the notice letter cases because here Dish has made a binding judicial admission that it filed its lawsuit because the networks threatened litigation, so there is no need for the Court to make any inferences whatsoever about Dish's state of mind.

Dish also insinuates that the Court may exercise its discretion to hear its improper declaratory relief action because it makes sense for all of the networks' claims to be consolidated in New York. However, when the first-filed action is anticipatory, the remedy is <u>dismissal</u> of the anticipatory suit in favor of the coercive action brought by the natural plaintiff, which is Fox's pending action in California.[2]  Moreover, the purpose of the Declaratory Judgment Act is to provide a vehicle for a party to a ripe legal controversy to seek resolution and avoid the accrual of avoidable damages when the opposing party has not exercised its right to sue. Its purpose is <u>not</u> to consolidate multiple pending actions in the defendant's chosen forum without having to move to transfer and/or consolidate in the court where the actions are pending.

## II.  <u>Dish's Contention That There Was No Direct Threat Of Litigation Has No Merit</u>

### A.  Dish's Proposed Rule Is Untenable

Dish contends that its filing could not have been anticipatory because it learned about the threat of litigation from *The Hollywood Reporter* article and not from the networks themselves. According to Dish, the requirement of a "direct threat of litigation" means that the anticipatory filing doctrine only applies in cases where an infringer rushes to court to preempt an imminent lawsuit it learned about from the copyright holder (for example, from a cease and desist letter), but does not apply if the infringer rushes to court to preempt an imminent lawsuit it learned about through other means.

Dish's argument is untenable. The purpose of the anticipatory filing doctrine is to prevent a party from racing into court to preempt a lawsuit it believes is imminent, thereby frustrating the natural plaintiff's forum choice. *Emp'rs Ins. Of Wausau*, 522 F.3d at 276, n. 4;

---

[2] Dish claims that Dish Network Corporation has not been served in the California action. Dish Network LLC – the party who filed this declaratory relief action  – was served by Fox on May 24, 2011, the same day the California lawsuit was filed.  Dish  is currently refusing to accept service for Dish Network Corporation on the ground that the California action is enjoined.

*Michael Miller Fabrics*, 2012 WL 2065294 at \*2.  This rationale applies regardless of how the party learns it is about to be sued.  Under Dish's proposed rule, a party who races into court with a preemptive declaratory judgment action after discovering through subterfuge or an unauthorized leak that it is about to be sued would be <u>rewarded</u> with its choice of forum and an injunction barring the true plaintiff from prosecuting its case.  Dish, not surprisingly, can offer no logical justification for such an absurd outcome.

Neither of the cases cited by Dish support its proposed rule.  Dish relies on *Chicago Insurance Co. v. Holzer*, No. 00 Civ. 1062, 2000 WL 777907 (S.D.N.Y. June 16, 2000) (Scheindlin, J.), for the proposition that a filing can only be anticipatory if it follows a notice letter that "informs a defendant of [i] the intention to file suit, [ii] a filing date, and/or [iii] a specific forum for the filing of the suit[.]"  Dish Opp. at 13.  But Dish has misread *Chicago Insurance* – these factors do <u>not</u> determine whether a lawsuit is anticipatory, they determine whether a <u>notice letter</u> is sufficient to support an <u>inference</u> of anticipatory conduct.  *Id.* at \*2.  After discussing notice letters, Judge Scheindlin went on to explain that **"[C]ourts have also found anticipatory conduct where the party bringing the declaratory judgment action knew with near certainty that a suit would be brought against it."**  *Id*. at \*3 (emphasis added).  This language confirms that a lawsuit can be anticipatory even if it is not filed in response to a notice letter – especially where, as here, the plaintiff was so certain a suit would be brought that it filed a preemptive lawsuit the next day and pled that litigation was threatened.

Dish has also misread *800 Flowers, Inc. v. Intercontinental Florist, Inc*., 860 F. Supp. 128 (S.D.N.Y. 1994), which it cites for the proposition that a lawsuit cannot be anticipatory unless it was filed after a direct communication from the natural plaintiff to the defendant threatening litigation.  In *800 Flowers*, the only evidence supporting the plaintiff's argument that

4

the earlier-filed action was anticipatory was that the plaintiff had told the defendant's customers that the defendant's employees were "thieves and crooks" and had falsely told them that the parties were in litigation.  *Id*. at 131, 132.  The reason the court in *800 Flowers* found no "direct threat" of litigation was <u>not</u> that the statements were made to third party customers; it was that the statements were not threats of litigation at all; just "disparaging remarks to potential customers, presumably in order to divert competition away from [plaintiff]."  *Id*. at 133.

### B.     Dish's Admissions Prevent It From Claiming There Was No Direct Threat

By focusing on the means by which it learned of the networks' threatened litigation, Dish is plainly hoping to distract the Court from the relevant and undisputed facts here, which are that regardless of what form the threat took, Dish <u>conceded</u> that there was a threat and <u>conceded</u> that its lawsuit was filed in direct response to that threat.  *See* Dish Cpl., ¶¶ 1, 34-36.  These admissions conclusively establish that Dish's lawsuit was filed in response to a direct threat of litigation and was therefore an improper anticipatory action.[3]  Whether a lawsuit is anticipatory depends on whether the plaintiff's <u>motive</u> for filing was to preempt a coercive action that it knew was imminent.  *See, e.g*., *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Int'l Wire Group, Inc*., No. 02 Civ. 10338, 2003 WL 21277114 (S.D.N.Y. June 2, 2003) ("When National Union brought this action in New York, it **believed** IWG was about to file in Texas.  Thus, the instant action was **intended** to short-circuit the suit eventually brought in Texas.  The mere fact that IWG ultimately delayed in filing does not alter National Union's **intention**.") (emphasis added); *Laxman v. Shapiro*, No. 06 Civ. 11408, 2006 WL 3423807, at *2 (S.D.N.Y. Nov. 29, 2006) (holding complaint was anticipatory where there was "overwhelming evidence that plaintiffs

---

[3] Contrary Dish's to assertion, Fox is obviously not arguing that "any declaratory judgment action is improperly anticipatory by nature."  Dish Opp., p. 12.  Fox's position is that where, as here, <u>a declaratory relief plaintiff judicially admits that it filed suit in response to threatened litigation</u>, the action is improperly anticipatory.  As explained in Fox's briefing, Dish's complaint went far beyond what is required to plead a live case or controversy under the Declaratory Judgment Act.  *See* Fox's Opposition to Dish's Motion for an Anti-Suit Injunction, pp. 16-17.  Dish's brief completely ignores this point and the cases cited by Fox.

were **motivated** to file their complaint solely by their **desire** to preempt the [coercive] E.D.N.Y. action") (emphasis added).

Because it is the declaratory relief plaintiff's state of mind that determines whether an action is improperly anticipatory, courts only analyze whether the threat of litigation was sufficiently "direct" when there is a genuine dispute about the plaintiff's motive.   In the absence of an admission or other direct evidence of the party's motive, courts turn to circumstantial evidence such as pre-lawsuit communications to see if it supports the inference that the declaratory relief action was motivated by the threat of litigation.  Vague or equivocal statements that cannot reasonably be viewed as threatening litigation will not support such an inference. *See, e.g., Children's Network LLC v. Pixfusion LLC*, 722 F. Supp. 2d 404, 412-13 (S.D.N.Y. 2010) (analyzing letter that the defendant relied upon to show the plaintiff had an improper motive for filing declaratory relief action, and finding that the references to potential litigation were "equivocal" and "fairly viewed as an attempt . . . to gain leverage" and therefore not a direct threat that would have motivated an anticipatory suit).

By contrast, where – as here – the declaratory relief plaintiff <u>admits in a pleading</u> that it understood it was under a threat of litigation and filed suit for that reason, there is no need to rely on circumstantial evidence and courts invariably reject any post-hoc attempts to claim that there was no direct threat.  *See, e.g*., *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc*., No. 11-CV-5453, 2011 WL 5245192, at *8 (S.D.N.Y. Nov. 2, 2011) (rejecting argument that threat was insufficient where the plaintiff pled in its complaint that defendant "retained litigation counsel who is threatening to file claims against [plaintiff] for copyright infringement and fraud"); *Revise Clothing, Inc. v. Levi Strauss & Co*., No. 10 Civ. 5843, 2010 WL 4964099 (S.D.N.Y. Dec. 6, 2010) (rejecting argument that threat was insufficient where admissions in complaint showed

that plaintiff believed it was under a direct threat of litigation).  This makes sense, since judicial admissions are conclusive as a matter of law.  2 McCormick on Evidence §254 (6th ed. 2009) ("Judicial admissions are not evidence at all.  Rather, they are formal concessions in the pleadings in the case . . . that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.").

Likewise, when a plaintiff races to court to file a declaratory relief action shortly after learning of imminent litigation – which Dish did here – courts typically find that the plaintiff's conduct demonstrates that it understood there was a threat of litigation, which defeats any claim that there was no direct threat.  *See, e.g., Chicago Ins.*, 2000 WL 777907 at *3 (rejecting argument that notice letter was insufficient to trigger anticipatory filing rule where the plaintiff "reacted by filing the declaratory judgment action within twenty-four hours of receiving the notice letter, demonstrating that it interpreted [defendant's] threat of legal action as a firm intention"); *Cooperative Centrale Raiffeisen-Boerenleen Bank B.A. v. Northwestern Nat'l Ins. Co. of Milwaukee,* 778 F. Supp. 1274, 1278-79 (S.D.N.Y. 1991) (where surety company sued bank the day after receiving notice of default, complaint was anticipatory because the timing "support[ed] the inference that [the bank] filed its declaratory judgment action knowing it did not intend to pay . . . and anticipating that [the surety] would sue to collect.").

Although Dish now tries to characterize *The Hollywood Reporter* article that prompted its suit as containing only "vague and indirect threats," (Dish Opp., p. 1), this attempt is defeated by Dish's clear and unequivocal judicial admission that it was threatened with litigation.[4]  Dish pled, in a federal complaint governed by Rule 11, that it filed this lawsuit "<u>because **the Major Television Networks have threatened it with litigation**</u>."  Dish Cplt., ¶ 1 (emphasis added).  It

_____

[4] Notably, Dish's belief that it was threatened with litigation was obviously accurate, as Dish beat Fox's complaint to the filing window by only 29 minutes.

must be held to those admissions.  *See Kulzer v. Pittsburgh-Corning Corp.*, 942 F.2d 122, 127-28 (2d Cir. 1991) ("It is difficult to see why plaintiff should not be bound by her judicial admissions . . . . [T]he complaint, like any other pleading, subjects both client and attorney to the truth-inducing sanctions of Rule 11").

**III.    Dish's Admittedly Anticipatory Lawsuit Serves No Useful Purpose**

**A.    The Parties' Rights Can Be Resolved In The Actions Pending In California**

Dish asserts that its declaratory judgment action is proper because it will serve a useful purpose in clarifying whether Dish has the right to offer its infringing PrimeTime Anytime and Auto Hop services irrespective of copyright law and Fox's contract rights.  Dish Opp. at 1, 11.  As a preliminary matter, Dish's complaint does not seek a judgment as to PrimeTime Anytime; Dish has asked this Court for an adjudication as to Auto Hop <u>only</u>.  Dish Cpl., ¶¶ 38, 42.  More importantly, in its motion to dismiss, Fox cited four Southern District of New York cases squarely holding that a declaratory judgment action filed shortly before the coercive action does <u>not</u> serve a useful purpose, since the parties' rights will be clarified in the coercive action.  Memo re: Motion to Dismiss, pp. 16-17.  Dish ignored these cases in its response, confirming by its silence that its declaratory judgment action serves no useful purpose and must be dismissed.

**B.    Consolidating Cases Is Not A Valid Use Of The Declaratory Judgment Act**

Dish's argument that its declaratory relief action should be allowed to proceed because New York is the only forum where all of the networks' claims can be litigated in a single action is flawed on multiple levels and must be rejected.  First, when a plaintiff files an anticipatory declaratory relief action – as Dish admittedly did here – the remedy is to dismiss the case.  *Utica Mut. Ins. Co. v. Computer Scis. Corp.*, No. 5:03-CV-0400, 2004 WL 180252, at *5 (N.D.N.Y. Jan. 23, 2004) ("The proper remedy in a case of an improper anticipatory filing is either a stay of the one action pending the outcome of the similar action brought in another forum, or a dismissal

of the first-filed action altogether in favor of the second-filed action.") (citations omitted).  The anticipatory filer cannot avoid dismissal by arguing that its chosen forum is preferable to the one chosen by the natural plaintiff.  *John Wiley*, 2011 WL 5245192 at *8 ("The question is not which party has chosen the better forum, but whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first") (internal citations omitted).

Second, contrary to Dish's insinuation, the desire to consolidate related cases in a single forum is not a valid reason for a court to exercise jurisdiction over a declaratory relief action that, like this one, is not otherwise necessary to clarify and settle the parties' legal relations or afford relief from uncertainty.  While the Declaratory Judgment Act does serve, in part, the purpose of avoiding "a multiplicity of actions" (*United Food & Commercial Workers Local Union Nos. 137, et al. v. Food Emp'rs Council, Inc.*, 827 F.2d 519, 524 (9th Cir. 1987)), that purpose refers to "permit[ing] actual controversies to be settled **before** they ripen into violations of law or a breach of contractual duty and help[ing] avoid multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants."  *Id.* at 524 (internal citations omitted; emphasis added).  In other words, a declaratory relief action can avoid the need for multiple actions by adjudicating facts in a single action that will underlie future violations of law or contractual violations, thereby determining the rights of all future parties.  *See id.*  This justification for a declaratory relief action is not applicable here, where there are already ripe lawsuits against Dish pending in California.  A declaratory judgment action is simply not an alternative to bringing a motion to consolidate.

Third, it is not the case that because contract claims between Dish and ABC must be litigated in New York pursuant to a forum selection clause, all of the other networks' claims must be litigated in New York to avoid piecemeal litigation.  ABC has stipulated that it does not

object to litigating its claims in California where all of the other networks' actions are pending. *See* ABC's Response to Motion to Dismiss, Dkt. No. 64.  Moreover, when only certain parties or claims in an action are subject to a forum selection clause, the forum selection clause does not control the forum of the action.  *Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc*., 806 F.2d 848, 851-52 (8th Cir. 1987), *abrog'd on other grounds by Lauro Lines s.r.l. v. Chasser*, 109 S. Ct. 1976 (1989); *Snider v. Lone Star Art Trading Co*., 672 F. Supp. 977, 979 (E.D. Mich. 1987).  Dish cites no cases from New York or anywhere else holding that when a forum selection clause governs only a <u>few</u> claims of a <u>few</u> parties in one of several lawsuits in different forums, the cases can <u>only</u> be consolidated in the forum designed by the clause.

## IV.   **Fox Was Not "Forum Shopping"**

Dish's argument that Fox was improperly "forum shopping" and "racing to the courthouse" when it sued Dish in the Central District of California is nonsense.  Fox is the copyright holder whose rights are being violated and who is suffering irreparable injury each day Dish continues to operate PrimeTime Anytime.  As the victim of Dish's ongoing infringement and the natural plaintiff in this copyright infringement action, Fox was <u>entitled</u> to "race" to the courthouse to protect its rights, and was entitled to sue in the district where it is located.[5]  Nor can Fox seriously be blamed for the fact that the California cases have not yet been consolidated. If Fox were to take any such action, it would violate this Court's TRO.

## V.   **Conclusion**

Fox respectfully requests that the Court dismiss Dish's complaint.

DATED:  June 21, 2012                            /s/ Susan J. Kohlman

---

[5]  Even the cases cited by Dish confirm that suing for copyright infringement in one's home district is not "forum shopping."  *See Schnabel v. Ramsey Qualitative Sys., Inc*., 322 F. Supp. 2d 505, 513-14 (S.D.N.Y. 2004) (filing a ripe lawsuit in the most convenient forum is not forum shopping).

Susan J. Kohlman
Michael W. Ross
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, NY  10022
Telephone: (212) 891-1690
Facsimile:  (212) 909-0821

Richard L. Stone (*pro hac vice*)
Andrew J. Thomas (*pro hac vice*)
David R. Singer (*pro hac vice*)
Amy M. Gallegos (*pro hac vice*)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:  (213) 239-5100
Facsimile:  (212) 239-5199

*Counsel for Defendants Fox Entertainment Group, Inc., Fox Television Holdings, Inc., and Fox Cable Network Services, L.L.C.*