UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN BROADCASTING COMPANIES, INC., CBS CORPORATION, the FOX ENTERTAINMENT GROUP, INC., FOX TELEVISION HOLDINGS, INC., FOX CABLE NETWORK SERVICES, L.L.C., and NBCUNIVERSAL MEDIA, L.L.C.,<br><br>    Defendants. | 12. Civ. 4155 (LTS) (KNF)<br><br>**DISH'S ANSWER TO COUNTERCLAIMS**<br><br>**WITH JURY TRIAL DEMAND** |
| ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., and DISNEY ENTERPRISES, INC.,<br><br>    Counterclaimants,<br><br>    v.<br><br>DISH NETWORK CORPORATION, and DISH NETWORK, L.L.C.,<br><br>    Counterclaim Defendants. | |

Counterclaim Defendants DISH Network Corporation and DISH Network, L.L.C. (together, "DISH"), by and through their attorneys, Orrick, Herrington & Sutcliffe LLP, hereby answer the counterclaims (the "Counterclaims") of ABC, Inc., American Broadcasting Companies, Inc., and Disney Enterprises, Inc. (together, "ABC") as follows upon information and belief:

**"INTRODUCTION"**

1.   With respect to Paragraph 1 of the Counterclaims, DISH admits that DISH Network, L.L.C. and ABC, Inc. are parties to a 2005 Digital Retransmission Consent Agreement,

as amended (the "2005 Agreement") and respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in the first, third and fourth sentences.  DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence.

2. With respect to Paragraph 2 of the Counterclaims, DISH denies the allegations.

3. With respect to Paragraph 3 of the Counterclaims, DISH denies the allegations.

4. With respect to Paragraph 4 of the Counterclaims, DISH admits that the second sentence describes content on its website at an unspecified time and respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in that sentence.  DISH admits that the AutoHop feature only works on programming recorded using the PrimeTime Anytime feature on the Hopper Whole Home DVR, and otherwise denies the remaining allegations set forth in Paragraph 4 of the Counterclaims.

5. With respect to Paragraph 5 of the Counterclaims, DISH denies the allegations.

6. With respect to Paragraph 6 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences.  To the extent that the third sentence of Paragraph 6 contains legal conclusions, no response is required, and DISH otherwise denies the allegations set forth in that sentence.  DISH denies the remaining allegations set forth in Paragraph 6 of the Counterclaims.

7. With respect to Paragraph 7 of the Counterclaims, DISH denies the allegations.

### "THE PARTIES"

8. With respect to Paragraph 8 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the

first sentence.  In response to the second sentence of Paragraph 8, DISH admits that ABC, Inc. is a party to the 2005 Agreement.

9. With respect to Paragraph 9 of the Counterclaims, DISH admits the allegations set forth in the first sentence, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of that Paragraph.

10. With respect to Paragraph 10 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

11. With respect to Paragraph 11 of the Counterclaims, DISH admits the allegations.

12. With respect to Paragraph 12 of the Counterclaims, DISH admits the allegations set forth in the first sentence and that DISH Network L.L.C. is an indirect, wholly-owned subsidiary of DISH Network Corporation, and otherwise denies the remaining allegations set forth in that Paragraph.

## "JURISDICTION"

13. With respect to Paragraph 13 of the Counterclaims, to the extent that it contains legal conclusions, no response is required.  To the extent that a response might be required, DISH admits that Counterclaimants seek damages and injunctive relief based on certain legal theories, but denies that they are entitled to any such relief and otherwise denies the allegations set forth in that Paragraph.

14. With respect to Paragraph 14 of the Counterclaims, to the extent that it contains legal conclusions, no response is required, and DISH otherwise admits that this Court has diversity jurisdiction over the contract claims.

15. With respect to Paragraph 15 of the Counterclaims, to the extent that it contains legal conclusions, no response is required, and DISH otherwise admits this Court has federal

question jurisdiction over the copyright claims and that there is supplemental jurisdiction over the contract claims.

16. With respect to Paragraph 16 of the Counterclaims, DISH admits the allegations.

## "GENERAL ALLEGATIONS"

17. With respect to Paragraph 17 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

18. With respect to Paragraph 18 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

19. With respect to Paragraph 19 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

20. With respect to Paragraph 20 of the Counterclaims, to the extent it contains legal conclusions, no response is required, and DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

21. With respect to Paragraph 21 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

22. With respect to Paragraph 22 of the Counterclaims, to the extent it contains legal conclusions, no response is required, and DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

23. With respect to Paragraph 23 of the Counterclaims, to the extent it contains legal conclusions, no response is required, and DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

> "A.     The ABC Parties' Ability To Produce And Distribute The ABC Programming Depends On Their Receipt of Commercial Advertising Revenues."

24.     With respect to Paragraph 24 of the Counterclaims, DISH denies that "free 'over-the-air' network television" is at issue here, when DISH provides a pay television service and pays re-transmission fees to ABC, Inc., and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence. DISH denies the allegations set forth in the second sentence of that Paragraph.

25.     With respect to Paragraph 25 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first, second, fourth and fifth sentences. DISH denies that the third sentence of Paragraph 25 accurately states DISH's awareness and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that sentence. DISH denies the allegations set forth in the sixth sentence of that Paragraph.

26.     With respect to Paragraph 26 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence and denies the allegations set forth in the second sentence of that Paragraph.

27.     With respect to Paragraph 27 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

28.     With respect to Paragraph 28 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

29. With respect to Paragraph 29 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

30. With respect to Paragraph 30 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence.  DISH denies the allegations set forth in the second sentence of that Paragraph.

**"B.    The 2005 Agreement Grants DISH Limited Rights To Deliver The ABC Programming."**

31. With respect to Paragraph 31 of the Counterclaims, DISH admits that in 2005, DISH Network, L.L.C.'s predecessor, EchoStar Satellite L.L.C. negotiated and entered into the 2005 Agreement with ABC, Inc., but otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in the first sentence. DISH admits the allegations set forth in the second sentence of that Paragraph.  With respect to the third sentence of Paragraph 31, DISH admits that the 2005 Agreement authorizes it to retransmit a digital signal to its subscribers and respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegation set forth in that sentence.

32. With respect to Paragraph 32 of the Counterclaims, DISH respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

33. With respect to Paragraph 33 of the Counterclaims, DISH admits that the first sentence quotes from the 2005 Agreement and respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

34. With respect to Paragraph 34 of the Counterclaims, DISH admits that the first sentence quotes from the 2005 Agreement and respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that paragraph.

35. With respect to Paragraph 35 of the Counterclaims, DISH denies the allegations.

"**C.    DISH Has Used The Copyrighted ABC Programming To Create An Unauthorized, Commercial-Free, On-Demand Service.**"

36. With respect to Paragraph 36 of the Counterclaims, DISH admits that it began offering the Hopper Whole-Home HD DVR System to subscribers in mid-March, 2012, that the Hopper is a set-top box leased to subscribers who purchase certain packages of services from DISH and meet certain other criteria and avers that it is also made available on certain other terms, and otherwise denies the allegations set forth in that Paragraph.

37. With respect to Paragraph 37 of the Counterclaims, DISH denies the allegations.

38. With respect to Paragraph 38 of the Counterclaims, DISH denies the allegations.

39. With respect to Paragraph 39 of the Counterclaims, DISH admits that the Hopper is a set-top box leased to subscribers who purchase certain packages of services from DISH and meet certain other criteria and avers that it is also made available on certain other terms, and otherwise admits the allegations set forth in the first sentence of that Paragraph.  DISH denies the allegations set forth in the second, third, and fourth sentences of Paragraph 39.  DISH admits that the last sentence of Paragraph 39 purports to describe content on its website and respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in that sentence.

40. With respect to Paragraph 40 of the Counterclaims, DISH denies the allegations.

41. With respect to Paragraph 41 of the Counterclaims, DISH denies the allegations.

42. With respect to Paragraph 42 of the Counterclaims, DISH denies the allegations.

43. With respect to Paragraph 43 of the Counterclaims, DISH admits that it purports to quote from DISH's "Auto Hop Quick Start Guide" but denies that the quote is accurate, respectfully refers the Court to that document for a complete and accurate statement of its terms, and otherwise denies the remaining allegations set forth in that Paragraph.

44. With respect to Paragraph 44 of the Counterclaims, DISH denies the allegations.

45. With respect to Paragraph 45 of the Counterclaims, DISH admits that it quotes from DISH's "Auto Hop Quick Start Guide," respectfully refers the Court to that document for a complete and accurate statement of its terms, and otherwise denies the remaining allegations set forth in that Paragraph.

**"D.   The ABC Parties Will Suffer Irreparable Harm Unless DISH Is Enjoined From Continuing Its Unlawful Conduct."**

46. With respect to Paragraph 46 of the Counterclaims, DISH denies the allegations.

47. With respect to Paragraph 47 of the Counterclaims, DISH denies the allegations.

**"COUNT I"**

**"(Breach of Contract – Section 12 of the 2005 Agreement)"**

48. DISH incorporates by reference its answers to Paragraphs 1-47 of the Counterclaims as if fully set forth herein.

49. With respect to Paragraph 49 of the Counterclaims, DISH admits the allegations.

50. With respect to Paragraph 50 of the Counterclaims, DISH denies the allegations.

51. With respect to Paragraph 51 of the Counterclaims, DISH denies the allegations.

52. With respect to Paragraph 52 of the Counterclaims, DISH denies the allegations.

53. With respect to Paragraph 53 of the Counterclaims, DISH denies the allegations.

**"COUNT II"**

**"(Breach of Contract – Implied Covenant of Good Faith and Fair Dealing)"**

54. DISH incorporates by reference its answers to Paragraphs 1-47 of the Counterclaims as if fully set forth herein.

55. With respect to Paragraph 55 of the Counterclaims, DISH denies the allegations.

56. With respect to Paragraph 56 of the Counterclaims, DISH denies the allegations.

57. With respect to Paragraph 57 of the Counterclaims, DISH denies the allegations.

### "COUNT III"

**"(Direct Copyright Infringement)"**

58. DISH incorporates by reference its answers to Paragraphs 1-47 of the Counterclaims as if fully set forth herein.

59. With respect to Paragraph 59 of the Counterclaims, DISH denies the allegations.

60. With respect to Paragraph 60 of the Counterclaims, DISH denies the allegations.

61. With respect to Paragraph 61 of the Counterclaims, DISH denies the allegations.

62. With respect to Paragraph 62 of the Counterclaims, DISH denies the allegations.

63. With respect to Paragraph 63 of the Counterclaims, DISH denies the allegations.

64. With respect to Paragraph 64 of the Counterclaims, DISH denies the allegations.

### "COUNT IV"

**"(Inducement of Copyright Infringement)"**

65. DISH incorporates by reference its answers to Paragraphs 1-47 of the Counterclaims as if fully set forth herein.

66. With respect to Paragraph 66 of the Counterclaims, DISH denies the allegations.

67. With respect to Paragraph 67 of the Counterclaims, DISH denies the allegations.

68. With respect to Paragraph 68 of the Counterclaims, DISH denies the allegations.

69. With respect to Paragraph 69 of the Counterclaims, DISH denies the allegations.

70. With respect to Paragraph 70 of the Counterclaims, DISH denies the allegations, including all subparts.

71. With respect to Paragraph 71 of the Counterclaims, DISH denies the allegations.

72. With respect to Paragraph 72 of the Counterclaims, DISH denies the allegations.

## "COUNT V"

### "(Vicarious Copyright Infringement)"

73. DISH incorporates by reference its answers to Paragraphs 1-47 of the Counterclaims as if fully set forth herein.

74. With respect to Paragraph 74 of the Counterclaims, DISH denies the allegations.

75. With respect to Paragraph 75 of the Counterclaims, DISH denies the allegations.

76. With respect to Paragraph 76 of the Counterclaims, DISH denies the allegations.

77. With respect to Paragraph 77 of the Counterclaims, DISH denies the allegations.

78. With respect to Paragraph 78 of the Counterclaims, DISH denies the allegations.

79. With respect to Paragraph 79 of the Counterclaims, DISH denies the allegations.

80. With respect to Paragraph 80 of the Counterclaims, DISH denies the allegations.

81. With respect to Paragraph 81 of the Counterclaims, DISH denies the allegations.

82. With respect to Paragraph 82 of the Counterclaims, DISH denies the allegations.

83. With respect to Paragraph 83 of the Counterclaims, DISH denies the allegations.

## "COUNT VI"

### "(Contributory Copyright Infringement)"

84. DISH incorporates by reference its answers to Paragraphs 1-47 of the Counterclaims as if fully set forth herein.

85. With respect to Paragraph 85 of the Counterclaims, DISH denies the allegations.

86. With respect to Paragraph 86 of the Counterclaims, DISH denies the allegations.

87. With respect to Paragraph 87 of the Counterclaims, DISH denies the allegations.

88. With respect to Paragraph 88 of the Counterclaims, DISH denies the allegations.

89. With respect to Paragraph 89 of the Counterclaims, DISH denies the allegations.

90. With respect to Paragraph 90 of the Counterclaims, DISH denies the allegations.

91. With respect to Paragraph 91 of the Counterclaims, DISH denies the allegations.

92. With respect to Paragraph 92 of the Counterclaims, DISH denies the allegations.

93. With respect to Paragraph 93 of the Counterclaims, DISH denies the allegations.

## "PRAYER FOR RELIEF"

With respect to ABC's "Prayer for Relief," including each subpart thereto, DISH denies that ABC is entitled to any relief, and avers that judgment should be entered in DISH's favor.

## FIRST DEFENSE

94. The Counterclaims fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

95. The Counterclaims are barred in whole or in part by the doctrines of laches, waiver, estoppel and acquiescence.

## THIRD DEFENSE

96. The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH DEFENSE

97. DISH and its subscribers were authorized and/or licensed by the Counterclaimants to engage in the allegedly infringing conduct.

### FIFTH DEFENSE

98. The conduct of DISH and its subscribers is authorized and licensed by 17 U.S.C. §§ 119 and 122.

### SIXTH DEFENSE

99. The conduct of DISH and its subscribers constitutes fair use pursuant to 17 U.S.C. § 107.

### SEVENTH DEFENSE

100. Enforcement of plaintiffs' copyrights is precluded by 17 U.S.C. § 110(11).

### EIGHTH DEFENSE

101. Enforcement of plaintiffs' copyrights is precluded by the doctrine of copyright misuse.

### NINTH DEFENSE

102. The Counterclaimants' copyright infringement claims fail to the extent that the Counterclaimants do not own the alleged copyrights asserted in their claims and/or copyright registrations in the claimed works.

### DEMAND FOR JURY TRIAL

103. DISH hereby demands a trial by jury on the Counterclaims.

Dated: New York, New York
July 16, 2012

                                                               Respectfully submitted,

                                                               ORRICK HERRINGTON & SUTCLIFFE LLP

                                                               _____s/Peter A. Bicks_____
                                                                Peter A. Bicks
                                                                pbicks@orrick.com

E. Joshua Rosenkranz
jrosenkranz@orrick.com
Elyse D. Echtman
eechtman@orrick.com
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

Annette L. Hurst
ahurst@orrick.com
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
(415) 773-5700

Of Counsel:

Mark A. Lemley
mlemley@durietangri
Michael Page
MPage@durietangri
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, California  94111
(415) 362-6666

*Attorneys for DISH Network L.L.C.*

(13)