UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>　　　　Plaintiff,<br>　v.<br><br>ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS CORPORATION, and NBCUNIVERSAL MEDIA, L.L.C.,<br><br>　　　　Defendants.<br><hr>ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., and DISNEY ENTERPRISES, INC.,<br><br>　　　　Counterclaimants,<br>　v.<br><br>DISH NETWORK CORPORATION, and DISH NETWORK, L.L.C.,<br><br>　　　　Counterclaim Defendants. | Case No. 12 CIV. 4155 (LTS) (KNF)<br><br>**ANSWER, DEFENSES AND COUNTERCLAIMS OF DEFENDANT <u>NBCUNIVERSAL MEDIA, L.L.C.</u>** |

　　　　Defendant NBCUniversal Media, L.L.C. ("NBCU"), through its undersigned counsel, answers the First Amended Declaratory Judgment Complaint of Plaintiff DISH Network, L.L.C. ("DISH"), as follows:

　　　　1.　　NBCU denies the allegations in Paragraph 1, except to admit that Plaintiff purports to seek declaratory relief as against it and to aver that NBCU has filed affirmative claims against DISH in the Central District of California and is filing Counterclaims together with this Answer.

1

2. NBCU either denies the allegations in Paragraph 2, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them, except admits that Plaintiff is a pay-television provider and delivers satellite television services to its subscribers.

3. NBCU denies the allegations in Paragraph 3 that are directed to it, except admits that NBCU and DISH are the successors in interest to a contract dated June 28, 2000, as amended from time to time and most recently as of April 18, 2008, pursuant to which NBCU has granted DISH specific and limited rights to retransmit to DISH's subscribers the broadcast signals of NBCU owned-and-operated television stations ("Retransmission Agreement"), and respectfully refers the Court to the Retransmission Agreement itself for the true and complete terms, meaning and import thereof. With regard to the allegations that are directed to other defendants, NBCU is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

4. NBCU either denies the allegations in Paragraph 4, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them, except admits on information and belief that DISH offers a product known as the Hopper, that the Hopper contains a two-terabyte hard drive and can record and store up to 2,000 hours, and that Plaintiff offers a service called "PrimeTime Anytime" ("PTAT") associated with the Hopper which records in HD all of the HD primetime TV programming on NBC, CBS, FOX, and ABC, and stores these shows for eight days after they have aired, storing approximately 100 hours of primetime TV shows on the DISH-controlled portion of each Hopper device. NBCU further avers on information and belief that after litigation was filed by the major television

networks against DISH, DISH altered some of the functionality of PTAT to allow users to limit which networks are recorded by PTAT, which days of the week PTAT will record primetime programming, and the length of time (two to eight days) PTAT will automatically store recorded programs.

5.      NBCU either denies the allegations in Paragraph 5, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them, except to admit that, on or about May 10, 2012, DISH began offering a service called "Auto Hop," that "Auto Hop" currently appears to operate only in connection with television programs recorded through PTAT, and eliminates commercials completely.

6.      The allegations in Paragraph 6 about the history of the use of VCRs and DVRs are too broad and general to be susceptible of a response. To the extent a response is required, NBCU either denies the allegations in Paragraph 6, or is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them, except to admit that the VCR was introduced before the DVR. Moreover, NBCU specifically denies that Paragraph 6 accurately reflects features common to all VCRs and DVRs, or how Auto Hop works.

7.      NBCU denies the allegations in Paragraph 7 that are directed to it, denies that Auto Hop is a legitimate, legal DVR feature and that DISH is in full compliance with copyright law, and avers that NBCU has filed claims against DISH in the Central District of California for copyright infringement, breach of the Retransmission Agreement, and breach of the implied covenant of fair dealing and that it is filing Counterclaims together with this Answer. With regard to the allegations that are directed to other defendants, NBCU is without knowledge or

information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies them, except to admit that certain other parties have commenced litigation against DISH in the Central District of California or have asserted claims in this action.

8. NBCU denies the allegations in Paragraph 8, except to admit that Plaintiff filed its original complaint in this action on May 24, 2012, that NBCU and other parties brought actions against Dish on that same day in the Central District of California, and that ABC has answered DISH's original complaint in this action and asserted counterclaims. NBCU respectfully refers the Court to the various pleadings themselves for the allegations and claims made therein.

9. NBCU admits the allegations of Paragraph 9, except states that the last sentence of Paragraph 9 calls for a legal conclusion as to which no response is required. NBCU respectfully refers the Court to the July 9 Memorandum Opinion and Order for the substance thereof.

10. NBCU denies the allegations in Paragraph 10, except admits that DISH purports to seek a declaratory judgment.

11. Upon information and belief, NBCU admits the allegations of Paragraph 11.

12. Upon information and belief, NBCU admits the allegations of Paragraph 12.

13. Upon information and belief, NBCU admits the allegations of Paragraph 13.

14. Upon information and belief, NBCU admits the allegations of Paragraph 14.

15. Upon information and belief, NBCU admits the allegations of Paragraph 15.

16. NBCU admits the allegations of the first, second, fourth and fifth sentences of Paragraph 16, and denies the allegations of the third sentence, except NBCU admits that

Comcast is a leading provider of cable, entertainment, and communications products and services.

17. NBCU denies the allegations of Paragraph 17, except admits that DISH purports to seek a declaratory judgment.

18. The allegations of Paragraph 18 are not directed to NBCU since no copyright claims are asserted against NBCU in this action. Accordingly, no response is required to such allegations, except that NBCU denies that the Court has federal question jurisdiction over the claims asserted against it.

19. NBCU either denies the allegations in Paragraph 19, is without information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them, or states that the allegations of this paragraph are not directed to NBCU and, as such, no response is required thereto, except admits that there is complete diversity between DISH and NBCU and that the amount in controversy exceeds the jurisdictional limit for a diversity action.

20. NBCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies them, except admits that venue is proper in this district as to it, and avers that the Central District of California is a more appropriate forum to determine the dispute between DISH and NBCU relating to the Retransmission Agreement.

21. NBCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies them, except admits that a DVR is, among other things, an electronics device that records video in digital format and that set-top

boxes can contain built-in DVRs, and respectfully refers the Court to the Nielson data referenced in this paragraph for the true and complete meaning, terms and import thereof.

22.   NBCU denies the allegations in Paragraph 22 that are directed to it, except admits that NBCU and DISH are parties to the Retransmission Agreement, as defined herein, and respectfully refers the Court to the Retransmission Agreement itself for the true and complete meaning, terms and import thereof, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies them.

23.   NBCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies them.

24.   NBCU is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and, on that basis, denies them.

25.   NBCU denies the allegations in Paragraph 25, except admits that NBCU and DISH are parties to the Retransmission Agreement, as defined herein, and respectfully refers the Court to the Retransmission Agreement itself and the documents referenced in this paragraph for the true and complete meaning, terms and import thereof.

26.   The allegations in Paragraph 26 are not directed to NBCU and no response is required thereto. To the extent a response is required, NBCU either denies the allegations in Paragraph 26, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

27.   NBCU denies the allegations in Paragraph 27, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

4809391.1

denies them, except admits that DISH made the Hopper available to its customers on or about March 15, 2012.

28. NBCU is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, on that basis, denies them.

29. NBCU denies the allegations in Paragraph 29, except admits that the "PrimeTime Anytime" service is capable of recording in HD all of the primetime HD TV programming on NBC, CBS, FOX and ABC, recording at least three hours of primetime programing from each of NBC, CBS, FOX and ABC every night, and making all of that primetime programming available for up to eight days.

30. NBCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them, and respectfully refers the Court to the ENGADGET statement referred to therein for its true and complete meaning, terms and import.

31. NBCU either denies the allegations in Paragraph 31 or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them, except admits, on information and belief, that DISH introduced Auto Hop on or about May 10, 2012, and that the Auto Hop service eliminates commercials during playback.

32. The allegations in Paragraph 32 are too broad and general to be susceptible of a response. To the extent a response is required, NBCU either denies such allegations, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

33. The allegations in Paragraph 33 about viewer behavior over the course of decades are too broad and general to be susceptible of a response. To the extent a response is required, NBCU either denies such allegations, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

34. The allegations in Paragraph 34 are too broad and general to be susceptible of a response. To the extent a response is required, NBCU either denies such allegations, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

35. NBC denies the allegations in the second sentence of Paragraph 35 that are directed to it. With regard to the allegations that are directed to other defendants, NBCU is without knowledge or information sufficient to form a belief as to truth of those allegations and, on that basis, denies them. The remaining allegations in Paragraph 35 are too broad and general to be susceptible of a response. To the extent a response is required, NBCU either denies such allegations, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

36. NBCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them, and respectfully refers the Court to the article referred to therein for the true and complete meaning, terms and import thereof.

37. NBCU denies the allegations of Paragraph 37, or is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38. NBCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them, except admits that Auto Hop presently appears to work only on recorded programs. Moreover, NBCU specifically denies that Paragraph 38 accurately reflects how Auto Hop works.

39. NBCU denies the allegations of Paragraph 39 to the extent that they are directed to it, except admits that DISH is a party to the Retransmission Agreement as defined herein. NBCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and, on that basis, denies them.

40. The allegations in Paragraph 40 are not directed to NBCU and no response is required thereto. To the extent a response is required, NBCU either denies the allegations in Paragraph 40, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

41. The allegations in Paragraph 41 are not directed to NBCU and no response is required thereto. To the extent a response is required, NBCU either denies the allegations in Paragraph 41, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

42. NBCU denies the allegations of Paragraph 42 and respectfully refers the Court to the Retransmission Agreement and the documents referred to therein for the true and complete terms, meaning and import thereof.

43. NBCU denies the allegations of Paragraph 43 to the extent directed to it, and is without knowledge or information sufficient to form a belief as to the truth of the allegations

4809391.1

directed to others and, on that basis, denies them, except admits that executives for NBCU made justifiably critical remarks regarding Auto Hop at the New York television "up-fronts."

44. NBCU denies the allegations in Paragraph 44, except admits that DISH filed this action on May 24, 2012, and NBCU filed an action against DISH in the Central District of California shortly thereafter, on the same day.

45. NBCU denies the allegations in Paragraph 45, except admits that it declined to air certain ads touting the infringing Auto Hop feature.

46. NBCU denies the allegations in Paragraph 46 and avers that litigation has been commenced.

47. NBCU repeats and incorporates its responses to Paragraphs 1-46.

48. The allegations in Paragraph 48 are not directed to NBCU and no response is required thereto. To the extent a response is required, NBCU either denies the allegations in Paragraph 48, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

49. The allegations in Paragraph 49 are not directed to NBCU and no response is required thereto. To the extent a response is required, NBCU either denies the allegations in Paragraph 49, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

50. The allegations in Paragraph 50 are not directed to NBCU and no response is required thereto. To the extent a response is required, NBCU either denies the allegations in Paragraph 50, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

51. The allegations in Paragraph 51 are not directed to NBCU and no response is required thereto. To the extent a response is required, NBCU either denies the allegations in Paragraph 51, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

52. NBCU repeats and incorporates its responses in Paragraphs 1-51.

53. NBCU denies the allegations in Paragraph 53 to the extent they are directed to NBCU, except admits that NBCU has asserted claims against DISH for breach of the Retransmission Agreement.

54. The allegations in Paragraph 54 are not directed to NBCU and no response is required thereto. To the extent a response is required, NBCU either denies the allegations in Paragraph 54, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

55. The allegations in Paragraph 55 are not directed to NBCU and no response is required thereto. To the extent a response is required, NBCU either denies the allegations in Paragraph 55, or is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

56. NBCU denies the allegations in Paragraph 56.

57. NBCU denies the allegations in Paragraph 57.

58. NBCU denies the allegations in Paragraph 58.

59. All allegations not specifically admitted are denied, and it is further denied that Plaintiff is entitled to any of the relief requested.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof or as to any of the averments in the First Amended Declaratory Judgment Complaint, NBCU sets forth the following defenses and affirmative defenses:

### FIRST DEFENSE

The First Amended Declaratory Judgment Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The First Amended Declaratory Judgment Complaint's claims for equitable relief are barred by the doctrine of unclean hands.

### THIRD DEFENSE

The First Amended Declaratory Judgment Complaint's claims for equitable relief are barred by the doctrines of equitable estoppel or waiver.

## COUNTERCLAIMS

NBCU asserts Counterclaims at this time only as a precaution should the Court deny NBCU's motion to transfer DISH Network's Declaratory Judgment Claim against it to the Central District of California, filed concurrently herewith. As and for such Counterclaims against DISH Network, L.L.C. ("DISH"), NBCU alleges, upon personal knowledge as to its own acts and upon information and belief as to the acts of others, as follows:

## INTRODUCTION

1.      These counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing arise out of DISH's unauthorized "PrimeTime Anytime" ("PTAT") and "Auto Hop" services, offered with DISH's "Hopper" DVR services. Through PTAT, DISH copies and distributes to DISH's customers the entire primetime schedules of all of the major national broadcast networks. Auto Hop allows these customers to watch all of that primetime programming on demand and on an entirely commercial-free basis.

2.      By offering PTAT and Auto Hop, DISH has breached its contract with NBCU, pursuant to which DISH was granted a limited right to retransmit the content contained in the broadcast signals of NBCU owned-and-operated stations, and a limited right to exhibit certain NBC Television Network content on an on-demand basis.

## THE PARTIES

3.      Counterclaimant NBCU is a Delaware limited liability company with its principal place of business at 30 Rockefeller Plaza, New York, New York. NBCU is among the largest and most successful producers and distributors of television programming in the United States and the world. NBCU is engaged in the business of developing, producing, and/or distributing television programming for exhibition and dissemination, and of licensing that programming to others. In addition to producing and owning the copyrights in numerous television programs, NBCU owns and operates the NBC Television Network ("NBC") and other television program services that deliver that programming to the American public.

4. Counterclaim Defendant DISH Network L.L.C. ("DISH") is a wholly owned subsidiary of DISH Network Corporation, is organized under the laws of the State of Colorado, and has its principal place of business in Englewood, Colorado.

## JURISDICTION

5. This civil action seeks damages for breach of contract and breach of the implied covenant of good faith and fair dealing.

6. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332. NBCU and DISH are diverse in citizenship and the amount in controversy exceeds the statutory minimum.

7. This Court has personal jurisdiction over DISH because DISH does continuous, systematic, and routine business in New York.

## COUNT I

### (Breach of Contract)

8. NBCU repeats and realleges the allegations of paragraphs 1 through 7 as if set forth in full herein.

9. NBC is one of the four major over-the-air television networks that transmit programming to the American public via hundreds of free, local, terrestrial broadcast stations that carry the networks' content. NBC's content is also increasingly transmitted to the public by subscription-based cable and satellite companies, including DISH, which retransmit the content carried on local broadcast stations. NBC copyrighted content – largely entertainment, news and sports programming – is relied upon by the public for information and entertainment. The four

major networks and their affiliated local stations continue to account for a large percentage of all television viewing in the United States.

10. The sale of commercial advertising is a significant source of income to NBCU and provides a critical means of payment that enables the company to provide over-the-air programming to the viewing public.

11. Commencing on or about March 15, 2012, DISH made the Hopper DVR available to its customers. Upon launch, the Hopper's PTAT option automatically recorded all prime-time programming on NBC, CBS, ABC, and Fox, every day, to the customers' Hopper DVR, which stores up to 2000 hours of content. With PTAT enabled, the prime-time programming, including that of NBCU, is automatically stored on the DVR and can be stored permanently. After litigation was filed by the networks against DISH, DISH altered some of the functionality of PTAT to allow users to limit which networks are recorded by PTAT, which days of the week PTAT will record primetime programming, and the length of time (two to eight days) PTAT will automatically store recorded programs.

12. Commencing on or about May 10, 2012, DISH began offering a companion service, called Auto Hop, which automatically skips commercials during viewing of PTAT-recorded programming.

13. The PTAT and Auto Hop services are thus specifically designed to function as a commercial-free, on-demand video delivery and librarying service.

14. NBCU and DISH are the successors in interest to a contract dated June 28, 2000, as amended from time to time and most recently as of April 18, 2008, pursuant to which NBCU

4809391.1

has granted DISH specific and limited rights to retransmit to DISH's subscribers the broadcast signals of NBCU owned-and-operated television stations ("Retransmission Agreement").

15.    The broadcast signals that are the subject of the Retransmission Agreement include popular primetime television programming.

16.    NBCU and its predecessors in interest have duly performed all terms and conditions required to be performed under the terms of the Retransmission Agreement, except to the extent excused or prevented by DISH's breaches or other wrongful conduct.

17.    The Retransmission Agreement requires DISH to "carry each NBC Station broadcast signal in its entirety without alteration, deletion or delay," including all advertising. That paragraph was intended to ensure, among other things, that DISH subscribers received on their television screen, in unaltered form, the entirety of the NBCU programming carried by the NBC Stations, complete with commercials.

18.    By Term Sheets dated as of December 31, 2005 ("2005 Amendment") and as of April 8, 2008 ("2008 Amendment"), the parties amended the Retransmission Agreement in certain respects.

19.    The 2008 Amendment gave DISH the right to offer its subscribers NBC network programming on an on-demand basis through one of two alternative products: (i) without charge, with commercials and without fast-forward capability during NBCU advertising ("FOD" or "free-on-demand"), or (ii) without commercials, in return for a share of the per-rental fee paid by the subscriber ("VOD" or "video-on-demand").

16

20. The content that NBCU agreed to license to DISH for these two new DISH product offerings included NBCU's top-rated (and hence most valuable) primetime programming.

21. The 2008 Amendment provides that the final selection of specific FOD and VOD programs is to be determined in NBCU's reasonable discretion.

22. The 2008 Amendment further provides that, notwithstanding DISH's activation of DVR capability for its subscribers, DISH shall provide all FOD and VOD content on a "copy never" basis.

23. The Retransmission Agreement expressly provides that all rights not expressly granted to DISH are reserved to NBCU.

24. NBCU has never granted DISH the right, without paying for that right, to make any primetime programming available to DISH subscribers on an on-demand, commercial-free basis.

25. NBCU has never granted DISH the right unilaterally to select what programming it can offer on an FOD or VOD basis.

26. NBCU has never granted DISH the right to provide an FOD or VOD service that allows subscribers to make a copy of the offered content.

27. By offering subscribers the ability to obtain commercial-free, primetime content through the Hopper and its PTAT and Auto Hop services, rather than by ordering a program from DISH's VOD menu, DISH intends to avoid and is avoiding paying NBCU the fee required for commercial-free VOD content.

28.     DISH has materially breached the Retransmission Agreement, as amended by the 2008 Amendment, by offering its subscribers, through its PTAT and Auto Hop services, NBC network primetime programming on what is essentially a commercial-free VOD basis, but without paying NBCU any fee for that right.

29.     DISH has materially breached the Retransmission Agreement, as amended by the 2008 Amendment, by offering its subscribers, through its PTAT and Auto Hop services, NBC network primetime programming on an FOD basis, but without disabling the ability to skip commercials.

30.     DISH has materially breached the Retransmission Agreement, as amended by the 2008 Amendment, by providing, through its PTAT and Auto Hop services, what is, in effect, commercial-free VOD content, and allowing that commercial-free content to be copied onto the Hopper's hard drive.

31.     DISH also has materially breached the Retransmission Agreement by altering the broadcast signal as viewed by the subscriber, so as to allow DISH subscribers to receive on their television screens FOD content without the commercials contained in the broadcast signal.

32.     As a direct and proximate result of DISH's breaches, NBCU has suffered damages in an amount to be determined at trial.

## COUNT II

### (Breach of Contract – Implied Covenant of Good Faith and Fair Dealing)

33.     NBCU incorporates each and every allegation set forth in Paragraphs 1 through 32 above as if fully set forth herein.

34. By providing NBCU's primetime programming to DISH subscribers on-demand and on a commercial-free basis, as hereinabove alleged, DISH has deprived NBCU of the right to receive the benefits of the Retransmission Agreement, including the advertising revenues associated with NBCU's programming and the fees for commercial-free programming, and DISH thereby has breached the covenant of good faith and fair dealing implied by law in the Retransmission Agreement.

35. As a direct and proximate result of DISH's breach of the Retransmission Agreement, NBCU has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, NBCU prays for judgment as follows:

A.   Dismissing the declaratory judgment claim asserted against it, with prejudice;

B.   On Count I, for judgment declaring DISH in breach of the Retransmission Agreement and awarding damages for breach of contract in an amount to be determined at trial;

C.   On Count II, for judgment declaring DISH in breach of the implied covenant of good faith and fair dealing and awarding damages in an amount to be determined at trial;

D.   Such further and additional relief as the Court may deem just and appropriate.

DATED:  New York, New York
        August 29, 2012

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Jane G. Stevens

Jane G. Stevens (JS 5869)
jgs@msk.com
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants NBCUniversal Media, L.L.C.*

4809391.1