
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS CORPORATION, and NBCUNIVERSAL MEDIA, L.L.C.,<br><br>    Defendants. | Case No. 12 Civ. 4155 (LTS) (KNF) |
| ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., and DISNEY ENTERPRISES, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>DISH NETWORK CORPORATION, and DISH NETWORK, L.L.C.,<br><br>    Counterclaim Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF NBCUNIVERSAL'S MOTION TO TRANSFER DISH NETWORK'S DECLARATORY JUDGMENT CLAIM AGAINST IT TO THE <u>CENTRAL DISTRICT OF CALIFORNIA</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT ................................................................................................................................ 5

    DISH'S CLAIM AGAINST NBCU SHOULD BE TRANSFERRED TO THE
    CENTRAL DISTRICT OF CALIFORNIA ................................................................... 5

        A.     GENERAL STANDARDS ........................................................................... 5

        B.     JUDICIAL EFFICIENCY AND OTHER FACTORS REQUIRE
              TRANSFER OF DISH'S DECLARATORY JUDGMENT CLAIM ......... 7

CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Aguiar v. Natbony*,
   No. 10 CIV. 6531 PGG, 2011 WL 1873590 (S.D.N.Y. May 16, 2011) ..................................9

*Columbia Pictures Industries, Inc. v. Fung*,
   447 F. Supp. 2d 306 (S.D.N.Y. 2006) ...........................................................................7, 9

*Eres N.V. v. Citgo Asphalt Refining Co.*,
   605 F. Supp. 2d 473 (S.D.N.Y. 2009) ...........................................................................5, 8

*Fireman's Fund Ins. Co. v. Personal Communications Devices, LLC*,
   No. 09-cv-1349 (SHS), 2009 WL 1973534 (S.D.N.Y. July 8, 2009) ............................4, 9

*Freeman v. Hoffmann-La Roche Inc.*,
   No. 06 Civ. 13497 (RMB) (RLE), 2007 WL 895282 (S.D.N.Y. Mar. 21, 2007) ...........7, 9

*Goggins v. Alliance Capital Mgmt., L.P.*,
   279 F. Supp. 2d 228 (S.D.N.Y. 2003) .........................................................................6, 10

*Mastr Asset Backed Sec. Trust 2007-WMC1, ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg. LLC*,
   No. 12 CIV. 3575 VM, 2012 WL 3100902 (S.D.N.Y. July 19, 2012) ...............6, 8, 9, 10

*Metz v. U.S. Life Ins. Co. in City of New York*,
   674 F. Supp. 2d 1141 (C.D. Cal. 2009) ............................................................................9

*Tucker Anthony, Inc. v. Bankers Trust Co.*,
   No. 93 Civ. 0257 (SWK), 1994 WL 9683 (S.D.N.Y. Jan. 10, 1994) ................................6

*Tyree v. Teachers Ins. & Annuity Ass'n Coll. Ret. Equities Fund*,
   No. 91 CIV. 7130 (CSH), 1993 WL 205859 (S.D.N.Y. June 9, 1993) .............................6

*UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*,
   No. 98 CIV. 5032 (DAB), 2000 WL 1457320 (S.D.N.Y. Sept. 28, 2000) ........................7

*Williams v. City of New York*,
   No. 03 CIV. 5342 (RWS), 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006) ...........................6

*Wyndham Assocs. v. Bintliff, A.G.*,
   398 F.2d 614 (2d Cir. 1968) .............................................................................................7

4805431

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**STATUTES**

17 U.S.C. § 106(1) and (3)..................................................................................................3

28 U.S.C. § 1404(a) .......................................................................................................1, 5

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure, Rule 13 ............................................................................4

4805431

## PRELIMINARY STATEMENT

By this motion, Defendant NBCUniversal Media, L.L.C. ("NBCU"), seeks an order pursuant to 28 U.S.C. § 1404(a), transferring DISH Network L.L.C.'s sole remaining claim against NBCU to the Central District of California. NBCU further requests that, upon such transfer, the Court dismiss NBCU's counterclaims in this action, without prejudice, in favor of the affirmative breach of contract claims that NBCU has interposed in the action titled *NBC Studios, LLC, et al. v. Dish Network Corporation and Dish Network L.L.C.*, Case No. CV 12-4536 in the Central District of California (the "California Action"). For the reasons discussed below, transferring the remaining claim against NBCU would well serve the interests of judicial economy.

By Order dated July 9, 2012, this Court dismissed DISH's preemptive declaratory judgment action against NBCU to the extent it sought a declaration of no copyright infringement, holding that NBCU, as the "natural plaintiff," was entitled to pursue its affirmative claims of infringement in the California action it had commenced against DISH. The Court denied NBCU's motion to dismiss or transfer DISH's remaining claim for declaratory relief, which sought a declaration of "No Breach of Agreement," because NBCU had not asserted claims for breach of contract against DISH in California. Memorandum Opinion and Order, Docket No. 90 ("Order"), at 12.

On the heels of that ruling, however, DISH answered NBCU's Complaint in the California Action, and interjected the contract issues into that proceeding by pleading as an affirmative defense that "DISH and its subscribers were authorized and/or licensed by the Plaintiffs, to engage in the allegedly infringing conduct." Declaration of Jane G. Stevens ("Stevens Decl."), Ex. A, at 9. Thereafter, NBCU timely amended its complaint in the California

1

Action to assert affirmative claims against DISH for breach of the Retransmission Agreement between it and DISH.[1] Stevens Decl., Ex. B, at ¶¶ 67-88.

Once DISH asserted its affirmative defense in California, it became clear that having two district courts on separate coasts interpret the same contract would not serve the interests of judicial economy. Because both the copyright infringement claims and the contract issues are now pending in the California Action, the Central District of California has become the logical and efficient place to determine the contract interpretation issues. NBCU therefore respectfully requests that this motion to transfer be granted.

## STATEMENT OF FACTS

DISH markets a system called the "Hopper," through which it offers an unauthorized premium on-demand service called "PrimeTime Anytime" ("PTAT"). Through PTAT, DISH unlawfully reproduces and distributes to its customers the primetime television programming of all four major television networks on a continuous, rolling basis. *See* Counterclaims, Stevens Decl., Ex. C, at ¶¶ 9-12. Through an interrelated feature called "AutoHop," DISH's customers can then view that primetime programming with all of the individual commercials automatically skipped. *Id.*

On May 24, 2012, NBC Studios, LLC, Universal Network Television, LLC, Open 4 Business Productions LLC, and NBCU (the "California NBC Plaintiffs") filed the California

---

[1] The "Retransmission Agreement" is a contract dated June 28, 2000, as amended from time to time (most recently as of April 18, 2008), pursuant to which NBCU has granted DISH specific and limited rights to retransmit to DISH's subscribers the broadcast signals of the NBC Stations. In this action, DISH defines the "NBC Retransmission Agreement" to include the "Term Sheet: DISH Network L.L.C. – NBC Universal Television Networks Distribution" dated April 18, 2008; the "NBC Universal – Echostar Binding Term Sheet dated December 31, 2005"; the Letter Agreement dated June 28, 2000; and the CNBC DBS Affiliation Agreement dated July 11, 1995. *See* First Amended Declaratory Judgment Complaint, dated August 14, 2012 ("FAC"), ¶ 25.

2

Action.[2] That complaint alleges that DISH is engaging in direct and secondary infringement by virtue of PTAT and AutoHop, in violation of 17 U.S.C. § 106(1) and (3), which respectively grant the copyright holder the exclusive rights to reproduce and distribute the copyrighted works.

Just one hour and twenty-six minutes before the California NBC Plaintiffs filed the California Action, DISH – in a transparent effort to preempt the copyright owners' choice of forum – rushed into this Court and filed a skeletal complaint in this putative declaratory relief action. DISH's bare-bones complaint asked this Court to declare that it had not infringed unidentified copyrights and that it had not breached unidentified contracts. DISH also filed a motion for an anti-suit injunction barring the California Action from proceeding. NBCU (along with co-defendant CBS Corporation) opposed this motion, and filed its own motion to dismiss, stay, or transfer the New York action.

By its July 9, 2012 Order, the Court denied DISH's motion for an anti-suit injunction and dismissed DISH's copyright-related declaratory judgment claim against NBCU as an improper anticipatory filing, holding that that claim could and should be litigated in the Central District of California as part of NBCU's California Action. The Court denied NBCU's motion as to DISH's contract-related declaratory judgment claim on the ground that the California NBC Plaintiffs had not asserted a breach of contract claim in the California Action.[3]

---

[2] NBCU's California Action is one of three related copyright infringement actions that various copyright owners filed against DISH on May 24, 2012 in the Central District of California, all alleging direct and secondary infringement of representative copyrighted works in connection with the Hopper, the PTAT, and the AutoHop services. The other two cases are *Fox Broadcasting Company, Inc., et al. v. DISH Network L.L.C., et al.*, Case No. 12-CV-04529 DMG (SHx), and *CBS Broadcasting Inc., et al. v. DISH Network Corporation, et al.*, Case No. 12-CV-4551 DMG (SHx). As related cases, all three litigations have been assigned to Judge Dolly Gee.

[3] In contrast, the Court granted Fox's motion to dismiss both the declaratory judgment copyright and contract claims asserted against it in DISH's initial Complaint, as Fox also had asserted a breach of contract claim against DISH in California.

3

On July 30, 2012, DISH answered the California NBC Plaintiffs' Complaint. In its Answer in the California Action, DISH asserted as its Fourth Affirmative Defense that "DISH and its subscribers were authorized and/or licensed by the Plaintiffs, including subsidiaries and other related entities, to engage in the allegedly infringing conduct." Stevens Decl., Ex. A at 9.

On August 20, 2012, the California NBC Plaintiffs amended their complaint in the California Action to add counts for breach of contract and breach of the implied covenant of good faith and fair dealing, both claims for relief arising out of DISH's breach of the Retransmission Agreement as a result of PTAT and AutoHop. Thus, DISH's Fourth Affirmative Defense and the California NBC Plaintiffs' amended complaint put the contract claims squarely before the Central District of California.

On August 14, 2012, DISH amended its complaint in this action pursuant to stipulation of the parties, purportedly providing additional specifics about the contracts that it claims have not been breached as a result of the implementation of PTAT and AutoHop.[4] On August 28, 2012, simultaneously with the filing of this motion, NBCU answered DISH's amended complaint and asserted counterclaims for breach of contract that are in substance identical to the claims that it already had asserted in its amended complaint in the California Action.[5]

---

[4] That stipulation fully reserved NBCU's right and ability to move against the FAC.

[5] NBCU's assertion of counterclaims in this action is not intended to be (nor should it be deemed to be) an admission that those contract claims should be heard in this Court. While those counterclaims were included in the answer out of an excess of caution, it is NBCU's firm belief, and the point of this motion, that the contractual claims would be more properly and efficiently heard in the Central District of California in the context of the California Action. Finally, though NBCU has filed counterclaims in this action pursuant to Rule 13 of the Federal Rules of Civil Procedure, the Court's focus on this motion should remain on the allegations of DISH's declaratory judgment complaint. *See Fireman's Fund Ins. Co. v. Personal Communications Devices, LLC*, No. 09-cv-1349 (SHS), 2009 WL 1973534, at *4 n.2 (S.D.N.Y. July 8, 2009) ("[I]t is well established that 'the focus of a court's inquiry in deciding a motion to transfer under 1404(a) is on the action as filed and not on the counterclaims interposed by the party seeking transfer.'" (citation omitted)).

4

## ARGUMENT

## DISH'S CLAIM AGAINST NBCU SHOULD BE
## TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA

The Court previously dismissed DISH's declaratory copyright claims against NBCU because NBCU, the "natural plaintiff" in the action, chose the Central District of California as the forum for those copyright claims. *See* Order at 12. The Court's decision was premised upon its finding "that there is no useful or appropriate purpose in entertaining Dish's declaratory judgment action to the extent that it overlaps with the litigation pending in the Central District of California." *Id.* Because DISH now has interjected the same contract that is at issue in its remaining declaratory judgment claim into the California Action by way of affirmative defense, and because NBCU has affirmatively asserted breach of contract claims against DISH in the California Action arising out of that same contract, DISH's declaratory judgment contract claim completely "overlaps" with the litigation pending in the Central District of California. Consistent with its earlier ruling, this Court should transfer DISH's sole remaining claim against NBCU in this action to the Central District of California, as there is no useful or appropriate purpose in entertaining this overlapping claim here.

### A.   GENERAL STANDARDS

Under 28 U.S.C. § 1404(a), "'[f]or the convenience of the parties and witnesses, in the interest of justice,' a court may transfer a civil action to any district where the action 'might have originally been brought.'" *Eres N.V. v. Citgo Asphalt Refining Co.*, 605 F. Supp. 2d 473, 478 (S.D.N.Y. 2009) (quoting 28 U.S.C. § 1404(a)). The Court's initial inquiry in deciding a motion to transfer under § 1404(a) is whether DISH's declaratory contract claim against NBCU could have been brought in the proposed transferee district, the Central District of California. *Id.* at 478. As DISH already is involved in litigation with NBCU in the Central District of California,

5

does not dispute personal jurisdiction in that District, and has in fact affirmatively raised in that District the same contract questions at issue here, there is no question that DISH's declaratory judgment contract claim against NBCU could have been brought in that District.

Where, as here, the initial inquiry has been satisfied, the Court must consider the following factors in determining whether to transfer venue:

> (1) the plaintiff's choice of forum; (2) the locus of the operative facts; (3) the convenience and relative means of the parties; (4) the convenience of witnesses; (5) the availability of process to compel the attendance of witnesses; (6) the location of physical evidence, including documents; (7) the relative familiarity of the courts with the applicable law; and (8) the interests of justice, including the interests of trial efficiency.

*Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003) (citation omitted).

Concerns over judicial efficiency are given particular weight and may be determinative. *Goggins*, 279 F. Supp. 2d at 235; *Tucker Anthony, Inc. v. Bankers Trust Co.*, No. 93 Civ. 0257 (SWK), 1994 WL 9683, at *8 (S.D.N.Y. Jan. 10, 1994) ("Interests of justice" factor "'may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.'" (citations omitted)); *see also Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) ("[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative.").

Courts uniformly agree "that transfer is appropriate where 'two cases involving the same issues are simultaneously pending in different district courts.'" *Mastr Asset Backed Sec. Trust 2007-WMC1, ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg. LLC*, -- F. Supp. 2d --, No. 12 Civ. 3575 VM, 2012 WL 3100902, at *5 (S.D.N.Y. July 19, 2012) (citation omitted) (collecting

6

cases); *see also Tyree v. Teachers Ins. & Annuity Ass'n Coll. Ret. Equities Fund*, No. 91 Civ. 7130 (CSH), 1993 WL 205859, at *2 (S.D.N.Y. June 9, 1993) ("The interest of justice will obviously be served by resolving all issues in one forum."). Moreover, "'[t]here is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous [*sic*] litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.'" *UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*, No. 98 CIV. 5032 (DAB), 2000 WL 1457320, at *5 (S.D.N.Y. Sept. 28, 2000) (quoting *Wyndham Assocs. v. Bintliff, A.G.*, 398 F.2d 614, 619 (2d Cir. 1968)).

The interests of justice are "'based on the totality of the circumstances.'" *Freeman v. Hoffmann-La Roche Inc.*, No. 06 Civ. 13497 (RMB) (RLE), 2007 WL 895282, at *3 (S.D.N.Y. Mar. 21, 2007) (citation omitted). Cases need only be *related* for transfer to satisfy the interests of justice, not *identical*. *Columbia Pictures Industries, Inc. v. Fung*, 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006). Here, the issues of contract interpretation are, in fact, identical.

### B. JUDICIAL EFFICIENCY AND OTHER FACTORS REQUIRE TRANSFER OF DISH'S DECLARATORY JUDGMENT CLAIM

When NBCU made its initial motion to dismiss or transfer this action and the Court issued its July 9, 2012 decision on that motion, DISH had not yet pled the Retransmission Agreement as a defense to NBCU's copyright infringement claims and NBCU had not yet asserted any claims against DISH in the California Action under the Retransmission Agreement. Once DISH filed its answer and interposed its affirmative license defense, however, the situation changed. NBCU thereafter amended its complaint in the California Action to include affirmative claims for breach of the Retransmission Agreement and of the implied covenant of good faith and dealing associated with that agreement. As a result, the California Action and the present

7

action in this Court now completely "overlap" as to the contract interpretation issues, and these developments warrant a fresh look at the question of which court is best suited to hear the contract interpretation issue.

Certainly, it makes no sense to have both this Court and the Central District of California interpret the NBC Retransmission Agreement, or for the parties to incur the expense of litigating the meaning of the NBC Retransmission Agreement in two separate forums 3000 miles apart. The logical and efficient means to avoid this waste of resources is to have the contract interpretation issues determined in the Central District of California, where NBCU's copyright *and* contract claims will go forward regardless. *See Mastr Asset Backed Sec. Trust 2007-WMC1*, 2012 WL 3100902, at *5 ("It would be a waste of resources—for both the parties and the judiciary—to have the same issues litigated in two separate courts, forcing the defendant to litigate in separate forums . . . .").[6]

Transfer will also eliminate the risk that this Court and the District Court in California will reach different results regarding the interpretation of the Retransmission Agreement. *See Mastr Asset Backed Sec. Trust 2007-WMC1*, 2012 WL 3100902, at *5 (holding that "judicial economy and the interests of justice weigh heavily in favor of transfer" because "it is more efficient to have one court interpret the same contracts, rather than multiple courts potentially arriving at inconsistent results"); *Eres N.V.*, 605 F. Supp. 2d at 483 ("Judicial economy and the interests of justice support a transfer because a transfer would allow one court to perform a full analysis of the documents and the circumstances surrounding [the execution of the contracts at

---

[6] DISH already has posited that its "contract claims are intertwined with the copyright issues" in seeking to justify discovery requests served upon NBCU. *See* Letter from Elyse D. Echtman to Patricia H. Benson, Stevens Decl., Ex. D at 1. DISH will not now be heard to assert differently.

8

issue], and that court can then render one ruling interpreting all of the contracts in their entirety.").

The overriding concerns of judicial efficiency and the interests of justice are sufficient to grant NBCU's motion to transfer. Here, consideration of the other pertinent factors also support transfer. First, the fact that DISH chose this forum should be accorded little weight here, as its home forum is Colorado, not New York. *See* FAC, ¶ 11; *Freeman*, 2007 WL 895282, at *3 (plaintiff's choice of forum "is less compelling where, as here, plaintiffs choose a forum that is not their home district"); *Columbia Pictures Indus., Inc.*, 447 F. Supp. 2d at 310 ("Plaintiffs' choice of forum . . . is accorded less deference where (as here) 'the plaintiffs' chosen forum is neither their home nor the place where the operative facts of the action occurred.'" (citation omitted)). Moreover, as the Court already has recognized, DISH is *not* the "natural plaintiff" in this declaratory judgment action. Order at 12.

Nor should the fact that the Retransmission Agreement is governed by New York law be accorded any significant weight, as the Central District of California is "perfectly capable of applying . . . straightforward New York contract law." *Mastr Asset Backed Sec. Trust 2007-WMC1*, 2012 WL 3100902, at *4; *accord Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009) ("it is clear that courts in the Central District of California are fully capable of applying New York substantive law"); *see also Aguiar v. Natbony*, No. 10 Civ. 6531 (PGG), 2011 WL 1873590, at *10 (S.D.N.Y. May 16, 2011) ("[t]his Court has routinely held that the 'governing law' factor is to be accorded little weight on a motion to transfer venue . . . because federal courts are deemed capable of applying the substantive law of other states" (citations omitted)); *Fireman's Fund Ins. Co.*, 2009 WL 1973534, at *6 (holding

9

"governing law" factor "to be a neutral factor, as both New York and California courts could readily apply either state's law in the context of this dispute").

The convenience of witnesses also should similarly be accorded little, if any, weight, in the analysis here. The existence of the California Action, and the fact that discovery in that action will address much the same issues as discovery here, significantly dampens any weight the convenience of witnesses might otherwise be accorded. Moreover, DISH and, presumably, its witnesses and its documents, are located in Colorado – which is much closer to California than to New York.[7] In any event, because all of the disputes between NBCU and DISH can be heard in the California Action pending in the Central District of California, the potential inconvenience of some witnesses "is significantly outweighed by the convenience of providing testimony in a single consolidated action." *Goggins*, 279 F. Supp. 2d at 233.

In sum, there is no reason why this Court should retain DISH's declaratory judgment contract claim against NBCU, and every reason why that claim should be transferred to the Central District of California.

---

[7] In any event, "'[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.'" *Mastr Asset Backed Sec. Trust 2007-WMC1*, 2012 WL 3100902, at *3 (citation omitted). Moreover, that DISH principally operates out of Colorado similarly negates any weight that might be accorded to other relevant factors, including the locus of the operative facts, the convenience and relative means of the parties, and the location of physical evidence, including documents.

10

## CONCLUSION

For the foregoing reasons, the Court should grant NBCU's motion to transfer the single claim against it in this action to the Central District of California, and, upon such transfer, dismiss without prejudice the counterclaims asserted by NBCU here in favor of the affirmative breach of contract claims brought by NBCU in the California Action.

DATED: New York, New York  
August 29, 2012

MITCHELL SILBERBERG & KNUPP LLP

By: _/s/ Jane G. Stevens_  
Jane G. Stevens (JS 5869)  
jgs@msk.com  
12 East 49th Street, 30th Floor  
New York, New York 10017-1028  
Telephone: (212) 509-3900  
Facsimile: (212) 509-7239  
*Attorneys for Defendants NBCUniversal Media, L.L.C.*