UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>                Plaintiff,<br><br>    v.<br><br>ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS CORPORATION, and NBCUNIVERSAL MEDIA, L.L.C.,<br><br>                Defendants. | 12 Civ. 4155 (LTS) (KNF) |
| ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., and DISNEY ENTERPRISES, INC.,<br><br>                Counterclaimants,<br><br>    v.<br><br>DISH NETWORK CORPORATION, and DISH NETWORK, L.L.C.,<br><br>                Counterclaim Defendants. | |

**MEMORANDUM OF LAW OF PLAINTIFF DISH NETWORK L.L.C. IN OPPOSITION TO DEFENDANT NBCUNIVERSAL MEDIA, L.L.C.'S MOTION TO TRANSFER**

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ................................................................................................. 1

PROCEDURAL HISTORY........................................................................................................... 2

    A.    This Court Determined That The Contract Dispute Between DISH And NBC Should Be Heard In This Court ................................................................... 3

    B.    NBC Added A Contract Claim That It Had Previously Disclaimed For The Tactical Purpose Of Attempting To Transfer DISH's Claim To California.......... 4

ARGUMENT:  NBC'S RENEWED MOTION TO TRANSFER SHOULD BE DENIED ......... 6

    A.    This Court Should Not Reconsider Its July 9 Order ............................................... 6

    B.    NBC's Motion Should be Denied Based Upon the Law of the Case ..................... 8

    C.    NBC's Contract Claims Are Compulsory Counterclaims ...................................... 9

    D.    The Balance Of Convenience Favors New York.................................................... 9

CONCLUSION............................................................................................................................. 11

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Anderson v. Granoff, Walker & Forlenza, P.C.*,
  No. 11 Civ. 4178 (DAB), 2012 WL 1659186 (S.D.N.Y. May 9, 2012) ............................... 6-7

*Bogosian v. Gulf Oil Corp.*,
  337 F. Supp. 1230 (E.D. Pa. 1972) ........................................................................................ 9

*Children's Network, LLC v. Pixfusion LLC*,
  722 F. Supp.2d 404 (S.D.N.Y. 2010) ................................................................................. 2, 7

*Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*,
  233 F.3d 697 (2d Cir. 2000) .................................................................................................. 9

*Devila v. Schriver*,
  245 F.3d 192 (2d Cir. 2002) .................................................................................................. 8

*DH Blair & Co., Inc. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006) .................................................................................................... 9

*Everest Capital Ltd. v. Everest Funds Mgmt., LLC*,
  178 F. Supp. 2d 459 (S.D.N.Y. 2002) .................................................................................... 9

*Ginther v. Provident Life & Cas. Ins. Co.*,
  350 F. App'x 494 (2d Cir. 2009) ............................................................................................ 9

*Grand River Enters. Six Nations, Ltd. v. King*,
  No. 02 Civ. 5068 (JFK), 2009 WL 1739893 (S.D.N.Y. Jun. 16, 2009) ................................. 7

*In re Initial Pub. Offering Sec. Litig.*,
  399 F. Supp. 2d 298 (S.D.N.Y. 2005) .................................................................................... 7

*In re PCH Assocs.*,
  949 F.2d 585 (2d Cir. 1991) .................................................................................................. 8

*Paul Revere Life Ins. Co. v. Segal*,
  No. 99 Civ. 3022 (MBM), 2000 WL 1448626 (S.D.N.Y. Sept. 28, 2000) .......................... 10

*Rockefeller Univ. v. Ligand Pharm.*,
  581 F. Supp. 2d 461 (S.D.N.Y. 2008) .................................................................................. 10

*Rolf v. Blyth, Eastman Dillon & Co., Inc.*,
  637 F.2d 77 (2d Cir. 1980) .................................................................................................... 8

*Royal & Sun Alliance Ins. PLC v. UPS Supply Chain Solutions, Inc.*,
  09 CIV 5935 (LTS) (AJP), 2010 WL 4967984 (S.D.N.Y. Dec. 1, 2010) ............................ 10

## TABLE OF AUTHORITIES
(continued)

**CASES** **PAGE(S)**

*Virgin Atl. Airways v. Nat'l Mediation Bd.*,
 956 F.2d 1245 (2d Cir. 1992) ...................................................................................................7

*Washington Nat'l Life Ins. Co. of New York v. Morgan Stanley & Co. Inc.*,
 974 F. Supp. 214 (S.D.N.Y. 1997) ....................................................................................... 8-9

**STATUTES**

28 U.S.C. § 1404 ................................................................................................................1, 3, 5, 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ..........................................................................................................................10

Fed. R. Civ. P. 12 ............................................................................................................................4

Local Rule 6.3 .................................................................................................................................6

DISH Network L.L.C. ("DISH") respectfully submits this memorandum of law in opposition to the renewed motion by NBCUniversal Media, L.L.C. ("NBC"), pursuant to 28 U.S.C. § 1404(a), to transfer DISH's declaratory judgment claim against NBC to the Central District of California.

## PRELIMINARY STATEMENT

This is NBC's second motion to transfer. This Court denied NBC's first motion by Memorandum Opinion and Order dated July 9, 2012 (the "July 9 Order"). NBC's renewed motion should similarly be denied. NBC presents no grounds for this Court to reconsider its prior ruling, and NBC's request for reconsideration is untimely. The deadline to move for reconsideration expired fourteen days after the July 9 Order was entered. In addition, this Court's July 9 Order is the law of the case, and the rules of efficient case administration dictate that it not be disturbed.

NBC earlier represented to this Court that there was no dispute between it and DISH over the parties' retransmission agreement,[1] and went so far as to claim that it could not even identify the retransmission agreement that DISH referenced in its declaratory judgment complaint. Simpson Dec. Ex. 7 at 8 (NBC Cross-Motion Reply Memorandum) (Doc. #69) ("there is simply no way for . . . NBCU to determine what contractual provisions DISH believes are in dispute, particularly because the California plaintiffs did not assert contract claims."). Two months after making that representation, NBC abruptly changed its mind, and decided to assert breach of contract claims against DISH. On August 17, 2012, NBC amended the complaint in its California copyright action to add breach of contract claims. Stevens Dec. Ex B ¶¶ 67-88.

---

[1] "DISH argues that the contract claims remain in dispute because . . . NBCU ha[s] declined to covenant not to sue DISH for breach of contract. That is not the law. *A party does not have to covenant not to sue for a court to conclude that there is no threatened contract claim supporting a request for declaratory relief.*" Simpson Dec. Ex. 7 at 8 (NBC Cross-Motion Reply Memorandum) (Doc. #69) (citations omitted) (emphasis added). References to the "Simpson Dec." are to the Declaration of Lisa T. Simpson in Opposition to NBCUniversal Media, L.L.C.'s Motion to Transfer, filed contemporaneously with this memorandum of law.

(1)

NBC's gamesmanship and attempts at forum-shopping should not be rewarded. "A party cannot manufacture a 'related action' in order to manipulate the merits of a transfer motion." *Children's Network, LLC v. Pixfusion LLC*, 722 F. Supp.2d 404, 415 (S.D.N.Y. 2010).

To the extent that NBC wants to assert contract claims against DISH, those claims may only be brought as compulsory counterclaims in this action, and NBC has implicitly acknowledged as much. On August 29, 2012, NBC asserted overlapping breach of contract counterclaims in this action. NBC's motion to transfer should be denied.

## PROCEDURAL HISTORY

On May 24, 2012, DISH commenced this declaratory judgment action against NBC in this Court. Simpson Dec. ¶ 2. In this action, DISH brought one claim against NBC sounding in contract, alleging that NBC authorized DISH to retransmit its broadcast television programming in a retransmission agreement between the parties, and that the PrimeTime Anytime and AutoHop features on DISH's Hopper Whole Home DVR are within the scope of that authorization. *Id.*, Ex. 1 (Complaint) (Doc #1) at ¶¶ 31, 42.[2] DISH brought another claim against NBC alleging non-infringement of NBC's copyrights. *Id.* NBC commenced an action against DISH on that same day in the Central District of California that asserted only copyright claims. *Id.*

---

[2] Paragraph 31 of DISH's original complaint alleges "DISH is party to various agreements with the Major Television Networks. *These agreements authorize DISH to re-broadcast and re-transmit the Major Television Networks' television signals to DISH subscribers in exchange for annual fees in the hundreds of millions of dollars*." (emphasis added). Paragraph 42 of DISH's original complaint alleges "An actual controversy exists between DISH and the Major Television Networks, and *DISH is reasonably apprehensive that*, if it continues to provide Auto Hop to its customers, *the Major Television Networks will commence a breach of contract action against DISH with the potential to damage DISH and its customers rightfully using the Auto Hop technology to fast-forward through commercials*." (emphasis added).

### A. This Court Determined That The Contract Dispute Between DISH And NBC Should Be Heard In This Court.

On May 29, 2012, DISH moved for an anti-suit injunction against NBC. Simpson Dec. ¶ 3. DISH's motion sought to bar NBC from prosecuting its California action. *Id.* DISH requested that all of the claims between DISH and the four major television networks be heard in one comprehensive action in this Court. *Id.*

On June 8, 2012, NBC cross-moved to dismiss, stay or transfer DISH's action. Simpson Dec. ¶ 4, Ex. 3 (Notice of Motion to Dismiss, Stay or Transfer) (Doc #26). The transfer motion was made pursuant to 28 U.S.C. § 1404(a). *Id.* With respect to DISH's copyright claims, NBC argued that its California copyright action should take precedence over DISH's declaratory judgment claims. Simpson Dec. ¶ 5, Ex. 4 (Memorandum of Law) (Doc. #27). With respect to DISH's contract claim, NBC asserted that there was no case or controversy, but that, if there were a case or controversy, it should be heard in the context of NBC's California action. *Id.*[3]

This Court resolved the motions in its July 9 Order. Simpson Dec. Ex. 10 (the "July 9 Order") (Doc #90). DISH's motion for an anti-suit injunction was denied. The Court found that the dispute surrounding PrimeTime Anytime and AutoHop might proceed in more than one venue: "There are numerous ways to mitigate whatever inefficiencies might result from allowing these claims to proceed in separate venues . . . . the courts can, with the cooperation of the parties, coordinate the proceedings so as to minimize any inefficiencies." July 9 Order at 12-13.

---

[3] In a pre-motion letter dated June 2, 2012, counsel for NBC asserted that DISH's contract-based declaratory judgment claim "should be dismissed" on the grounds that "there is no actual controversy between the parties that is sufficiently immediate and real to warrant declaratory relief." Simpson Dec. Ex. 8 at 3 n. 1. In a follow-up letter dated June 6, 2012, NBC's counsel reiterated: "[a]s we noted in our prior letter . . . [NBC] has [not] asserted a contract claim against DISH. Accordingly, [DISH's] New York Action fails to allege an actual controversy as to the contract claims." Simpson Dec. Ex. 9 at 2.

NBC's cross-motion was "granted in part and denied in part." July 9 Order at 2. The motion to dismiss DISH's copyright claim was granted. The Court found that "there is no useful or appropriate purpose in entertaining Dish's declaratory judgment action to the extent that it overlaps with litigation pending in the Central District of California. Accordingly, insofar as Dish's complaint pertains to . . . NBCU's copyright claims, this action will be dismissed without prejudice to litigation of Dish's assertions in the pending Central District of California actions." *Id.* at 12. All other aspects of NBC's motion were denied: "Because . . . NBCU ha[s] not asserted contract claims in California . . . this action will continue as to Dish's contract claims against . . . NBCU." *Id*. The Court summed up its ruling as follows: "NBCU's motion to dismiss the complaint is granted without prejudice with respect to the copyright claims, *and is denied in all other respects*." *Id.* at 13 (emphasis added).

The Court clarified that its ruling was without prejudice to a subsequent pleading challenge by NBC to DISH's declaratory judgment contract claim: "The aspect of the CBS/NBCU motion that seeks dismissal of Dish's contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is denied without prejudice upon briefing that addresses the relevant pleading standards." *Id.* In contrast, the Court's denial of NBC's request to transfer DISH's contract claim to California was denied without any leave for renewal. *Id.*

### B. NBC Added A Contract Claim That It Had Previously Disclaimed For The Tactical Purpose Of Attempting To Transfer DISH's Claim To California.

DISH consistently alleged that it was authorized to provide the PrimeTime Anytime and AutoHop features in its original complaint and in its later pleadings. Notwithstanding those allegations, NBC steadfastly maintained that there was no dispute over the contract, until it abruptly changed its position in mid-August 2012.

(4)

On July 27, 2012, DISH provided a proposed First Amended Declaratory Judgment Complaint to counsel for NBC for the purpose of obtaining NBC's consent to DISH's amendment. Simpson Dec. ¶ 11. NBC stipulated to allow DISH to file its amended pleading, which was filed in this action on August 14, 2012. *Id.* In that amended pleading, DISH alleges, *inter alia*, "DISH is acting within its rights under . . . the NBC Retransmission Agreement by making PrimeTime Anytime and AutoHop available to DISH subscribers." Simpson Dec. Ex. 11 ¶ 42 (Doc. #109).

On July 30, 2012, DISH filed and served its answer to NBC's California copyright complaint. Stevens Dec. ¶ 2, Ex. A. In that answer, DISH maintained its position that the proper venue for the parties' entire dispute is in the Southern District of New York. *Id.* at Ex. A ¶ 15. Eighteen days later, on August 17, 2012, without any advance notice to DISH, NBC filed an amended complaint in California. Stevens Dec. ¶ 3, Ex. B. By that amendment, NBC added two new parties, EchoStar Corporation and EchoStar Technologies L.L.C., and added breach of contract claims against DISH. *Id.* In the California action, NBC alleges breach of the Retransmission Agreement between it and DISH, including breach of the implied duty of good faith and fair dealing. *Id.*

On August 29, 2012, NBC filed a motion in this Court to transfer DISH's declaratory judgment contract claim against it to the Central District of California, pursuant to 28 U.S.C. § 1404(a). (Doc. #114). NBC also answered DISH's First Amended Declaratory Judgment Complaint and asserted counterclaims for breach of contract. Stevens Dec. ¶ 4, Ex. C (Doc. #113).

In its transfer motion, NBC asserts that it was compelled to assert contract claims in California, because DISH supposedly interjected "new" contract-related allegations in its answer

to NBC's California action by alleging that "DISH and its subscribers were authorized and/or licensed by the Plaintiffs to engage in the allegedly infringing conduct." NBC Moving Brief at 1-2. As set forth above, DISH made similar allegations as to its authorization from NBC in its original pleadings in this action, yet NBC steadfastly maintained in this Court that there was no contract dispute. The only change between then and now is a tactical change by NBC, which has now decided to assert a contract claim. DISH does not dispute that NBC may attempt to assert a claim for breach of contract, but it must be asserted as a compulsory counterclaim in this Court.[4]

## ARGUMENT

### NBC'S RENEWED MOTION TO TRANSFER SHOULD BE DENIED

NBC improperly attempts to revisit the question of transferring DISH's contract claims to the Central District of California. It is too late for NBC to move for reconsideration and there are no grounds for reconsideration. In addition, this Court's earlier decision on the transfer issue is law of the case. The contract dispute is being heard in this Court. Any contract claims by NBC against DISH must be brought as compulsory counterclaims here.

### A. This Court Should Not Reconsider Its July 9 Order

NBC's renewed motion to transfer is nothing other than an out-of-time motion for reconsideration of this Court's July 9 Opinion. Under Local Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York, a "motion for reconsideration . . . ***shall be served within fourteen (14) days*** after the entry of the Court's determination of the original motion . . . ." (emphasis added). NBC's motion was filed almost two months after the Court's July 9 Order – long past the deadline imposed by the Local Rules. *See, e.g., Anderson v. Granoff, Walker & Forlenza, P.C.*, No. 11 Civ. 4178 (DAB), 2012 WL 1659186, at *1 (S.D.N.Y. May 9, 2012) (denying motion for reconsideration as "untimely"

---

[4] DISH is moving tomorrow in California to dismiss NBC's contract claims. Simpson Dec. ¶ 13.

because party's "[m]otion was not filed within fourteen days" after the court's order under Local Rule 6.3); *Grand River Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK), 2009 WL 1739893, at *1-2 (S.D.N.Y. Jun. 16, 2009) (denying motion as untimely under Local Rule 6.3 and noting that "[a] party's failure to make a motion for reconsideration in a timely manner is ***by itself a sufficient basis for denial***") (emphasis added).

Even if NBC's request for reconsideration were timely, there are no grounds for the Court to reconsider its July 9 Order. A court should only reconsider a prior ruling where the moving party makes "a compelling showing of 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005). NBC's motion is devoid of any reference to an intervening change in law, new evidence, or any need to correct a clear error. Instead, NBC's motion hinges only on a claim of change of circumstances. But, that change was manufactured by NBC, which has newly decided that it would like to assert breach of contract claims against DISH. The law is clear that "[a] party cannot manufacture a 'related action' in order to manipulate the merits of a transfer motion." *Children's Network, LLC v. Pixfusion LLC*, 722 F. Supp.2d 404, 415 (S.D.N.Y. 2010).

NBC disingenuously asserts that DISH's position that PrimeTime Anytime and AutoHop are "authorized" is something new. NBC is well-aware that DISH took that position from the very outset of this litigation, alleging authorization in its original complaint. In the face of that allegation, NBC repeatedly asserted that there was no contract dispute between it and DISH.

Nothing has changed since this Court resolved NBC's original transfer motion, and NBC fails to identify any issue that the parties neglected to brief or the Court failed to consider. For

example, NBC argues that judicial efficiency favors transfer of DISH's action against it here to the Central District of California. However, this Court addressed the judicial efficiency of a consolidated proceeding in its ruling on DISH's motion for an anti-suit injunction and NBC's cross-motion to transfer. The Court found that "[t]here are numerous ways to mitigate whatever inefficiencies might result from allowing these claims to proceed in separate venues." July 9 Order at 12-13.

### B. NBC's Motion Should be Denied Based Upon the Law of the Case

NBC is asking this Court to alter its previous ruling that declined to transfer DISH's contract claims to California. Under the doctrine of law of the case, NBC's renewed motion should be denied. This Court should rule consistently with its prior decision and deny the motion.

The law of the case doctrine provides that "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991) ("The doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (citations omitted). By "refus[ing] to reopen what has [already] been decided," the law of the case doctrine motivates courts to "maintain consistency and avoid reconsideration of matters" that have already been resolved. *Devila v. Schriver*, 245 F.3d 192, 197 (2d Cir. 2002) (internal quotations and citations omitted). Although the application of law of the case is discretionary, it is "a sound rule and a most appropriate one [for a court] to apply" to prior determinations. *Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 637 F.2d 77, 87 (2d Cir. 1980).

Where, as here, a court has already ruled on a motion to transfer, that holding is the law of the case and should continue to govern. *See, e.g.*, *Washington Nat'l Life Ins. Co. of New York*

*v. Morgan Stanley & Co. Inc.*, 974 F. Supp. 214, 218-24 (S.D.N.Y. 1997) (finding that prior determination on a motion to transfer was "law of th[e] case" and should not be revisited); *Bogosian v. Gulf Oil Corp.*, 337 F. Supp. 1230, 1234 (E.D. Pa. 1972) (district court's "denial of [a] motion to transfer constitutes law of the case") (internal quotations and citation omitted). NBC's motion to transfer, having been denied once before, should now be denied again.

### C. NBC's Contract Claims Are Compulsory Counterclaims

To the extent the NBC would like to assert breach of contract claims against DISH, those claims are compulsory counterclaims that may only be asserted in this action. "A claim is compulsory if 'a logical relationship exists between the claim and the counterclaim and [if] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' . . . Furthermore, '[i]f a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit.'" *Ginther v. Provident Life & Cas. Ins. Co.*, 350 F. App'x 494, 496 (2d Cir. 2009) (quoting *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000)). Because DISH has a declaratory judgment claim pending against NBC in this Court, based on the same contract and the same facts, NBC's breach of contract claims against DISH are compulsory counterclaims here and may not be asserted in another lawsuit in another court.

### D. The Balance Of Convenience Favors New York

Finally, NBC largely ignores the balance of convenience factors to be weighed by the Court on a § 1404 motion.[5] Those factors show that the contract dispute is properly heard in New York. *See, e.g.,* Simpson Dec. Exs. 2 (DISH Injunction Brief) (Doc. #10) at 17-20; 5 (DISH Injunction Reply and Opp.) (Doc. #51) at 21-24.

---

[5] *DH Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (describing factors considered on motion to transfer); *Everest Capital Ltd. v. Everest Funds Mgmt., LLC*, 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002) (same).

On August 24, 2012, the parties served initial disclosures in this action pursuant to Fed. R. Civ. P. 26(a)(1).  NBC identified four witnesses.  Simpson Dec. ¶ 12, Ex. 12 (NBC Initial Disclosures) at 2-3.  Two of the four witnesses reside in New York.  *Id.* Exs. 13 (R. Lamprecht NBCUniversal Website Profile) and 14 (J. Pirot LinkedIn Profile).  Only one witness appears to be located in Los Angeles.  *Id.* Ex. 15 (B. Baker NBCUniversal Website Profile).  In addition, Matt Bond, who is DISH's primary contact at NBC, is located in New York, where NBC has its headquarters.  *Id.* Ex. 6 (Second Shull Dec.) (Doc #52) ¶ 7; *see Paul Revere Life Ins. Co. v. Segal*, No. 99 Civ. 3022 (MBM), 2000 WL 1448626, at *5-6 (S.D.N.Y. Sept. 28, 2000) (denying §1404 transfer motion where moving party's initial disclosures showed that seven of twenty-four witnesses were in New York, because New York was the most convenient forum for the witnesses).

NBC argues that the convenience of witnesses favors hearing this case in the Central District of California, noting that DISH is located in Colorado, and Colorado is closer to California than to New York.  NBC Moving Brief at 10.  NBC neglects to mention that it is headquartered in New York City and that, as reflected in its initial disclosures, many of its own witnesses and documents are located here.  Moreover, DISH maintains offices in New York City as well.  *See* Second Shull Dec. ¶ 11.  The Retransmission Agreement is governed by New York law, and that also weighs in favor of keeping the contract claim here.  *Rockefeller Univ. v. Ligand Pharm.*, 581 F. Supp. 2d 461, 468 (S.D.N.Y. 2008).

DISH, as the plaintiff in this action, should be accorded deference in determining where this contract litigation is located.  *Royal & Sun Alliance Ins. PLC v. UPS Supply Chain Solutions, Inc.*, 09 CIV 5935 (LTS) (AJP), 2010 WL 4967984, at *1 (S.D.N.Y. Dec. 1, 2010).  NBC argues that DISH's declaratory judgment claim should not be accorded any weight in choosing between

fora, because DISH is supposedly not a "natural" plaintiff, and its declaratory judgment claims purportedly serve no useful purpose.  However, this Court has already ruled that DISH may assert contract claims in this Court.  Moreover, DISH could not have improperly anticipated or preempted a claim that NBC did not bring and, until recently, affirmatively disclaimed.

## CONCLUSION

NBC's renewed motion to transfer should again be denied.

Dated:   New York, New York
             September 17, 2012

ORRICK HERRINGTON & SUTCLIFFE LLP


 /s/ Peter A. Bicks
Peter A. Bicks
pbicks@orrick.com
E. Joshua Rosenkranz
jrosenkranz@orrick.com
Lisa T. Simpson
lsimpson@orrick.com
Elyse D. Echtman
eechtman@orrick.com
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

Annette L. Hurst
ahurst@orrick.com
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
(415) 773-5700

Of Counsel:

Mark A. Lemley
mlemley@durietangri
Michael Page
mpage@durietangri
Durie Tangri LLP
217 Leidesdorff Street

San Francisco, California  94111
(415) 362-6666

*Attorneys for DISH Network L.L.C.*