UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>        Plaintiff,<br><br>v.<br><br>ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS CORPORATION, and NBCUNIVERSAL MEDIA, L.L.C.,<br><br>        Defendants. | 12 Civ. 4155 (LTS) (KNF)<br><br>**DISH NETWORK L.L.C.'S ANSWER TO NBCUNIVERSAL MEDIA, L.L.C'S COUNTERCLAIMS**<br><br>**WITH JURY TRIAL DEMAND** |
| ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., and DISNEY ENTERPRISES, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>DISH NETWORK CORPORATION, and DISH NETWORK, L.L.C.,<br><br>        Counterclaim Defendants. | |

Counterclaim Defendant DISH Network, L.L.C. ("DISH"), by and through its attorneys, Orrick, Herrington & Sutcliffe LLP, hereby answers the counterclaims (the "Counterclaims") of NBCUniversal Media, L.L.C. ("NBC") as follows upon information and belief:

### "INTRODUCTION"

1.    With respect to Paragraph 1 of the Counterclaims, DISH admits that NBC asserts claims against it under various legal theories, denies that any of those claims have merit, and otherwise denies the allegations set forth in that Paragraph.

2.    With respect to Paragraph 2 of the Counterclaims, DISH denies the allegations.

## "THE PARTIES"

3. With respect to Paragraph 3 of the Counterclaims, DISH admits the allegations set forth in the first sentence, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the remaining sentences of that Paragraph.

4. With respect to Paragraph 4 of the Counterclaims, DISH admits the allegations.

## "JURISDICTION"

5. With respect to Paragraph 5 of the Counterclaims, DISH admits that NBC seeks damages according to various legal theories, but denies that NBC is entitled to any such damages and otherwise denies the allegations set forth in that Paragraph.

6. With respect to Paragraph 6 of the Counterclaims, DISH admits the allegations.

7. With respect to Paragraph 7 of the Counterclaims, DISH admits the allegations.

## "COUNT I"

### "(Breach of Contract)"

8. DISH incorporates by reference its answers to Paragraphs 1 through 7 of the Counterclaims as if fully set forth herein.

9. With respect to Paragraph 9 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in the second sentence to the extent that sentence characterizes an increasing trend of transmission of NBC content to the public by subscription-based cable and satellite companies, but admits the allegation in that sentence that DISH re-transmits NBC content carried on local broadcast stations, and denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations set forth in the remaining sentences of that Paragraph.

10. With respect to Paragraph 10 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "the sale of commercial advertising is a significant source of income to" NBC and denies the remaining allegations set forth in that Paragraph.

11. With respect to Paragraph 11 of the Counterclaims, DISH admits the allegations contained in the first sentence and denies the allegations set forth in the second and third sentences in that Paragraph.  In response to the allegations set forth in the fourth sentence of Paragraph 11, DISH admits that certain changes were made to the PTAT feature after this litigation had commenced to enhance subscriber choice, denies that NBC accurately describes those changes, and otherwise denies the allegations set forth in the fourth sentence of Paragraph 11.  DISH avers that, while this and other litigation over the PTAT feature were pending, it implemented certain previously contemplated changes to the PTAT feature, including but not limited to the addition of a menu of options for the PTAT feature that allows DISH subscribers to select which of the four networks' primetime programming they want to record on the hard drive of their Hopper DVRs, the nights of the week that they want to record that primetime programming and the default length of time that they want to save the recordings.

12. With respect to Paragraph 12 of the Counterclaims, DISH denies the allegations.

13. With respect to Paragraph 13 of the Counterclaims, DISH denies the allegations.

14. With respect to Paragraph 14 of the Counterclaims, DISH admits that it and NBC are successors in interest to a retransmission agreement that has been amended from time to time, including on April 18, 2008 (the "Retransmission Agreement"), and respectfully refers the Court

to that Retransmission Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

15. With respect to Paragraph 15 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16. With respect to Paragraph 16 of the Counterclaims, DISH denies the allegations.

17. With respect to Paragraph 17 of the Counterclaims, DISH respectfully refers the Court to the Retransmission Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

18. With respect to Paragraph 18 of the Counterclaims, DISH admits that the Retransmission Agreement was amended by term sheets dated as of December 31, 2005 (the "2005 Amendment") and as of April 8, 2008 (the "2008 Amendment"), and respectfully refers the Court to those documents for a complete and accurate statement of their terms.

19. With respect to Paragraph 19 of the Counterclaims, DISH respectfully refers the Court to the 2008 Amendment for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

20. With respect to Paragraph 20 of the Counterclaims, DISH respectfully refers the Court to the Retransmission Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

21. With respect to Paragraph 21 of the Counterclaims, DISH respectfully refers the Court to the Retransmission Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

22. With respect to Paragraph 22 of the Counterclaims, DISH admits that the 2008 Amendment expressly authorizes DISH's activation of DVR capability for its subscribers,

respectfully refers the Court to the Retransmission Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

23. With respect to Paragraph 23 of the Counterclaims, DISH respectfully refers the Court to the Retransmission Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

24. With respect to Paragraph 24 of the Counterclaims, DISH denies that any grant of a "right" from NBC is necessary for DISH's subscribers to make recordings of NBC programming on the DVRs in their homes for private home viewing at a later time and to skip commercials upon playback of those recordings, and otherwise denies the allegations set forth in that Paragraph.

25. With respect to Paragraph 25 of the Counterclaims, DISH denies that any grant of a "right" from NBC is necessary for DISH's subscribers to make recordings of NBC programming on the DVRs in their homes for private home viewing at a later time and to skip commercials upon playback of those recordings, and otherwise denies the allegations set forth in that Paragraph.

26. With respect to Paragraph 26 of the Counterclaims, DISH denies that any grant of a "right" from NBC is necessary for DISH's subscribers to make recordings of NBC programming on the DVRs in their homes for private home viewing at a later time and to skip commercials upon playback of those recordings, and otherwise denies the allegations set forth in that Paragraph.

27. With respect to Paragraph 27 of the Counterclaims, DISH denies the allegations.

28. With respect to Paragraph 28 of the Counterclaims, DISH denies the allegations.

29. With respect to Paragraph 29 of the Counterclaims, DISH denies the allegations.

30. With respect to Paragraph 30 of the Counterclaims, DISH denies the allegations.

31. With respect to Paragraph 31 of the Counterclaims, DISH denies the allegations.

32. With respect to Paragraph 32 of the Counterclaims, DISH denies the allegations.

## "COUNT II"

### "(Breach of Contract – Implied Covenant of Good Faith and Fair Dealing)"

33. DISH incorporates by reference its answers to Paragraphs 1 through 32 of the Counterclaims as if fully set forth herein.

34. With respect to Paragraph 34 of the Counterclaims, DISH denies the allegations.

35. With respect to Paragraph 35 of the Counterclaims, DISH denies the allegations.

## FIRST DEFENSE

36. The Counterclaims fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

37. The Counterclaims are barred in whole or in part by the doctrines of laches, waiver, estoppel and acquiescence.

## THIRD DEFENSE

38. The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH DEFENSE

39. The conduct of DISH and its subscribers is authorized and licensed by 17 U.S.C. §§ 119 and 122.

## DEMAND FOR JURY TRIAL

40. DISH hereby demands a trial by jury on the Counterclaims.

Dated:   New York, New York
         September 24, 2012

Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP


_____s/Peter A. Bicks_____
Peter A. Bicks
pbicks@orrick.com
E. Joshua Rosenkranz
jrosenkranz@orrick.com
Elyse D. Echtman
eechtman@orrick.com
51 West 52nd Street
New York, New York 10019-6142
(212) 506-5000

Annette L. Hurst
ahurst@orrick.com
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
(415) 773-5700

Of Counsel:

Mark A. Lemley
mlemley@durietangri
Michael Page
MPage@durietangri
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, California  94111
(415) 362-6666

*Attorneys for DISH Network L.L.C.*