**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS CORPORATION, and NBCUNIVERSAL MEDIA, L.L.C., <br><br> Defendants. | Case No.   12 CIV. 4155 (LTS) (KNF) |
| ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., and DISNEY ENTERPRISES, INC., <br><br> Counterclaimants, <br><br> v. <br><br> DISH NETWORK CORPORATION, and DISH NETWORK, L.L.C., <br><br> Counterclaim Defendants. | |

**REPLY MEMORANDUM OF DEFENDANT NBCUNIVERSAL MEDIA, L.L.C. IN FURTHER SUPPORT OF ITS MOTION TO TRANSFER DISH NETWORK'S REMAINING DECLARATORY JUDGMENT CLAIM AGAINST IT TO THE CENTRAL DISTRICT OF CALIFORNIA**

i

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.    NBCU'S MOTION IS NOT PRECLUDED BY THE JULY 9 ORDER ........................... 2

II.    FULL CONSIDERATION OF JUDICIAL EFFICIENCY AND CONVENIENCE FACTORS REQUIRE TRANSFER OF DISH'S DECLARATORY JUDGMENT CLAIM ................................................................................................................................. 7

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Aguiar v. Natbony*,
  No. 10 Civ. 6531 (PGG), 2011 WL 1873590 (S.D.N.Y. May 16, 2011) ................................. 9

*Bogosian v. Gulf Oil Corp.*,
  337 F. Supp. 1230 (E.D. Pa. 1972) ......................................................................................... 4

*Children's Network, LLC v. Pixfusion LLC*,
  722 F. Supp. 2d 404 (S.D.N.Y. 2010) ..................................................................................... 6

*Colonomos v. Ritz-Carlton Hotel Co., LLC*,
  No. 98 Civ. 2633 (RCC), 2002 WL 732113 (S.D.N.Y. Apr. 25, 2002) .................................. 3

*Cont'l Grain Co. v. The FBL-585*,
  364 U.S. 19 (1960) .................................................................................................................. 7

*Devilla v. Schriver*,
  245 F.3d 192 (2d Cir. 2001) ................................................................................................... 4

*Essex Crane Rental Corp. v. Vic Kirsch Const. Co., Inc.*,
  486 F. Supp. 529 (S.D.N.Y. 1980) ......................................................................................... 2

*Freeman v. Hoffmann-La Roche Inc.*,
  No. 06 Civ. 13497 (RMB) (RLE), 2007 WL 895282 (S.D.N.Y. Mar. 21, 2007) ................... 9

*General Elec. Co. v. F. T. C.*,
  411 F. Supp. 1004 (N.D.N.Y. 1976) ..................................................................................... 10

*Goggins v. Alliance Capital Mgmt., L.P.*,
  279 F. Supp. 2d 228 (S.D.N.Y. 2003) ................................................................................. 7, 9

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*,
  419 F. Supp. 2d 395 (S.D.N.Y. 2005) ..................................................................................... 8

*Kolko v. Holiday Inns, Inc.*,
  672 F. Supp. 713 (S.D.N.Y. 1987) .......................................................................................... 2

*Mastr Asset Backed Sec. Trust 2007-WMC1,
  ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg. LLC*,
  -- F. Supp. 2d --, No. 12 Civ. 3575 VM, 2012 WL 3100902 (S.D.N.Y. July 19, 2012) ........ 8

*Mincy v. Detroit & Cleveland Nav. Co.*,
  96 F. Supp. 505 (S.D.N.Y. 1950) ............................................................................................ 3

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

*Paul Revere Life Ins. Co. v. Segal*,
   No. 99 Civ. 3022 (MBM), 2000 WL 1448626 (S.D.N.Y. Sept. 28, 2000) ...............................8

*Rockefeller Univ. v. Ligand Pharm.*,
   581 F. Supp. 2d 461, 468 (S.D.N.Y. 2008).............................................................................9

*U.S. Lines Co. v. MacMahon*,
   285 F.2d 212 (2d Cir. 1960)....................................................................................................3

*Washington Nat'l Life Ins. Co. of New York v. Morgan Stanley & Co., Inc.*,
   974 F. Supp. 214 (S.D.N.Y. 1997) .........................................................................................4

**STATUTES**

28 U.S.C.
   § 1404................................................................................................................................ passim
   § 2201......................................................................................................................................5

**OTHER AUTHORITIES**

15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
   § 3844 (3d ed.) ........................................................................................................................4

4870454.1/44025-00003

## PRELIMINARY STATEMENT

NBCUniversal Media, L.L.C. ("NBCU") seeks the transfer of DISH Network L.L.C.'s ("DISH") sole remaining declaratory judgment claim against it to prevent the extraordinary inefficiencies that would result from litigating identical contract interpretation issues in separate federal actions. There is simply no rational reason why both the Southern District of New York and the Central District of California should analyze and construe the identical terms of the Retransmission Agreement.[1]  Indeed, DISH has not cited – and diligent research has failed to disclose – *a single case* decided under 28 U.S.C. § 1404(a) that left in place the result that DISH advocates, namely, a lawsuit cloven in two in which two different district courts will be required to interpret the same provisions of the same contracts between the same parties, in order to decide claims arising from the same set of operative facts. In the interests of avoiding that illogical, highly inefficient and apparently unprecedented state of affairs, this case should be transferred under Section 1404(a).

In opposition, DISH does not even attempt to show – because it cannot – that judicial economy will be served if this Court continues to retain DISH's contract-based declaratory judgment claim, nor even that this Court is a more convenient forum for it. Instead, DISH's opposition consists primarily of three equally flawed "red herring" arguments: (i) in direct contradiction to Second Circuit precedent expressly permitting renewed motions to transfer based on newly developed facts, DISH argues that NBCU's motion is an untimely and improper motion for reconsideration; (ii) in contravention of the same precedent, DISH argues that the discretionary "law of the case" doctrine bars consideration of NBCU's transfer motion; and (iii)

---

[1] This brief uses the same defined terms as are used in the Memorandum of Law in Support of NBCUniversal's Motion to Transfer DISH Network's Declaratory Judgment Claim Against it to the Central District of California (Doc. No. 115).

1

DISH argues incorrectly that NBCU's affirmative breach of contract claims may only be heard in this Court as compulsory counterclaims to DISH's own declaratory judgment claims. For the reasons discussed more fully below, none of DISH's arguments has merit. As established in NBCU's opening papers and below, transferring DISH's declaratory judgment claim to the Central District of California is a rational and prudent exercise of this Court's authority, to which there is no legitimate objection or obstacle. NBCU's motion should be granted.

## ARGUMENT

### I. NBCU'S MOTION IS NOT PRECLUDED BY THE JULY 9 ORDER

DISH's opposition principally rests on the premises that NBCU's motion is an improper and untimely request for reconsideration of the July 9 Order, and similarly that NBCU's motion is barred by the "law of the case" doctrine. DISH is wrong. This motion cannot properly be considered a request for reconsideration of any prior order, and is entirely authorized under the relevant law.

As a general matter, a motion to transfer pursuant to Section 1404(a) may be made at any time, so long as the timing of the motion does not result in any undue delay. *See Kolko v. Holiday Inns, Inc.*, 672 F. Supp. 713, 716 (S.D.N.Y. 1987) ("Section 1404(a) sets no time limit at which a motion to transfer may be made."); *Essex Crane Rental Corp. v. Vic Kirsch Const. Co., Inc.*, 486 F. Supp. 529, 535 (S.D.N.Y. 1980) ("'[S]ince Sec. 1404(a) looks to sound judicial administration, a court is not foreclosed from ordering a transfer whenever the factors enumerated in the statute are made to appear, whether this is at an early stage of the action or at a much later point of time.'" (citation omitted)). NBCU made this motion simultaneously with the filing of its Answer, and only one month after DISH injected the Retransmission Agreement into

the California Action by raising it as an affirmative defense. There is no question that NBCU's transfer motion is timely.

DISH nevertheless argues (i) that this motion is improper because it purportedly seeks to reconsider the Court's ruling on NBCU's prior motion to dismiss (the "Motion to Dismiss"), which had included an alternative request for transfer relief, and (ii) that the motion is somehow barred by the "law of the case" doctrine. However, even if one were to accept DISH's erroneous premise that this Court's July 9 Order actually decided the alternative transfer prong of NBCU's Motion to Dismiss, the present motion would not be precluded due to the significantly changed circumstances in this bicoastal litigation since the Court issued the July 9 Order.

The Second Circuit, as well as courts in this district, have repeatedly held that an initially denied transfer motion may be renewed at a later stage of the same action based on subsequent developments in the case. *See U.S. Lines Co. v. MacMahon*, 285 F.2d 212, 212 (2d Cir. 1960) ("The district court is not precluded from hearing and considering any subsequent motion, if made, for transfer on the facts then presented. . . . It may well be that facts will be developed in the course of pre-trial procedures which would furnish grounds for further consideration of a motion under 28 U.S.C. § 1404(a)."); *Colonomos v. Ritz-Carlton Hotel Co., LLC*, No. 98 Civ. 2633 (RCC), 2002 WL 732113, at *7 (S.D.N.Y. Apr. 25, 2002) (the "law of the case" doctrine is inapplicable to a renewed motion to transfer under 28 U.S.C. § 1404 where activity subsequent to a previous order "has significantly changed the factual considerations th[e] Court must weigh in deciding a motion to transfer"); *Mincy v. Detroit & Cleveland Nav. Co.*, 96 F. Supp. 505, 505 (S.D.N.Y. 1950) (denial of defendant's prior motion to transfer was "of course, not dispositive of the present motion" to transfer). Notably, in *U.S. Lines*, the Second Circuit granted a writ of mandamus to strike the phrases "without leave to renew" and "with prejudice" from the district

3

court's orders denying an initial motion to transfer, holding that it was improper to prohibit renewal of the motion based on new facts that "may well . . . be developed in the course of pre-trial procedures" – precisely the circumstances at bar.  285 F.2d at 212; *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3844 (3d ed.) ("Even though a motion for transfer has been denied once, the district judge is not precluded from hearing and considering a subsequent motion, if made, for transfer on the basis of the facts then presented.").  Moreover, as DISH itself recognizes, "the law of the case . . . merely expresses the practice of the courts generally to refuse to reopen what has been decided" and is "at best, a discretionary doctrine which does not constitute a limitation on the court's power but merely expresses [this practice]."  *Devilla v. Schriver*, 245 F.3d 192, 197 (2d Cir. 2001) (quotations and citation omitted).[2]

In denying NBCU's motion to dismiss DISH's contract-based declaratory judgment claims, the July 9 Order specifically noted that the Retransmission Agreement was not then at issue in the California Action.  July 9 Order at 12.  That is no longer the case.  Most importantly, after the July 9 Order, DISH itself asserted a contract-based affirmative defense in its answer to the California copyright infringement complaint.  By injecting the Retransmission Agreement into the California Action, DISH altered the factual and procedural landscape.  In addition, after DISH answered and raised the contract-based affirmative defense, NBCU filed an amended

---

[2] The authorities DISH cites in support of the application of the "law of the case" doctrine to this transfer motion are inapposite.  In *Washington Nat'l Life Ins. Co. of New York v. Morgan Stanley & Co., Inc.*, 974 F. Supp. 214 (S.D.N.Y. 1997), the court did *not* apply the "law of the case" doctrine to its own prior decision, as DISH is suggesting here, but rather merely recognized the general proposition that "absent special circumstances, courts in this Circuit have refused to revisit transfer orders *from another court*."  *Id.* at 219 (emphasis added).  Moreover, the court in *Washington Nat'l* went on to consider the typical Section 1404 transfer factors before making its determination.  *Id.* at 220-23.  The second case cited by DISH, *Bogosian v. Gulf Oil Corp.*, 337 F. Supp. 1230 (E.D. Pa. 1972), is a 40 year old, out-of-circuit decision in which the court fully analyzed convenience factors prior to denying the defendants' motion to transfer, and only raised the "law of the case" doctrine as an issue when the defendants moved for reconsideration of the court's order, but "presented no new facts."  *Id.* at 1234.

4

complaint in California adding contract claims.³  As a result, the New York Action and the California Action inevitably overlap:  at a minimum, resolution of DISH's affirmative defense to the California copyright infringement claims will require resolution of the same issues as will need to be decided in the New York contract dispute, and NBCU's contract claims in the California Action only increase the overlap.  In light of these changed circumstances, which DISH precipitated by its answer to the California copyright infringement complaint, the instant motion could not be an improper request to reconsider.

In any event, DISH's preclusion arguments depend on its mischaracterization of the Motion to Dismiss as a fully considered transfer motion under Section 1404(a).  In so arguing, DISH relies on a false premise.  This motion in fact does *not* raise the same issues as the prior Motion to Dismiss.  In response to DISH's hastily filed anticipatory declaratory judgment action, NBCU and co-defendant CBS Corporation jointly moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. § 2201, or in the alternative, to transfer or stay pursuant to 28 U.S.C. §§ 1404(a) and 2201.  The Motion to Dismiss argued that DISH's original complaint in this action should be dismissed because (i) DISH's lawsuit was an improper anticipatory action; and (ii) DISH's lawsuit served no useful purpose.  The Motion to Dismiss did *not*, as the instant motion does, turn on judicial efficiency.

Not surprisingly, the July 9 Order ruled on NBCU's primary motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), but never mentioned, much less decided, the alternative Section 1404(a) ground. July 9 Order at 2.  Indeed, DISH has acknowledged as much in a brief

---

³ DISH places great emphasis on NBCU's argument in the Motion to Dismiss that DISH had no reasonable apprehension of contract claims being asserted against it at the time it filed this action.  This is another red herring: those statements were true when made.  Only when DISH raised the Retransmission Agreement as an affirmative defense in the California Action – thereby injecting the issue into the copyright infringement case – did NBCU assert affirmative breach of contract claims.  In any event, even if NBCU had not asserted contract claims in California, transfer would nonetheless be appropriate.  As noted in the text, the California court must interpret the Retransmission Agreement DISH has relied on it in its affirmative defense of "authorization."

that it recently filed in the CBS California Action.  *See* Reply Declaration of Jane G. Stevens, Exhibit A, at pp. 1-2.  In that brief, DISH represented to Judge Gee of the Central District of California:  "The issue presented to Judge Swain . . . was whether DISH's declaratory relief complaint would receive the benefit of the first-filed rule or, as the networks argued, whether DISH's action was an improper anticipatory filing that would lose the benefit of being filed first."  *Id.*  DISH knows very well that NBCU did not in its Motion to Dismiss argue any of the 28 U.S.C. § 1404(a) factors, or cite to any Section 1404(a) case law.

In stark contrast, NBCU's present motion to transfer asks the Court to apply all of the factors relevant to an analysis under Section 1404(a) to DISH's declaratory contract claim against NBCU, and to weigh, in particular, the significant issue of judicial economy presented by the indisputable reality that both this Court and the Central District of California will now inevitably be required to interpret the same provisions of the Retransmission Agreement in order to dispose of the claims pending in their respective courts if transfer is denied.  DISH does not deny that its affirmative defense of contractual "authorization" in the California Action will require that the Central District of California interpret the very same contractual provisions DISH has raised in its declaratory judgment claim against NBCU in this Court.  In addition, NBCU has now asserted breach of contract claims in the California Action.[4]  These considerations were simply not before the Court on NBCU's previous motion.  For these reasons,

---

[4] *Children's Network, LLC v. Pixfusion LLC*, 722 F. Supp. 2d 404 (S.D.N.Y. 2010), cited at pages 2 and 7 of DISH's brief, is inapposite.  Here, unlike in *Children's Network*, NBCU did not "manufacture" a related action in order to alter the transfer analysis.  To the contrary, the overlap between this action and the California Action resulted when DISH raised the Retransmission Agreement as an affirmative defense in the California Action.  Moreover, the court in *Children's Network*, a patent infringement case, declined to grant the defendant's requested transfer because, on the highly distinguishable facts, the defendant there failed to show that the action pending in the potential transferee court was "in fact, related to th[e] dispute" before the court, and because the other action involved different parties and different products that did not have any affiliation or relation with those in the action in the Southern District.  *Id.* at 415.

6

DISH's primary arguments – that the instant motion seeks "reconsideration" and is barred by the "law of the case" doctrine – are fatally flawed.

In sum, DISH itself nowhere disputes that the California Action and the declaratory judgment claim in this action unquestioningly overlap. As this Court recognized in its July 9 Order, "there is no useful or appropriate purpose in entertaining Dish's declaratory judgment action to the extent it overlaps with the litigation pending in the Central District of California." July 9 Order at 12. To the contrary, considerations of judicial efficiency require that DISH's remaining declaratory judgment claim against NBCU be transferred to the Central District of California, the only forum where the entire dispute between these parties can be litigated.

## II. FULL CONSIDERATION OF JUDICIAL EFFICIENCY AND CONVENIENCE FACTORS REQUIRE TRANSFER OF DISH'S DECLARATORY JUDGMENT CLAIM

DISH accuses NBCU of ignoring the various factors that are to be weighed by the Court on a motion to transfer pursuant to Section 1404(a). On the contrary, it is DISH that gives short shrift to the weighty interests of justice and judicial economy, which in a case such as this should be dispositive. *See, e.g.*, *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent."); *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 235 (S.D.N.Y. 2003). As noted, DISH does not – and cannot – dispute that if the declaratory contract claim against NBCU remains in New York, both this Court and the Central District of California will necessarily have to interpret the Retransmission Agreement. As such, and as DISH similarly does not and cannot dispute, there is a significant and inherent risk of inconsistent results presented by the California and New York actions. In these circumstances, "judicial economy

7

and the interests of justice weigh heavily in favor of transfer" because "it is more efficient to have one court interpret the same contracts, rather than multiple courts potentially arriving at inconsistent results." *Mastr Asset Backed Sec. Trust 2007-WMC1, ex rel. U.S. Bank Nat'l Ass'n v. WMC Mortg. LLC*, -- F. Supp. 2d --, No. 12 Civ. 3575 VM, 2012 WL 3100902, at *5 (S.D.N.Y. July 19, 2012).[5]

The three convenience factors on which DISH most heavily relies do not change this analysis. That a small number of witnesses identified by NBCU are located in New York should be accorded little weight, as all are NBCU employees who could be produced in the California Action.[6] *See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005) ("The convenience of non-party witnesses is accorded more weight than that of party witnesses."). As DISH does not dispute, at least one identified witness is also based in Los Angeles, and this Court has already taken judicial notice that NBCU performs substantial operations out of Los Angeles.[7] Notably, DISH does not identify any of its own witnesses, or any non-party witnesses, that are in New York or would be inconvenienced by a transfer of DISH's declaratory judgment claim to the Central District of California. *And, most strikingly, DISH does not even argue that New York is, in fact, a more convenient forum for it*. Moreover, because the contract interpretation dispute between NBCU and DISH will be heard in the California Action in any event (at a minimum because of DISH's "authorization" affirmative

---

[5] NBCU acknowledges that, as the Court previously recognized, certain judicial efficiencies can be mitigated through coordination amongst the parties and the courts. However, no amount of cooperation or coordination could eliminate the inevitable duplication and potential inconsistency that would arise from two courts being required to interpret the same contractual language.

[6] *Paul Revere Life Ins. Co. v. Segal*, No. 99 Civ. 3022 (MBM), 2000 WL 1448626, at *5 (S.D.N.Y. Sept. 28, 2000), the sole authority cited by DISH regarding the convenience of witnesses, is distinguishable: in that case, the witnesses were not employees of any party. *Id.*

[7] As the Court noted in its July 9 Order, the fact that "the Networks have ties to the Southern District in addition to their ties to the Central District of California…do[es] not persuade the Court that the Southern District is a plainly superior venue." July 9 Order at 11 n. 4 (emphasis in original).

defense directed to the copyright infringement claim), any potential inconvenience to some witnesses "is significantly outweighed by the convenience of providing testimony in a single consolidated action." *Goggins*, 279 F. Supp. 2d at 233.

As already addressed in NBCU's opening memorandum, neither of the other convenience factors addressed by DISH – governing law and deference to plaintiff's choice of forum – should be accorded much weight here. While it is true that the Retransmission Agreement is governed by New York law, courts "routinely [hold] that the 'governing law' factor is to be accorded little weight on a motion to transfer venue."[8] *Aguiar v. Natbony*, No. 10 Civ. 6531 (PGG), 2011 WL 1873590, at *10 (S.D.N.Y. May 16, 2011) (quotation and citation omitted). Similarly, DISH is a resident of Colorado, not New York, and its choice of forum in this declaratory judgment action – which this Court has already determined to have been "a 'place holder' lawsuit, filed in anticipation of coercive litigation and designed principally to secure Dish's preferred forum over any other forum selected by the natural plaintiffs" – therefore should also be accorded little weight. July 9 Order at 9-10; *see Freeman v. Hoffmann-La Roche Inc.*, No. 06 Civ. 13497 (RMB) (RLE), 2007 WL 895282, at *3 (S.D.N.Y. Mar. 21, 2007) (plaintiffs' choice of forum "is less compelling where, as here, plaintiffs choose a forum that is not their home district").

Finally, Dish's contention that NBCU's breach of contract claims may only appropriately be asserted as compulsory counterclaims in this case is yet another "red herring." If the declaratory relief claim is transferred to California, there will no longer be any affirmative claims stated against NBCU in this Court, and no need for NBCU to assert any "compulsory counterclaims." DISH does not cite any law supporting the proposition that the existence of a potential compulsory counterclaim somehow alters the transfer analysis under Section 1404(a),

---

[8] Even the case cited by DISH in support of its argument recognizes that only "slight weight" should be given to a choice-of-law provision. *Rockefeller Univ. v. Ligand Pharm.*, 581 F. Supp. 2d 461, 468 (S.D.N.Y. 2008).

9

nor could it. *See*, *e.g.*, *General Elec. Co. v. F. T. C.*, 411 F. Supp. 1004, 1008 (N.D.N.Y. 1976) (granting defendant's motion to transfer, despite plaintiff's argument that the claims presented in the second proceeding were compulsory counterclaims in the transferred action). At the same time it transfers DISH's remaining declaratory judgment claim against NBCU, the Court can also dismiss the counterclaims that NBCU has asserted protectively in this action without prejudice, or transfer them to the Central District of California, where the California court could sort out any overlap between those claims and the contract claims in NBCU's California amended complaint.

## CONCLUSION

For all the foregoing reasons and those set forth in NBCU's moving papers, the Court should grant NBCU's motion to transfer the single remaining declaratory judgment claim against it in this action to the Central District of California and, upon such transfer, dismiss without prejudice or transfer the counterclaims asserted by NBCU in this action.

DATED:  New York, New York
         September 27, 2012

MITCHELL SILBERBERG & KNUPP LLP

By:  ___/s/ Jane G. Stevens___
Jane G. Stevens (JS 5869)
jgs@msk.com
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendant*
*NBCUniversal Media, L.L.C.*

10