**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AUTOHOP LITIGATION<br>This Document Relates To:<br>DISH Network L.L.C., 12 Civ. 4155 (LTS) (KNF) | MASTER FILE<br>12 Civ. 4155 (LTS) (KNF) |

**DISH'S ANSWER TO THE ABC PARTIES' AMENDED COUNTERCLAIMS WITH JURY TRIAL DEMAND**

Counterclaim Defendants DISH Network Corporation and DISH Network L.L.C. ("DISH")[1] by and through their attorneys, Orrick, Herrington & Sutcliffe LLP, hereby answer the amended counterclaims (the "Amended Counterclaims") of ABC, Inc., American Broadcasting Companies, Inc., and Disney Enterprises, Inc. (together, "ABC") as follows upon information and belief:

**"INTRODUCTION"**

1.      With respect to Paragraph 1 of the Amended Counterclaims, DISH admits that DISH Network L.L.C. and ABC, Inc. are parties to a 2005 Digital Retransmission Consent Agreement, as amended (the "2005 Agreement") and respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in the first, third and fourth sentences.  DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence.

2.      With respect to Paragraph 2 of the Amended Counterclaims, DISH denies the allegations.

---

[1]      All statements regarding actions by or in relation to DISH contained herein refer to DISH Network L.L.C.  DISH Network Corporation is a holding entity.

3. With respect to Paragraph 3 of the Amended Counterclaims, DISH denies the allegations.

4. With respect to Paragraph 4 of the Amended Counterclaims, DISH admits that the second sentence describes content on its website at an unspecified time and respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in that sentence. DISH admits that the AutoHop feature only works on programming recorded using the PrimeTime Anytime feature on the Hopper Whole Home DVR, and otherwise denies the remaining allegations set forth in Paragraph 4 of the Amended Counterclaims.

5. With respect to Paragraph 5 of the Amended Counterclaims, DISH denies the allegations.

6. With respect to Paragraph 6 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences. To the extent that the third sentence of Paragraph 6 contains legal conclusions, no response is required, and DISH otherwise denies the allegations set forth in that sentence. DISH denies the remaining allegations set forth in Paragraph 6 of the Amended Counterclaims.

7. With respect to Paragraph 7 of the Amended Counterclaims, DISH denies the allegations.

**"THE PARTIES"**

8. With respect to Paragraph 8 of the Amended Counterclaims, DISH admits the allegations set forth in the first sentence. In response to the second sentence of Paragraph 8, DISH admits that ABC, Inc. is a party to the 2005 Agreement.

9. With respect to Paragraph 9 of the Amended Counterclaims, DISH admits the allegations set forth in the first sentence, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of that Paragraph.

10. With respect to Paragraph 10 of the Amended Counterclaims, DISH admits the allegations set forth in the first sentence and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of that Paragraph.

11. With respect to Paragraph 11 of the Amended Counterclaims, DISH admits the allegations.

12. With respect to Paragraph 12 of the Amended Counterclaims, DISH admits the allegations set forth in the first sentence and that DISH Network L.L.C. is an indirect, wholly-owned subsidiary of DISH Network Corporation, and otherwise denies the remaining allegations set forth in that Paragraph.

13. With respect to Paragraph 13 of the Amended Counterclaims, DISH admits that Counterclaim Defendant EchoStar Technologies L.L.C. ("EchoStar") is a Texas limited liability company with its principal place of business in Colorado.

14. With respect to Paragraph 14 of the Amended Counterclaims, DISH admits that EchoStar Corporation is EchoStar's sole member, that EchoStar Corporation and DISH Network Corporation have common controlling ownership and that DISH provides EchoStar with substantial business and revenues and otherwise denies the allegations set forth in that Paragraph.

15. With respect to Paragraph 15 of the Amended Counterclaims, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH denies the allegations.

## "JURISDICTION"

16. With respect to Paragraph 16 of the Amended Counterclaims, to the extent that it contains legal conclusions, no response is required. To the extent that a response might be required, DISH admits that Counterclaimants seek damages and injunctive relief based on certain legal theories, but denies that they are entitled to any such relief and otherwise denies the allegations set forth in that Paragraph.

17. With respect to Paragraph 17 of the Amended Counterclaims, to the extent that it contains legal conclusions, no response is required, and DISH otherwise admits that this Court has diversity jurisdiction over the contract claims.

18. With respect to Paragraph 18 of the Amended Counterclaims, to the extent that it contains legal conclusions, no response is required, and DISH otherwise admits this Court has federal question jurisdiction over the copyright claims and that there is supplemental jurisdiction over the contract claims.

19. With respect to Paragraph 19 of the Amended Counterclaims, DISH admits the allegations.

## "GENERAL ALLEGATIONS"

20. With respect to Paragraph 20 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

21. With respect to Paragraph 21 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

22. With respect to Paragraph 22 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

23. With respect to Paragraph 23 of the Amended Counterclaims, to the extent it contains legal conclusions, no response is required, and DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

24. With respect to Paragraph 24 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

25. With respect to Paragraph 25 of the Amended Counterclaims, to the extent it contains legal conclusions, no response is required, and DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

26. With respect to Paragraph 26 of the Amended Counterclaims, to the extent it contains legal conclusions, no response is required, and DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

**"A.   The ABC Parties' Ability To Produce And Distribute The ABC Programming Depends On Their Receipt of Commercial Advertising Revenues."**

27. With respect to Paragraph 27 of the Amended Counterclaims, DISH denies that "free 'over-the-air' network television" is at issue here, when DISH provides a pay television service and pays re-transmission fees to ABC, Inc., and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence. DISH denies the allegations set forth in the second sentence of that Paragraph.

28. With respect to Paragraph 28 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first, second, fourth and fifth sentences. DISH denies that the third sentence of Paragraph 28 accurately states DISH's awareness and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that sentence. DISH denies the allegations set forth in the sixth sentence of that Paragraph.

29. With respect to Paragraph 29 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence and denies the allegations set forth in the second sentence of that Paragraph.

30. With respect to Paragraph 30 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

31. With respect to Paragraph 31 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

32. With respect to Paragraph 32 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

33. With respect to Paragraph 33 of the Amended Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence. DISH denies the allegations set forth in the second sentence of that Paragraph.

> **B.   The 2005 Agreement Grants DISH Limited Rights To Deliver The ABC Programming.**

34. With respect to Paragraph 34 of the Amended Counterclaims, DISH admits that in 2005, DISH Network L.L.C.'s predecessor, EchoStar Satellite L.L.C. negotiated and entered into the 2005 Agreement with ABC, Inc., but otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in the first sentence. DISH admits the allegations set forth in the second sentence of that Paragraph. With respect to the third sentence of Paragraph 34, DISH admits that the 2005 Agreement authorizes it to retransmit a digital signal to its subscribers and respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegation set forth in that sentence.

35. With respect to Paragraph 35 of the Amended Counterclaims, DISH respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

36. With respect to Paragraph 36 of the Amended Counterclaims, DISH admits that the first sentence quotes from the 2005 Agreement and respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

37. With respect to Paragraph 37 of the Amended Counterclaims, DISH admits that the first sentence quotes from the 2005 Agreement and respectfully refers the Court to the 2005 Agreement for a complete and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

38. With respect to Paragraph 38 of the Amended Counterclaims, DISH denies the allegations.

> **C.    DISH Has Used The Copyrighted ABC Programming To Create An Unauthorized, Commercial-Free, On-Demand Service.**

39.    With respect to Paragraph 39 of the Amended Counterclaims, DISH admits that it began offering the Hopper Whole-Home HD DVR System to subscribers in mid-March, 2012, that the Hopper is a set-top box leased to subscribers who purchase certain packages of services from DISH and meet certain other criteria and avers that it is also made available on certain other terms, and otherwise denies the allegations set forth in the first, second and third sentences of that Paragraph.  DISH admits that the last sentence of Paragraph 39 purports to describe content on its website and respectfully refers the Court to that website content for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations set forth in that sentence.

40.    With respect to Paragraph 40 of the Amended Counterclaims, DISH denies the allegations.

41.    With respect to Paragraph 41 of the Amended Counterclaims, DISH denies the allegations.

42.    With respect to Paragraph 42 of the Amended Counterclaims, DISH admits that the Hopper is a set-top box leased to subscribers who purchase certain packages of services from DISH and meet certain other criteria and avers that it is also made available on certain other terms, and otherwise denies the allegations set forth in that Paragraph.

43.    With respect to Paragraph 43 of the Amended Counterclaims, DISH denies the allegations.

44.    With respect to Paragraph 44 of the Amended Counterclaims, DISH avers that the software on the Hopper relative to the PrimeTime Anytime and AutoHop features was updated in July 2012, and otherwise denies the allegations set forth in that Paragraph.

45. With respect to Paragraph 45 of the Amended Counterclaims, DISH denies the allegations.

46. With respect to Paragraph 46 of the Amended Counterclaims, DISH denies the allegations.

47. With respect to Paragraph 47 of the Amended Counterclaims, DISH admits that it purports to quote from DISH's "Auto Hop Quick Start Guide" but denies that the quote is accurate, respectfully refers the Court to that document for a complete and accurate statement of its terms, and otherwise denies the remaining allegations set forth in that Paragraph.

48. With respect to Paragraph 48 of the Amended Counterclaims, DISH avers that the July 2012 software update set the default on the pop-up for the AutoHop feature as "No, Thanks" and otherwise denies the allegations set forth in that Paragraph.

49. With respect to Paragraph 49 of the Amended Counterclaims, DISH admits that it quotes from DISH's "Auto Hop Quick Start Guide," respectfully refers the Court to that document for a complete and accurate statement of its terms, and otherwise denies the remaining allegations set forth in that Paragraph.

50. With respect to Paragraph 50 of the Amended Counterclaims, DISH admits that EchoStar provides digital broadcast operations, including satellite uplinking/downlinking, transmission services, signal processing, conditional access management and other services to DISH, admits that EchoStar provides services to DISH that include development, testing, and delivery of software for the Hopper, further admits that EchoStar performs tasks relating to PrimeTime Anytime and AutoHop and otherwise denies the allegations set forth in that Paragraph.

51. With respect to Paragraph 51 of the Amended Counterclaims, DISH denies the allegations.

**"D.  The ABC Parties Will Suffer Irreparable Harm Unless the Counterclaim Defendants Are Enjoined From Continuing Their Unlawful Conduct."**

52. With respect to Paragraph 52 of the Amended Counterclaims, DISH denies the allegations.

53. With respect to Paragraph 53 of the Amended Counterclaims, DISH denies the allegations.

### "COUNT I"

### "(Breach of Contract – Section 12 of the 2005 Agreement)"
### "(Against DISH Network, L.L.C.)"

54. DISH incorporates by reference its answers to Paragraphs 1-53 of the Amended Counterclaims as if fully set forth herein.

55. With respect to Paragraph 55 of the Amended Counterclaims, DISH admits the allegations.

56. With respect to Paragraph 56 of the Amended Counterclaims, DISH denies the allegations.

57. With respect to Paragraph 57 of the Amended Counterclaims, DISH denies the allegations.

58. With respect to Paragraph 58 of the Amended Counterclaims, DISH denies the allegations.

59. With respect to Paragraph 59 of the Amended Counterclaims, DISH denies the allegations.

## "COUNT II"

### "(Breach of Contract – Implied Covenant of Good Faith and Fair Dealing)"
### "(Against DISH Network, L.L.C.)"

60. DISH incorporates by reference its answers to Paragraphs 1-53 of the Amended Counterclaims as if fully set forth herein.

61. With respect to Paragraph 61 of the Amended Counterclaims, DISH denies the allegations.

62. With respect to Paragraph 62 of the Amended Counterclaims, DISH denies the allegations.

63. With respect to Paragraph 63 of the Amended Counterclaims, DISH denies the allegations.

## "COUNT III"

### "(Direct Copyright Infringement)"
### "(Against All Counterclaim-Defendants)"

64. DISH incorporates by reference its answers to Paragraphs 1-53 of the Amended Counterclaims as if fully set forth herein.

65. With respect to Paragraph 65 of the Amended Counterclaims, DISH denies the allegations.

66. With respect to Paragraph 66 of the Amended Counterclaims, DISH denies the allegations.

67. With respect to Paragraph 67 of the Amended Counterclaims, DISH denies the allegations.

68. With respect to Paragraph 68 of the Amended Counterclaims, DISH denies the allegations.

69. With respect to Paragraph 69 of the Amended Counterclaims, DISH denies the allegations.

70. With respect to Paragraph 70 of the Amended Counterclaims, DISH denies the allegations.

## "COUNT IV"

### "(Inducement of Copyright Infringement)"
### "(Against All Counterclaim-Defendants)"

71. DISH incorporates by reference its answers to Paragraphs 1-53 of the Amended Counterclaims as if fully set forth herein.

72. With respect to Paragraph 72 of the Amended Counterclaims, DISH denies the allegations.

73. With respect to Paragraph 73 of the Amended Counterclaims, DISH denies the allegations.

74. With respect to Paragraph 74 of the Amended Counterclaims, DISH denies the allegations.

75. With respect to Paragraph 75 of the Amended Counterclaims, DISH denies the allegations.

76. With respect to Paragraph 76 of the Amended Counterclaims, DISH denies the allegations, including all subparts.

77. With respect to Paragraph 77 of the Amended Counterclaims, DISH denies the allegations.

78. With respect to Paragraph 78 of the Amended Counterclaims, DISH denies the allegations.

## "COUNT V"

### "(Vicarious Copyright Infringement)"
### "(Against All Counterclaim-Defendants)"

79. DISH incorporates by reference its answers to Paragraphs 1-53 of the Amended Counterclaims as if fully set forth herein.

80. With respect to Paragraph 80 of the Amended Counterclaims, DISH denies the allegations.

81. With respect to Paragraph 81 of the Amended Counterclaims, DISH denies the allegations.

82. With respect to Paragraph 82 of the Amended Counterclaims, DISH denies the allegations.

83. With respect to Paragraph 83 of the Amended Counterclaims, DISH denies the allegations.

84. With respect to Paragraph 84 of the Amended Counterclaims, DISH denies the allegations.

85. With respect to Paragraph 85 of the Amended Counterclaims, DISH denies the allegations.

86. With respect to Paragraph 86 of the Amended Counterclaims, DISH denies the allegations.

87. With respect to Paragraph 87 of the Amended Counterclaims, DISH denies the allegations.

88. With respect to Paragraph 88 of the Amended Counterclaims, DISH denies the allegations.

89. With respect to Paragraph 89 of the Amended Counterclaims, DISH denies the allegations.

## "COUNT VI"

### "(Contributory Copyright Infringement)"
### "(Against All Counterclaim-Defendants)"

90. DISH incorporates by reference its answers to Paragraphs 1-53 of the Amended Counterclaims as if fully set forth herein.

91. With respect to Paragraph 91 of the Amended Counterclaims, DISH denies the allegations.

92. With respect to Paragraph 92 of the Amended Counterclaims, DISH denies the allegations.

93. With respect to Paragraph 93 of the Amended Counterclaims, DISH denies the allegations.

94. With respect to Paragraph 94 of the Amended Counterclaims, DISH denies the allegations.

95. With respect to Paragraph 95 of the Amended Counterclaims, DISH denies the allegations.

96. With respect to Paragraph 96 of the Amended Counterclaims, DISH denies the allegations.

97. With respect to Paragraph 97 of the Amended Counterclaims, DISH denies the allegations.

98. With respect to Paragraph 98 of the Amended Counterclaims, DISH denies the allegations.

99. With respect to Paragraph 99 of the Amended Counterclaims, DISH denies the allegations.

### "PRAYER FOR RELIEF"

With respect to ABC's "Prayer for Relief," including each subpart thereto, DISH denies that ABC is entitled to any relief, and avers that judgment should be entered in DISH's favor.

### FIRST DEFENSE

100. The Amended Counterclaims fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

101. The Amended Counterclaims are barred in whole or in part by the doctrines of laches, waiver, estoppel and acquiescence.

### THIRD DEFENSE

102. The Amended Counterclaims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH DEFENSE

103. EchoStar, DISH and DISH's subscribers were authorized and/or licensed by the Counterclaimants to engage in the allegedly infringing conduct.

### FIFTH DEFENSE

104. The conduct of EchoStar, DISH and DISH's subscribers is authorized and licensed by 17 U.S.C. §§ 119 and 122.

### SIXTH DEFENSE

105. The conduct of EchoStar, DISH and DISH's subscribers constitutes fair use pursuant to 17 U.S.C. § 107.

**SEVENTH DEFENSE**

106.    Enforcement of plaintiffs' copyrights is precluded by 17 U.S.C. § 110(11).

**EIGHTH DEFENSE**

107.    Enforcement of plaintiffs' copyrights is precluded by the doctrine of copyright misuse.

**NINTH DEFENSE**

108.    The Counterclaimants' copyright infringement claims fail to the extent that the Counterclaimants do not own the alleged copyrights asserted in their claims and/or copyright registrations in the claimed works.

**DEMAND FOR JURY TRIAL**

109.    DISH hereby demands a trial by jury on the Amended Counterclaims.

Dated:   New York, New York
         October 26, 2012

                            Respectfully submitted,

                            ORRICK HERRINGTON & SUTCLIFFE LLP


                                /s Peter A. Bicks
                            Peter A. Bicks
                            pbicks@orrick.com
                            E. Joshua Rosenkranz
                            jrosenkranz@orrick.com
                            Elyse D. Echtman
                            eechtman@orrick.com
                            51 West 52nd Street
                            New York, New York 10019-6142
                            (212) 506-5000

Annette L. Hurst
ahurst@orrick.com
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
(415) 773-5700

Of Counsel:

Mark A. Lemley
mlemley@durietangri
Michael Page
MPage@durietangri
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, California  94111
(415) 362-6666

*Attorneys for DISH Network Corporation, DISH Network L.L.C. and EchoStar Technologies L.L.C.*