UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AUTOHOP LITIGATION<br>This Document Relates To:<br>DISH Network L.L.C., 12 Civ. 4155 (LTS) (KNF) | MASTER FILE<br>12 Civ. 4155 (LTS) (KNF) |

**DISH'S ANSWER TO THE CBS PARTIES' COUNTERCLAIMS
WITH JURY TRIAL DEMAND**

Counterclaim Defendant DISH Network L.L.C. ("DISH"), by and through its attorneys, Orrick, Herrington & Sutcliffe LLP, hereby answers the counterclaims ("the Counterclaims") of CBS Corporation, CBS Broadcasting Inc., CBS Studios and Survivor Productions (together, "CBS" or "Counterclaimants") as follows upon information and belief:

**"INTRODUCTION"**

1.  With respect to Paragraph 1 of the Counterclaims, DISH admits that Counterclaimants seek damages and injunctive relief based on certain legal theories, but denies that they are entitled to any such relief and otherwise denies the allegations set forth in that Paragraph.

2.  With respect to Paragraph 2 of the Counterclaims, to the extent that it contains legal conclusions and statements concerning public policy goals of the copyright laws, no response is required.  DISH otherwise admits that it is subject to the copyright laws and avers that it is in compliance with those laws.  DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations regarding the popularity, quality and critical acclaim of CBS television shows.

3.  With respect to Paragraph 3 of the Counterclaims, the first sentence contains legal conclusions to which no response is required.  With respect to the allegations set forth in the

second sentence of Paragraph 3, DISH admits that it and CBS Corporation are parties to a Retransmission Consent And Video On Demand Agreement made as of January 5, 2012 (the "Retransmission Consent Agreement"), respectfully refers the Court to that Retransmission Consent Agreement for a full and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

4. With respect to Paragraph 4 of the Counterclaims, DISH respectfully refers the Court to the Retransmission Consent Agreement for a full and accurate statement of its terms, and otherwise denies the allegations set forth in that Paragraph.

5. With respect to Paragraph 5 of the Counterclaims, DISH denies the allegations.

6. With respect to Paragraph 6 of the Counterclaims, DISH denies the allegations set forth in the first sentence. DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in second and third sentences of Paragraph 6. With respect to the fourth sentence of Paragraph 6, DISH denies that free over-the-air television is at issue here, when DISH provides a pay television service and pays re-transmission fees to CBS Corporation. DISH denies the remaining allegations set forth in Paragraph 6 of the Counterclaims.

7. With respect to Paragraph 7 of the Counterclaims, DISH denies the allegations.

8. With respect to Paragraph 8 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of that Paragraph. To the extent that the second through fifth sentences of Paragraph 8 contain legal conclusions, no response is required. To the extent that a response might be required, DISH denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in those sentences.  With respect to the allegations set forth in the sixth sentence of Paragraph 8, DISH denies the allegations.

9. With respect to the Paragraph 9 of the Counterclaims, DISH denies the allegations set forth in the first sentence of that paragraph.  DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second through fourth sentences of Paragraph 9.  DISH denies the allegations set forth in the fifth sentence of Paragraph 9.

10. With respect to the Paragraph 10 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of that Paragraph.  DISH denies the allegations set forth in the second through sixth sentences of Paragraph 10.

## "THE PARTIES"

11. With respect to Paragraph 11 of the Counterclaims, DISH admits the allegations.

12. With respect to Paragraph 12 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13. With respect to Paragraph 13 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

14. With respect to Paragraph 14 of the Counterclaims, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

15. With respect to Paragraph 15 of the Counterclaims, DISH admits the allegations.

16. With respect to Paragraph 16 of the Counterclaims, DISH admits the allegations.

17. With respect to paragraph 17, to the extent it contains legal conclusions, no response is required.  DISH otherwise denies the allegations.

## "JURISDICTION"

18.	With respect to Paragraph 18 of the Counterclaims, to the extent that it contains legal conclusions, no response is required. DISH otherwise admits that Counterclaimants seek damages and injunctive relief based on certain legal theories, but denies that they are entitled to any such relief, and otherwise denies the allegations set forth in that Paragraph.

19.	With respect to Paragraph 19 of the Counterclaims, to the extent that it contains legal conclusions, no response is required. DISH otherwise admits this Court has federal question jurisdiction over the copyright claims.

20.	With respect to Paragraph 20 of the Counterclaims, to the extent that it contains legal conclusions, no response is required. DISH otherwise admits that this Court has both diversity jurisdiction and supplemental jurisdiction over the contract claims.

21.	With respect to Paragraph 21 of the Counterclaims, DISH admits the allegations.

22.	With respect to Paragraph 22 of the Counterclaims, the allegations are not directed at DISH and as a result no response is required.

## "GENERAL ALLEGATIONS"

### "Free Over-the-Air, Commercial Supported Broadcasting"

23.	With respect to Paragraph 23 of the Counterclaims, DISH admits that it is in the business of providing satellite television services to its subscribers and that it retransmits the content carried on certain local broadcast stations, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23.

24.	With Paragraph 24 of the Counterclaims, DISH denies that free over-the-air television is at issue here, when DISH provides a pay television service and pays re-transmission

(4)

fees to CBS Corporation, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence.  With respect to the allegations set forth in the second sentence of Paragraph 24, DISH denies the allegations.  With respect to the allegations set forth in the third sentence of Paragraph 24, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.  With respect to the allegations set forth in the fourth through sixth sentences of Paragraph 24, DISH denies the allegations.

### "The CBS Parties' Dissemination of Primetime Television Content"

25.     With respect to Paragraph 25 of the Counterclaim, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

26.     With respect to Paragraph 26 of the Counterclaim, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

27.     With respect to Paragraph 27 of the Counterclaim, DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, including all subparts.

### "The DISH Parties' Infringing Service"

28.     With respect to Paragraph 28 of the Counterclaims, DISH avers that it began offering the Hopper Whole-Home HD DVR to subscribers for lease or purchase in mid-March, 2012, that the Hopper contains a two terabyte hard drive that is capable of storing 2000 hours of television content, and otherwise denies the allegations.

29.     With respect to Paragraph 29 of the Counterclaims, DISH denies the allegations.

30.     With respect to Paragraph 30 of the Counterclaims, DISH avers that the AutoHop feature was introduced on May 10, 2012, and otherwise denies the allegations.

31. With respect to Paragraph 31 of the Counterclaims, DISH admits that the Paragraph purports to quote a statement that appeared on DISH's website, respectfully refers the Court to that website for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations.

32. With respect to Paragraph 32 of the Counterclaims, DISH admits that the first sentence of that paragraph purports to describe a statement made by a representative of DISH, respectfully refers the Court to that statement for a complete and accurate representation of its terms and the context in which it was made, and otherwise denies the allegations. DISH denies the allegations set forth in the second sentence of Paragraph 32. DISH denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third sentence of Paragraph 32.

33. With respect to Paragraph 33 of the Counterclaims, DISH admits that the Paragraph purports to quote a statement that appeared on DISH's website, respectfully refers the Court to that website for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations.

34. With respect to Paragraph 34 of the Counterclaims, DISH admits that the Paragraph purports to quote from a DISH press release dated May 10, 2012, respectfully referss the Court to that press release for a complete and accurate statement of its terms, and otherwise denies the allegations.

35. With respect to Paragraph 35 of the Counterclaims, DISH admits that EchoStar provides digital broadcast operations, including satellite uplinking/downlinking, transmission services, signal processing, conditional access management and other services to DISH and otherwise denies the allegations.

36. With respect to Paragraph 36 of the Counterclaims, DISH admits that EchoStar is responsible for providing software for the Hopper and for the development of the Hopper, that DISH leases the Hopper to DISH subscribers and also makes it available on certain other terms, and otherwise denies the allegations.

37. With respect to Paragraph 37 of the Counterclaims, DISH admits that EchoStar is its technology vendor and is responsible for providing software for the Hopper and for the development of the Hopper, and otherwise denies the allegations.

38. With respect to Paragraph 38 of the Counterclaims, DISH denies the allegations.

39. With respect to Paragraph 39 of the Counterclaims, DISH denies the allegations.

40. With respect to Paragraph 40 of the Counterclaims, DISH denies the allegations.

41. With respect to Paragraph 41 of the Counterclaims, DISH denies the allegations.

### "DISH Has Breached The Retransmission Agreement With CBS and Has Infringed The Copyrights of the CBS Copyright Holders"

42. With respect to Paragraph 42 of the Counterclaims, DISH respectfully refers the Court to the Retransmission Consent Agreement for a full and accurate statement of its terms, and otherwise denies the allegations.

43. With respect to Paragraph 43 of the Counterclaims, DISH denies the allegations.

### "The CBS Parties Will Suffer Irreparable Harm Unless the DISH Parties Are Enjoined"

44. With respect to Paragraph 44 of the Counterclaims, DISH denies the allegations.

45. With respect to Paragraph 45 of the Counterclaims, DISH denies the allegations.

## "CLAIMS FOR RELIEF"

## "COUNT I"

### "(BY THE CBS COPYRIGHT HOLDERS FOR DIRECT COPYRIGHT INFRINGEMENT AGAINST ALL COUNTERCLAIM-DEFENDANTS)"

46. DISH incorporates by reference its answers to Paragraphs 1-45 of the Counterclaims as if fully set forth herein.

47. With Respect to Paragraph 47 of the Counterclaims, to the extent that it contains legal conclusions, no response is required. DISH otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

48. With respect to Paragraph 48 of the Counterclaims, DISH denies the allegations.

49. With respect to Paragraph 49 of the Counterclaims, DISH denies the allegations.

50. With respect to Paragraph 50 of the Counterclaims, DISH denies the allegations.

51. With respect to Paragraph 51 of the Counterclaims, DISH denies the allegations.

52. With respect to Paragraph 52 of the Counterclaims, DISH denies the allegations.

## "COUNT II"

### "(BY THE CBS COPYRIGHT HOLDERS FOR INDUCEMENT OF COPYRIGHT INFRINGEMENT AGAINST ALL COUNTERCLAIM-DEFENDANTS)"

53. DISH incorporates by reference its answers to Paragraphs 1-52 of the Counterclaims as if fully set forth herein.

54. With respect to Paragraph 54 of the Counterclaims, DISH denies the allegations.

55. With respect to Paragraph 55 of the Counterclaims, DISH denies the allegations.

56. With respect to Paragraph 56 of the Counterclaims, DISH denies the allegations.

57. With respect to Paragraph 57 of the Counterclaims, DISH denies the allegations.

58. With respect to Paragraph 58 of the Counterclaims, DISH denies the allegations.

59. With respect to Paragraph 59 of the Counterclaims, DISH denies the allegations.

### "COUNT III"

#### "(BY THE CBS COPYRIGHT HOLDERS FOR INDUCEMENT OF COPYRIGHT INFRINGEMENT AGAINST ALL COUNTERCLAIM-DEFENDANTS)"

60.　DISH incorporates by reference its answers to Paragraphs 1-59 of the Counterclaims as if fully set forth herein.

61.　With respect to Paragraph 61 of the Counterclaims, DISH denies the allegations.

62.　With respect to Paragraph 62 of the Counterclaims, DISH denies the allegations.

63.　With respect to Paragraph 63 of the Counterclaims, DISH denies the allegations.

64.　With respect to Paragraph 64 of the Counterclaims, DISH denies the allegations set forth in the first and second sentences of that paragraph.  With respect to the allegations set forth in the third and fourth sentences of Paragraph 64, DISH admits that they purport to describe the contents of DISH's service agreement and respectfully directs the Court to that service agreement for a full and accurate statement of its terms, and otherwise denies the allegations set forth in those sentences.

65.　With respect to Paragraph 65 of the Counterclaims, DISH denies the allegations.

66.　With respect to Paragraph 66 of the Counterclaims, DISH denies the allegations.

67.　With respect to Paragraph 67 of the Counterclaims, DISH denies the allegations.

### "COUNT IV"

#### "(BY THE CBS COPYRIGHT HOLDERS FOR VICARIOUS COPYRIGHT INFRINGEMENT AGAINST ALL COUNTERCLAIM-DEFENDANTS)"

68.　DISH incorporates by reference its answers to Paragraphs 1-67 of the Counterclaims as if fully set forth herein.

69.　With respect to Paragraph 69 of the Counterclaims, DISH denies the allegations.

70.　With respect to Paragraph 70 of the Counterclaims, DISH denies the allegations.

71.　With respect to Paragraph 71 of the Counterclaims, DISH denies the allegations.

Case 1:12-cv-04155-LTS-KNF   Document 143   Filed 11/05/12   Page 10 of 13

72. With respect Paragraph 72 of the Counterclaims, DISH admits that the allegations purport to describe the contents of DISH's agreement with subscribers and respectfully directs the Court to that agreement for a full and accurate statement of its terms, and otherwise denies the allegations.

73. With respect to Paragraph 73 of the Counterclaims, DISH denies the allegations.

74. With respect to Paragraph 74 of the Counterclaims, DISH denies the allegations set forth in the first sentence. In response to the allegations set forth in the second and third sentences of Paragraph 74, DISH admits that the allegations purport to describe the contents of DISH's agreement with subscribers and respectfully directs the Court to that agreement for a full and accurate statement of its terms, and otherwise denies the allegations.

75. With respect to Paragraph 75 of the Counterclaims, DISH denies the allegations.

76. With respect to Paragraph 76 of the Counterclaims, DISH denies the allegations.

77. With respect to Paragraph 77 of the Counterclaims, DISH denies the allegations.

78. With respect to Paragraph 78 of the Counterclaims, DISH denies the allegations.

### "COUNT V"

### "(BY CBS FOR BREACH OF CONTRACT AGAINST DISH ONLY)"

79. DISH incorporates by reference its answers to Paragraphs 1-78 of the Counterclaims as if fully set forth herein.

80. With respect to Paragraph 80 of the Counterclaims, DISH admits that it and CBS Corporation are parties to a Retransmission Consent And Video On Demand Agreement made as of January 5, 2012, and respectfully refers the Court to that Agreement for a full and accurate statement of its terms.

81. With respect to Paragraph 81 of the Counterclaims, DISH denies the allegations.

82. With respect to Paragraph 82 of the Counterclaims, DISH denies the allegations.

(10)

83. With respect to Paragraph 83 of the Counterclaims, DISH denies the allegations.

84. With respect to Paragraph 84 of the Counterclaims, DISH denies the allegations.

## "COUNT V"

### "(BY CBS FOR BREACH OF GOOD FAITH AND FAIR DEALING AGAINST DISH ONLY)"

85. DISH incorporates by reference its answers to Paragraphs 1-84 of the Counterclaims as if fully set forth herein.

86. With respect to Paragraph 86 of the Counterclaims, DISH denies the allegations.

87. With respect to Paragraph 87 of the Counterclaims, DISH denies the allegations.

88. With respect to Paragraph 88 of the Counterclaims, DISH denies the allegations.

89. With respect to Paragraph 89 of the Counterclaims, DISH denies the allegations.

## "PRAYER FOR RELIEF"

With respect to CBS's "Prayer for Relief," including each subpart thereto, DISH denies that CBS is entitled to any relief, and avers that judgment should be entered in DISH's favor.

## FIRST DEFENSE

90. The Counterclaims fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

91. The Counterclaims are barred in whole or in part by the doctrines of laches, waiver, estoppel and acquiescence.

## THIRD DEFENSE

92. The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

**FOURTH DEFENSE**

93. EchoStar, DISH and DISH's subscribers were authorized and/or licensed by the Counterclaimants to engage in the allegedly infringing conduct.

**FIFTH DEFENSE**

94. The conduct of EchoStar, DISH and DISH's subscribers is authorized and licensed by 17 U.S.C. §§ 119 and 122.

**SIXTH DEFENSE**

95. The conduct of EchoStar, DISH and DISH's subscribers constitutes fair use pursuant to 17 U.S.C. § 107.

**SEVENTH DEFENSE**

96. Enforcement of Counterclaimants' copyrights is precluded by 17 U.S.C. § 110(11).

**EIGHTH DEFENSE**

97. Enforcement of Counterclaimants' copyrights is precluded by the doctrine of copyright misuse.

**NINTH DEFENSE**

98. The Counterclaimants' copyright infringement claims fail to the extent that the Counterclaimants do not own the alleged copyrights asserted in their claims and/or copyright registrations in the claimed works.

## DEMAND FOR JURY TRIAL

99.     DISH hereby demands a trial by jury on the Counterclaims.


Dated:  New York, New York
        November 5, 2012

                                        Respectfully submitted,

                                        ORRICK HERRINGTON & SUTCLIFFE LLP


                                              s/Peter A. Bicks
                                        Peter A. Bicks
                                        pbicks@orrick.com
                                        E. Joshua Rosenkranz
                                        jrosenkranz@orrick.com
                                        Elyse D. Echtman
                                        eechtman@orrick.com
                                        51 West 52nd Street
                                        New York, New York 10019-6142
                                        (212) 506-5000

                                        Annette L. Hurst
                                        ahurst@orrick.com
                                        The Orrick Building
                                        405 Howard Street
                                        San Francisco, California  94105-2669
                                        (415) 773-5700

                                        Of Counsel:

                                        Mark A. Lemley
                                        mlemley@durietangri
                                        Michael Page
                                        MPage@durietangri
                                        Durie Tangri LLP
                                        217 Leidesdorff Street
                                        San Francisco, California  94111
                                        (415) 362-6666

                                        *Attorneys for DISH Network Corporation, DISH Network L.L.C. and DISH Technologies L.L.C.*