UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AUTOHOP LITIGATION<br>This Document Relates To:<br>DISH Network L.L.C., 12 Civ. 4155 (LTS) (KNF) | MASTER FILE<br>12 Civ. 4155 (LTS) (KNF) |

**ECHOSTAR'S ANSWER TO THE CBS PARTIES' COUNTERCLAIMS
WITH JURY TRIAL DEMAND**

Counterclaim Defendant EchoStar Technologies L.L.C. ("EchoStar"), by and through its attorneys, Orrick, Herrington & Sutcliffe LLP, hereby answers the counterclaims ("the Counterclaims") of CBS Corporation, CBS Broadcasting Inc., CBS Studios and Survivor Productions (together, "CBS" or "Counterclaimants") as follows upon information and belief:

**"INTRODUCTION"**

1.　With respect to Paragraph 1 of the Counterclaims, to the extent that the allegations are not directed at EchoStar, no response is required.  EchoStar otherwise admits that Counterclaimants seek damages and injunctive relief based on certain legal theories, but denies that they are entitled to any such relief and otherwise denies the allegations set forth in that Paragraph.

2.　With respect to Paragraph 2 of the Counterclaims, to the extent that it contains legal conclusions and statements concerning public policy goals of the copyright laws, no response is required.  EchoStar admits that it is subject to the copyright laws and avers that it is in compliance with those laws.  EchoStar otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations regarding the popularity, quality and critical acclaim of CBS television shows.

3. With respect to Paragraph 3 of the Counterclaims, the first sentence contains legal conclusions to which no response is required. The remaining allegations of Paragraph 3 are not directed at EchoStar and as a result no response is required. EchoStar otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

4. With respect to Paragraph 4 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required. EchoStar otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

5. With respect to Paragraph 5 of the Counterclaims, EchoStar denies the allegations.

6. With respect to Paragraph 6 of the Counterclaims, the allegations in the first sentence are not directed at EchoStar and as a result no response is required. EchoStar otherwise denies the allegations set forth in the first sentence. EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second and third sentences of Paragraph 6. With respect to the fourth sentence of Paragraph 6, EchoStar denies that free over-the-air television is at issue here, when the DISH provides a pay television service and pays re-transmission fees to CBS Corporation. EchoStar denies the remaining allegations set forth in Paragraph 6 of the Counterclaims.

7. With respect to Paragraph 7 of the Counterclaims, to the extent that the allegations relate to the Retransmission Consent Agreement, no response is required. EchoStar otherwise denies the allegations set forth in that Paragraph.

8. With respect Paragraph 8 of the Counterclaims, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of that paragraph. To the extent that the second through fifth sentences of Paragraph 8 contain legal conclusions, no response is required. To the extent that a response might be required, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those sentences. With respect to the allegations set forth in the sixth sentence of Paragraph 8, EchoStar denies the allegations.

9. With respect to the Paragraph 9 of the Counterclaims, EchoStar denies the allegations set forth in the first sentence of that paragraph. EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second through fourth sentences of Paragraph 9. EchoStar denies the allegations set forth in the fifth sentence of Paragraph 9.

10. With respect to the Paragraph 10 of the Counterclaims, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of that Paragraph. EchoStar denies the allegations set forth in the second through sixth sentences of Paragraph 10.

## "THE PARTIES"

11. With respect to Paragraph 11 of the Counterclaims, EchoStar admits the allegations set forth in the first sentence of that paragraph. EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 11.

12. With respect to Paragraph 12 of the Counterclaims, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13.     With respect to Paragraph 13 of the Counterclaims, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

14.     With respect to Paragraph 14 of the Counterclaims, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

15.     With respect to Paragraph 15 of the Counterclaims, EchoStar admits the allegations.

16.     With respect to Paragraph 16 of the Counterclaims, EchoStar admits the allegations.

17.     With respect to paragraph 17, to the extent it contains legal conclusions, no response is required.  EchoStar otherwise denies the allegations.

<p style="text-align:center">**"JURISDICTION"**</p>

18.     With respect to Paragraph 18 of the Counterclaims, to the extent that it contains legal conclusions, no response is required. EchoStar otherwise admits that Counterclaimants seek damages and injunctive relief based on certain legal theories, but denies that they are entitled to any such relief, and otherwise denies the allegations set forth in that Paragraph.

19.     With respect to Paragraph 19 of the Counterclaims, to the extent that it contains legal conclusions, no response is required.  EchoStar otherwise admits that this Court has federal question jurisdiction over the copyright claims.

20.     With respect to Paragraph 20 of the Counterclaims, to the extent that it contains legal conclusions and to the extent that breach of contract claims are not asserted against EchoStar, no response is required.

21.     With respect to Paragraph 21 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

22. With respect to Paragraph 22 of the Counterclaims, to the extent that it contains legal conclusions, no response is required. EchoStar otherwise admits that this Court has personal jurisdiction over it.

## "GENERAL ALLEGATIONS"

### "Free Over-the-Air, Commercial Supported Broadcasting"

23. With respect to Paragraph 23 of the Counterclaims, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

24. With Paragraph 24 of the Counterclaims, EchoStar denies that free over-the-air television is at issue here, when DISH provides a pay television service and pays re-transmission fees to CBS Corporation, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence. With respect to the allegations set forth in the second sentence of Paragraph 24, EchoStar denies the allegations. With respect to the allegations set forth in the third sentence of Paragraph 24, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. With respect to the allegations set forth in the fourth through sixth sentences of Paragraph 24, EchoStar denies the allegations.

### "The CBS Parties' Dissemination of Primetime Television Content"

25. With respect to Paragraph 25 of the Counterclaim, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

26. With respect to Paragraph 26 of the Counterclaim, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

27. With respect to Paragraph 27 of the Counterclaim, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, including all subparts.

### "The DISH Parties' Infringing Service"

28. With respect to Paragraph 28 of the Counterclaims, EchoStar avers that DISH Network L.L.C. began offering the Hopper Whole-Home HD DVR to subscribers for lease or purchase in mid-March, 2012, that the Hopper contains a two terabyte hard drive that is capable of storing 2000 hours of television content, and otherwise denies the allegations.

29. With respect to Paragraph 29 of the Counterclaims, EchoStar denies the allegations.

30. With respect to Paragraph 30 of the Counterclaims, EchoStar avers that the AutoHop feature was introduced on May 10, 2012, and otherwise denies the allegations.

31. With respect to Paragraph 31 of the Counterclaims, EchoStar admits that the Paragraph purports to quote a statement that appeared on DISH's website, respectfully refers the Court to that website for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations.

32. With respect to Paragraph 32 of the Counterclaims, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence. EchoStar denies the allegations set forth in the second sentence of Paragraph 32. With respect to the third sentence of Paragraph 32, EchoStar denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

33. With respect to Paragraph 33 of the Counterclaims, EchoStar admits that the Paragraph purports to quote a statement that appeared on DISH's website, respectfully refers the

Court to that website for a complete and accurate statement of its terms and the context in which it appeared, and otherwise denies the allegations.

34. With respect to Paragraph 34 of the Counterclaims, EchoStar admits that the Paragraph purports to quote from a DISH press release dated May 10, 2012, respectfully refers the Court to that press release for a complete and accurate statement of its terms, and otherwise denies the allegations.

35. With respect to Paragraph 35 of the Counterclaims, EchoStar admits that it provides digital broadcast operations, including satellite uplinking/downlinking, transmission services, signal processing, conditional access management and other services to DISH and otherwise denies the allegations.

36. With respect to Paragraph 36 of the Counterclaims, EchoStar admits that it is responsible for providing software for the Hopper and for the development of the Hopper, that DISH leases the Hopper to DISH subscribers and also makes it available on certain other terms, and otherwise denies the allegations.

37. With respect to Paragraph 37 of the Counterclaims, EchoStar admits that it is DISH's technology vendor and is responsible for providing software for the Hopper and for the development of the Hopper, and otherwise denies the allegations.

38. With respect to Paragraph 38 of the Counterclaims, EchoStar denies the allegations.

39. With respect to Paragraph 39 of the Counterclaims, EchoStar denies the allegations.

40. With respect to Paragraph 40 of the Counterclaims, EchoStar denies the allegations.

41. With respect to Paragraph 41 of the Counterclaims, EchoStar denies the allegations.

### "DISH Has Breached The Retransmission Agreement With CBS and Has Infringed The Copyrights of the CBS Copyright Holders"

42. With respect to Paragraph 42 of the Counterclaims, the allegations set forth in the first sentence are not directed at EchoStar and as a result no response is required. EchoStar otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in that sentence. With regard to the remaining allegations in Paragraph 42, EchoStar denies the allegations.

43. With respect to Paragraph 43 of the Counterclaims, EchoStar denies the allegations.

### "The CBS Parties Will Suffer Irreparable Harm Unless the DISH Parties Are Enjoined"

44. With respect to Paragraph 44 of the Counterclaims, EchoStar denies the allegations.

45. With respect to Paragraph 45 of the Counterclaims, EchoStar denies the allegations.

### "CLAIMS FOR RELIEF"

### "COUNT I"

### "(BY THE CBS COPYRIGHT HOLDERS FOR DIRECT COPYRIGHT INFRINGEMENT AGAINST ALL COUNTERCLAIM-DEFENDANTS)"

46. EchoStar incorporates by reference its answers to Paragraphs 1-45 of the Counterclaims as if fully set forth herein.


47. With Respect to Paragraph 47 of the Counterclaims, to the extent it contains legal conclusions, no response is required. EchoStar otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

48. With respect to Paragraph 48 of the Counterclaims, EchoStar denies the allegations.

49. With respect to Paragraph 49 of the Counterclaims, EchoStar denies the allegations.

50. With respect to Paragraph 50 of the Counterclaims, EchoStar denies the allegations.

51. With respect to Paragraph 51 of the Counterclaims, EchoStar denies the allegations.

52. With respect to Paragraph 52 of the Counterclaims, EchoStar denies the allegations.

## "COUNT II"

### "(BY THE CBS COPYRIGHT HOLDERS FOR INDUCEMENT OF COPYRIGHT INFRINGEMENT AGAINST ALL COUNTERCLAIM-DEFENDANTS)"

53. EchoStar incorporates by reference its answers to Paragraphs 1-52 of the Counterclaims as if fully set forth herein.

54. With respect to Paragraph 54 of the Counterclaims, EchoStar denies the allegations.

55. With respect to Paragraph 55 of the Counterclaims, EchoStar denies the allegations.

56. With respect to Paragraph 56 of the Counterclaims, EchoStar denies the allegations.

57. With respect to Paragraph 57 of the Counterclaims, EchoStar denies the allegations.

58. With respect to Paragraph 58 of the Counterclaims, EchoStar denies the allegations.

59. With respect to Paragraph 59 of the Counterclaims, EchoStar denies the allegations.

## "COUNT III"

### "(BY THE CBS COPYRIGHT HOLDERS FOR INDUCEMENT OF COPYRIGHT INFRINGEMENT AGAINST ALL COUNTERCLAIM-DEFENDANTS)"

60. EchoStar incorporates by reference its answers to Paragraphs 1-59 of the Counterclaims as if fully set forth herein.

61. With respect to Paragraph 61 of the Counterclaims, EchoStar denies the allegations.

62. With respect to Paragraph 62 of the Counterclaims, EchoStar denies the allegations.

63. With respect to Paragraph 63 of the Counterclaims, EchoStar denies the allegations.

64. With respect to Paragraph 64 of the Counterclaims, EchoStar denies the allegations set forth in the first and second sentences of that paragraph. With respect to the allegations set forth in the third and fourth sentences of Paragraph 64, the allegations are not directed at EchoStar and as a result no response is required. EchoStar otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third and fourth sentences of that paragraph.

65. With respect to Paragraph 65 of the Counterclaims, EchoStar denies the allegations.

66. With respect to Paragraph 66 of the Counterclaims, EchoStar denies the allegations.

67. With respect to Paragraph 67 of the Counterclaims, EchoStar denies the allegations.

### "COUNT IV"

### "(BY THE CBS COPYRIGHT HOLDERS FOR VICARIOUS COPYRIGHT INFRINGEMENT AGAINST ALL COUNTERCLAIM-DEFENDANTS)"

68. EchoStar incorporates by reference its answers to Paragraphs 1-67 of the Counterclaims as if fully set forth herein.

69. With respect to Paragraph 69 of the Counterclaims, EchoStar denies the allegations.

70. With respect to Paragraph 70 of the Counterclaims, EchoStar denies the allegations.

71. With respect to Paragraph 71 of the Counterclaims, EchoStar denies the allegations.

72. With respect Paragraph 72 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.  EchoStar otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in that Paragraph.

73. With respect to Paragraph 73 of the Counterclaims, EchoStar denies the allegations.

74. With respect to Paragraph 74 of the Counterclaims, EchoStar denies the allegations set forth in the first sentence. The allegations set forth in the second and third sentences of Paragraph 74 are not directed at EchoStar and as a result no response is required. EchoStar otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in those sentences.

75. With respect to Paragraph 75 of the Counterclaims, EchoStar denies the allegations.

76. With respect to Paragraph 76 of the Counterclaims, EchoStar denies the allegations.

77. With respect to Paragraph 77 of the Counterclaims, EchoStar denies the allegations.

78. With respect to Paragraph 78 of the Counterclaims, EchoStar denies the allegations.

## "COUNT V"

### "(BY CBS FOR BREACH OF CONTRACT AGAINST DISH ONLY)"

79. EchoStar incorporates by reference its answers to Paragraphs 1-78 of the Counterclaims as if fully set forth herein.

80. With respect to Paragraph 80 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

81. With respect to Paragraph 81 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

82. With respect to Paragraph 82 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

83. With respect to Paragraph 83 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

84. With respect to Paragraph 84 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

## "COUNT V"

### "(BY CBS FOR BREACH OF GOOD FAITH AND FAIR DEALING AGAINST DISH ONLY)"

85. EchoStar incorporates by reference its answers to Paragraphs 1-84 of the Counterclaims as if fully set forth herein.

86. With respect to Paragraph 86 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

87. With respect to Paragraph 87 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

88. With respect to Paragraph 88 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

89. With respect to Paragraph 89 of the Counterclaims, the allegations are not directed at EchoStar and as a result no response is required.

## "PRAYER FOR RELIEF"

With respect to CBS's "Prayer for Relief," including each subpart thereto, EchoStar denies that CBS is entitled to any relief, and avers that judgment should be entered in EchoStar's favor.

## FIRST DEFENSE

90. The Counterclaims fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

91. The Counterclaims are barred in whole or in part by the doctrines of laches, waiver, estoppel and acquiescence.

## THIRD DEFENSE

92. The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH DEFENSE

93. EchoStar, DISH and DISH's subscribers were authorized and/or licensed by the Counterclaimants to engage in the allegedly infringing conduct.

## FIFTH DEFENSE

94. The conduct of EchoStar, DISH and DISH's subscribers is authorized and licensed by 17 U.S.C. §§ 119 and 122.

## SIXTH DEFENSE

95. The conduct of EchoStar, DISH and DISH's subscribers constitutes fair use pursuant to 17 U.S.C. § 107.

## SEVENTH DEFENSE

96. Enforcement of Counterclaimants' copyrights is precluded by 17 U.S.C. § 110(11).

## EIGHTH DEFENSE

97. Enforcement of Counterclaimants' copyrights is precluded by the doctrine of copyright misuse.

**NINTH DEFENSE**

98.     The Counterclaimants' copyright infringement claims fail to the extent that the Counterclaimants do not own the alleged copyrights asserted in their claims and/or copyright registrations in the claimed works.

**DEMAND FOR JURY TRIAL**

99.     EchoStar hereby demands a trial by jury on the Counterclaims.

Dated:  New York, New York
        November 5, 2012

                                        Respectfully submitted,

                                        ORRICK HERRINGTON & SUTCLIFFE LLP


                                              s/Peter A. Bicks
                                        Peter A. Bicks
                                        pbicks@orrick.com
                                        E. Joshua Rosenkranz
                                        jrosenkranz@orrick.com
                                        Elyse D. Echtman
                                        eechtman@orrick.com
                                        51 West 52nd Street
                                        New York, New York 10019-6142
                                        (212) 506-5000

                                        Annette L. Hurst
                                        ahurst@orrick.com
                                        The Orrick Building
                                        405 Howard Street
                                        San Francisco, California  94105-2669
                                        (415) 773-5700

Of Counsel:

Mark A. Lemley
mlemley@durietangri
Michael Page
MPage@durietangri
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, California  94111
(415) 362-6666

*Attorneys for DISH Network Corporation, DISH Network L.L.C. and EchoStar Technologies L.L.C.*