

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AUTOHOP LITIGATION<br>This Document Relates To:<br>DISH Network L.L.C., Plaintiff<br>12 Civ. 4155 (LTS) (KNF) | MASTER FILE<br>12. Civ. 4155(LTS) (KNF) |

## JOINT ELECTRONIC DISCOVERY SUBMISSION NO. 1 AND [PROPOSED] ORDER

Plaintiff/Counterclaim Defendant DISH Network L.L.C., Counterclaim Defendant DISH Network Corporation, Counterclaim Defendant EchoStar Technologies, L.L.C. (together, "DISH"), Defendant/Counterclaimant American Broadcasting Companies, Inc., Defendant/Counterclaimant ABC, Inc., Defendant/Counterclaimant Disney Enterprises, Inc. (together with American Broadcasting Companies, Inc. and ABC, Inc., "ABC"), Defendant/Counterclaimant NBCUniversal Media, L.L.C. ("NBC"), Defendant/Counterclaimant CBS Corporation, Counterclaimant CBS Broadcasting Inc., Counterclaimant CBS Studios Inc., and Counterclaimant Survivor Productions L.L.C. (together, "CBS") (ABC, NBC and CBS are referred to as the "Networks") (DISH and the Networks are referred to as the "Parties") hereby submit this Joint Electronic Submission No. 1 and [Proposed] Order.

To the extent relevant information is stored in electronic format, this Joint Submission and [Proposed] Order (and any subsequent ones) and the Stipulated Protective Order (Doc. #96) shall be the governing documents by which the Parties and the Court manage the electronic discovery process in this consolidated action. The Parties recognize that this Joint Electronic Discovery Submission No. 1 and [Proposed] Order are based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that

1

additions and modifications to this Submission may become necessary as more information becomes known to the Parties.

### (1) Brief Joint Statement Describing the Action

Lawsuits relating to PrimeTime Anytime and AutoHop. Declaratory judgment action by DISH Network L.L.C. alleging no copyright infringement (as to ABC only) and no breach of contract (as to ABC, NBC and CBS Corporation). Counterclaims by ABC alleging copyright infringement and breach of contract. Counterclaims by NBC alleging breach of contract. Counterclaims by CBS alleging copyright infringement and breach of contract.

#### (a) Estimated Amount of Plaintiff's Claims

DISH seeks declaratory relief and costs to the extent it prevails in its action.

#### (b) Estimated Amount of Defendant's Counterclaims/Cross-Claims

ABC seeks preliminary and permanent injunctions on its copyright and contract claims. ABC takes the position that harm to it by DISH is irreparable, cannot be fully compensated or measured in money, and that it is currently unable to compute each category of damages claimed. Possible categories of damages to be sought by ABC include those set forth in 17 U.S.C. § 504, including statutory damages, disgorgement of profits, and actual damages, as well as attorneys' fees and costs. Other possible categories of damages to be sought by ABC include damage for breach of contract, including general and consequential damages.

NBC seeks a judgment declaring that DISH is in breach of contract and the implied covenant of good faith and fair dealing, and resulting damages award in an amount to be determined at trial.

CBS seeks the following relief: (i) on the copyright claims, preliminary and permanent injunctions pursuant to 17 U.S.C. § 502, disgorgement and actual or statutory damages in

accordance with 17 U.S.C. § 504 and applicable law, and costs and reasonable attorneys' fees in accordance with 17 U.S.C. § 505 and applicable law; and (ii) on the breach of contract claims, preliminary and permanent injunctions and consequential damages.

### (2) Competence

Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address those issues on their behalf.

### (3) Meet and Confer

Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss those issues. The Parties will continue to meet and confer on electronic discovery issues.

### (4) Unresolved Issues

The Parties have certain unresolved issues, as set forth below. The Parties intend to continue to meet and confer regarding various discovery issues as necessary and as set forth in more detail herein. To the extent that the parties are unable to resolve disputed issues that have arisen in the negotiation of this e-discovery protocol through their continued meet and confer efforts, they will submit those issues to Magistrate Judge Fox for determination.

To date, the Parties have addressed the following issues:

### (5) Preservation

(a) The Parties have discussed the obligation to preserve potentially relevant electronically stored information, as reflected in 6(a) below, and the Parties will continue to

discuss, as needed, reasonable limitations on the scope of preservation and memorializing the same.

        **(b)**    **Litigation Hold Notices:** The parties have not reached agreement on the scope of disclosure of information related to litigation hold notices. The parties are continuing to meet and confer on this issue. In the event that the parties are unable to reach agreement promptly, they will submit the dispute to the Magistrate Judge.

    **(6)**    **Production**

        **(a)**    **Sources of Electronically Stored Information**

The Parties anticipate that discovery may occur from one or more of the following potential sources of electronically stored information: email, word processing and spreadsheet documents, and presentations. The Parties agree that data maintained solely for disaster recovery purposes, historical copies of website content, ambient data, and inactive legacy data are deemed not readily accessible and need not be preserved or collected. The Parties further agree that text messages, instant messages and voicemail messages need not be preserved or collected.

        **(b)**    **Limitations on Production**

The Parties have discussed and are continuing to discuss factors relating to the scope of the collection, search, and production of electronically stored information, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; and (iv) use of keyword search lists. To the extent the Parties have reached agreements related to these factors, they are as follows:

The Parties agree that reasonable limitations should be imposed on the number of custodians that should be identified for the collection of potentially responsive material. The Parties agree that they will engage in a meaningful meet and confer process on the identity of the

custodians whose electronic files should be subject to search. Each party will first propose a set of its own custodians, subject to review and proposed supplementation from the other Parties.

The Parties further agree to meet and confer and use their best efforts to reach agreement on the search terms to be used in connection with electronic searches.

### (c) Form of Production

The Parties agree to continue to meet and confer concerning the technical specifications for form of production, including the extracted data fields to be produced and other technical parameters of production.

### (d) Privileged Material

#### (1) Identification

The Parties incorporate by reference sections II(D) ("Documents Presumptively Not to Be Logged on Privilege Log") and (E) ("Privilege Log Descriptions of Email Threads") of the Standing Order regarding the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York dated October 31, 2011. Subject to the foregoing, the Parties have agreed to the following method(s) for the identification and the redaction of privileged documents:

If a producing party identifies documents or portions of documents subject to the attorney-client privilege, work product doctrine, or other relevant privilege, protection or immunity, and withholds production of documents or redacts documents on that basis, the producing party must log individually the withheld documents and redactions (a "Privilege Log"), subject to exceptions agreed to by the Parties when the burden of individual listing outweighs any benefit. The Parties shall meet and confer to discuss what, if any, categories of

5

documents created after the filing date of this action need to be included in a privilege log.

Privilege Logs shall contain the following information:

- a sequential number associated with each Privilege Log record;
- the date of the document;
- the identity of all persons who authored and/or signed the document;
- the identity of all persons designated as addresses or copyees;
- a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity;
- the type or nature of the privilege asserted (*e.g.*, the attorney-client privilege); and
- the Bates numbers corresponding to the first and last page of any withheld or redacted document if the document has been assigned any such Bates numbers.

Each member of a document "family" (*e.g.*, an e-mail attaching a memorandum together constitute a document family) that is withheld or redacted on the grounds of privilege, immunity or any similar claim shall be identified, but if a family contains more than one document that is withheld or redacted on such grounds, the producing party need only include a single entry on the Privilege Log.

A producing party will produce a related Privilege Log within 30 days after substantial completion of its document production.

If a custodian of documents is scheduled to be deposed, the production of a Privilege Log for that custodian's documents shall be the time set forth in the preceding paragraph or 7 days prior to that custodian's deposition (whichever is earlier). The Parties will meet and confer regarding any affected deposition schedule to the extent additional time is needed to produce a Privilege Log prior to any deposition.

The Parties may modify deadlines and other requirements for production of Privilege Logs by agreement and without further order of the Court.

### (2) Inadvertent Production/Claw-Back Agreements

The inadvertent production of documents is governed by the Stipulated Protective Order (Doc. #96).

### (3) F.R.E. 502(d) Order

Consistent with paragraph 19 of the Stipulated Protective Order, the Parties seek entry of an order as described in Fed. R. Evid. 502(d), as follows: "Pursuant to the agreement of the Parties under Fed. R. Evid. 502(e) and by Order of this Court under Fed. R. Evid. 502(d) no inadvertent disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding. This Order applies to any documents or electronically stored information inadvertently disclosed, exchanged, produced, or discussed among the Parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation (collectively, "Produced Documents"). "

### (c) Cost of Production

As a general matter, the Parties have considered cost-shifting and cost-sharing with respect to discovery of electronically stored information and do not seek to shift or share those costs at this time. The Parties reserve their rights to seek cost-shifting or sharing at a later date.

\* \* \*

The preceding constitutes the agreements reached between the Parties to certain matters concerning electronic discovery as of this date. To the extent any significant additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

7

Dated: November 30, 2012

*[signature]*

Elyse D. Echtman
eechtman@orrick.com
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019

*Counsel for DISH*

*[signature]*

Jane G. Stevens
jgs@msk.com
Mitchell Silberberg & Knupp LLP
12 East 49th Street – 30th Floor
New York, NY 10017

*Counsel for NBC*

*[signature]*

Thomas G. Hentoff
thentoff@wc.com
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005

*Counsel for ABC*

*[signature]*

Hamish Hume
hhume@bsfllp.com
Boies, Schiller & Flexner LLP
5301 Wisconsin Ave. NW
Washington, DC 20015

*Counsel for CBS*

Dated: New York, New York
~~November~~ 7, 2012
December

*[signature]*

~~Hon. Laura T. Swain, U.S.D.J.~~

**HON. KEVIN NATHANIEL FOX**
**United States Magistrate Judge**
**Southern District of New York**

8