UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AUTOHOP LITIGATION<br><br><br>This Document Relates To:<br><br>Dish Network L.L.C. v. American Broadcasting Companies, Inc., et al., Civil Action No. 12-cv-4155 (LTS)(KNF) | MASTER FILE<br>12 Civ. 4155 (LTS)(KNF) |

**OPPOSITION OF ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., AND DISNEY ENTERPRISES, INC. TO MOTION BY PUBLIC KNOWLEDGE <u>FOR LEAVE TO FILE AS AMICUS CURIAE</u>**

Kevin T. Baine
Thomas G. Hentoff (admitted *pro hac vice*)
Hannah M. Stott-Bumsted
Stephen J. Fuzesi
Julia H. Pudlin (admitted *pro hac vice*)

WILLIAMS & CONNOLLY LLP
 725 Twelfth Street, N.W.
 Washington, DC 20005
 Telephone: (202) 434-5000
 Facsimile: (202) 434-5029

*Attorneys for ABC, Inc., American Broadcasting Companies, Inc., and Disney Enterprises, Inc.*

Public Knowledge's motion for leave to file as amicus curiae should be denied. Far from offering a unique "perspective," Mot. at 3, Public Knowledge's proposed brief duplicates the positions already taken by DISH in its opposition to ABC's motion for a preliminary injunction. DISH is ably represented by its own counsel. Public Knowledge should not be permitted to file what amounts to no more than a supplemental brief on DISH's behalf.

## ARGUMENT

"The customary role of an *amicus* is 'to aid the court and offer insights not available from the parties.'" *SEC v. Bear, Stearns & Co.*, 2003 WL 22000340, at *5 (S.D.N.Y. 2003) (quoting *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994)). Thus, "[a]micus briefs should be accepted 'when a party is not represented competently or is not represented at all … or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.'" *Hartford Fire Ins. Co. v. Expeditors Int'l of Washington, Inc.*, 2012 WL 6200958, at *1 n.1 (S.D.N.Y. 2012) (quoting *Auto. Club of New York, Inc. v. Port Authority*, 2011 WL 5865296, at *2 (S.D.N.Y. 2011) (ellipsis in original)); *see also, e.g.*, *Jones Day v. Blockshopper LLC*, 2008 WL 4925644, at *6 (N.D. Ill. 2008) (denying motion by Public Knowledge and other organizations to file amicus brief where they failed to meet this standard).

As Judge Posner has explained, "[t]he vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse." *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (in chambers); *see also, e.g.*, *Hartford Fire Ins. Co.*, 2012 WL 6200958, at *1 n.1 (denying motion where movant "has set forth the same bases as plaintiff"); *Bear, Stearns & Co.*, 2003 WL 22000340, at *5-6 (denying

1

motion where movants failed to present "a unique point of view that is not available to the Court from the parties"); *El-Gabrowny*, 844 F. Supp. at 957 n.1 (denying motion where movants failed to offer "any argument or point of view not available from the parties themselves"); *Voices for Choices v. Ill. Bell Tele. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (Posner, J., in chambers) (denying motion where amicus briefs "essentially … cover the same ground the appellants … do"); *Beesley v. Int'l Paper Co.*, 2011 WL 5825760, at *1 (S.D. Ill. 2011) (denying motion, holding that "complementing defendants['] arguments is not sufficient reason to allow an amicus brief").

Public Knowledge concedes that "in this case, Public Knowledge's position is consistent with DISH'S [sic]"—that their views "align." Mot. at 1. If anything, that concession is an understatement. From start to finish, Public Knowledge's proposed brief replows the same ground already addressed by DISH. Reading such sections as "DISH Cannot Become a Direct Infringer By Virtue of Its Customers' Acts" and "DISH, Not ABC, Would Suffer Hardship if a Preliminary Injunction Is Granted," one could easily mistake Public Knowledge's filing for DISH's own brief. It is precisely the type of duplication and advocacy that courts have rejected. After all, "[t]he term 'amicus curiae' means friend of the court, not friend of a party." *Ryan*, 125 F.3d at 1063.

In particular, Public Knowledge requests leave "to uphold the rights of home recording and fair use." Mot. at 1. But it spends much of its proposed brief arguing the preliminary injunction standard, irreparable harm, alleged hardship to DISH, and even whether DISH should be found directly liable for copyright infringement. As for fair use and the purported interests of DISH's customers, DISH has every incentive to make the best arguments available, since DISH would be secondarily liable for copyright infringement by its customers. Indeed, fair use is a

central focus of DISH's opposition brief. DISH devotes more than a quarter of its brief to the question of secondary liability. The *Sony* case alone appears 38 times.

DISH is well represented in this matter by counsel from two law firms—counsel who, unlike Public Knowledge's attorneys, have access to the sealed factual record. Participation by attorneys for Public Knowledge does not offer any assistance not already provided by DISH's own counsel in its own briefing and lengthy declarations. *See, e.g.*, *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) (denying motion where "defendant's interests are adequately represented by his counsel"); *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 394 (E.D.N.Y. 2011) (denying motion where "[t]he interests of the Defendants here have been very well represented by Defense counsel"); *United States v. Hunter*, 1998 WL 372552, at *1 (D. Vt. 1998) (denying motion where the "line of argument has been ably set forth by Defendant's counsel in his briefing"); *Ryan*, 125 F.3d at 1064 (courts "should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need").

## CONCLUSION

For the foregoing reasons, Public Knowledge's motion for leave to file as amicus curiae should be denied.

Dated: January 3, 2013               Respectfully submitted,

                                     WILLIAMS & CONNOLLY LLP

                                     By:      /s/
                                          Kevin T. Baine
                                          Thomas G. Hentoff (admitted *pro hac vice*)
                                          Hannah M. Stott-Bumsted
                                          Stephen J. Fuzesi
                                          Julia H. Pudlin (admitted *pro hac vice*)

                                          725 Twelfth Street, N.W.
                                          Washington, DC 20005

3

            Telephone: (202) 434-5000
            Facsimile: (202) 434-5029
            E-Mail: kbaine@wc.com

*Attorneys for ABC, Inc., American Broadcasting Companies, Inc. and Disney Enterprises, Inc.*