# EXHIBIT 01

*Swain S.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 1 9 2012
```

DISH NETWORK L.L.C.,

               Plaintiff,

    v.

AMERICAN BROADCASTING
COMPANIES, INC., CBS CORPORATION,
the FOX ENTERTAINMENT GROUP, INC.,
FOX TELEVISION HOLDINGS, INC., FOX
CABLE NETWORK SERVICES, L.L.C., and
NBCUNIVERSAL MEDIA, L.L.C.,

               Defendants.

12 Civ. 4155 (LTS) (KNF)

**STIPULATION AND [PROPOSED]**
**ORDER EXTENDING TIME**

Plaintiff DISH Network L.L.C. ("DISH") and Defendant American Broadcasting Companies, Inc. ("ABC") respectfully submit the following stipulation and proposed order to extend ABC's time to answer or otherwise respond to the Complaint in this action,

WHEREAS, ABC's registered agent was served with the Summons and Complaint in this action on May 25, 2012, and ABC's response was due on Friday, June 15, 2012;

WHEREAS, DISH consents to ABC's request for an extension of time to respond to the Complaint;

WHEREAS, this extension of time is sought to enable the parties to discuss whether additional entities related to ABC should be joined to this action and the procedure for joining such entities, to evaluate confidentiality considerations relating to the retransmission agreement between the parties, and to enable ABC's counsel to complete the preparation of an Answer and Counterclaim; and

WHEREAS, ABC has not submitted any previous requests for an extension in this case;

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and

between the undersigned counsel for ABC and DISH, and the Court hereby orders, as follows:

Defendant ABC's time to answer and/or otherwise respond to the Complaint in this

action is extended to and including June 22, 2012.


Dated: New York, New York
       June 15, 2012

Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP      WILLIAMS & CONNOLLY LLP

_____      _____
Elyse D. Echtman                       Kevin T. Baine
eechtman@orrick.com                    kbaine@wc.com
51 West 52nd Street                    725 Twelfth Street, N.W.
New York, New York 10019-6142          Washington, DC 20005
(212) 506-5000                         Telephone: (202) 434-5000

*Attorneys for DISH Network L.L.C.*    *Attorneys for Defendant American Broadcasting*
                                       *Companies, Inc.*


SO ORDERED


Dated: ___June 19, 2012___

                                       _____
                                       Hon. Laura T. Swain, U.S.D.J.

# EXHIBIT 02

# REDACTED IN ITS ENTIRETY

# EXHIBIT 03

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN BROADCASTING COMPANIES, INC., CBS CORPORATION, the FOX ENTERTAINMENT GROUP, INC., FOX TELEVISION HOLDINGS, INC., FOX CABLE NETWORK SERVICES, L.L.C., and NBCUNIVERSAL MEDIA, L.L.C., <br><br> Defendants. | 12 Civ. 4155 (LTS) (KNF) |
| ABC, INC., AMERICAN BROADCASTING COMPANIES, INC., and DISNEY ENTERPRISES, INC., <br><br> Counterclaimants, <br> v. <br><br> DISH NETWORK CORPORATION and DISH NETWORK L.L.C., <br><br> Counterclaim Defendants. | |

**INITIAL CONFERENCE REPORT**

As required by the Initial Conference Order, Plaintiff/Counterclaim Defendant DISH

Network L.L.C., Counterclaim Defendant DISH Network Corporation (collectively, "DISH"),

Defendant/Counterclaimant American Broadcasting Companies, Inc., Counterclaimants ABC,

Inc. and Disney Enterprises, Inc. (collectively, "ABC"), Defendant CBS Corporation ("CBS"),

and Defendant NBCUniversal Media, LLC ("NBCU," and together with ABC and CBS, the

"Networks") hereby submit this Initial Conference Report in advance of the Initial Conference

scheduled for August 3, 2012:

A.    **CONCISE STATEMENT OF THE NATURE OF THE ACTION**

Lawsuit relating to PrimeTime Anytime and AutoHop.  Declaratory judgment action by

DISH alleging no copyright infringement (as to ABC only) and no breach of contract (as to

ABC, CBS, and NBCU).  Counterclaims by ABC alleging copyright infringement and breach of

contract.

B.    **STATEMENT OF PENDING RELATED ACTIONS**

There are three pending related civil actions: *CBS Broadcasting, Inc., et al. v. DISH*

*Network Corporation, et al.*, No. CV 12-04551 DMG (SHx) (C.D. Cal.); *NBC Studios LLC, et*

*al. v. DISH Network Corporation, et al.*, No. CV 12-04536 DMG (SHx) (C.D. Cal.); and *Fox*

*Broadcasting Company, Inc. et al. v. DISH Network L.L.C, et al.*, No. CV 12-4529 DMG (SHx)

(C.D. Cal).

C.    **CONCISE STATEMENT OF JURISDICTION**

This Court has federal question jurisdiction over the remaining copyright claims under

the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Since

there is complete diversity of citizenship between the parties, and the amount in controversy

exceeds $75,000, this Court has diversity jurisdiction over the state-law contract claims pursuant

to 28 U.S.C. § 1332.  In addition to diversity jurisdiction, ABC and DISH agree that the Court

has supplemental jurisdiction over the contract claims by and against ABC pursuant to 28 U.S.C.

§ 1367(a).

The parties do not contest personal jurisdiction.  Venue is proper in this District.

D.    **CONSENT TO ASSIGNMENT TO A MAGISTRATE JUDGE**

The parties do not consent to transfer of the case to a magistrate judge for all purposes,

including trial.

**E.**    **INITIAL CASE MANAGEMENT PROCEDURES**

        1.    Jointly Proposed Schedule of the Parties

**DISH/ABC POSITION:**  See proposed schedule attached as Exhibit A, which sets forth certain dates as to which these parties are in agreement and certain dates as to which these parties have competing proposals.

**CBS/NBCU POSITION**:

        1.    The period of time within which CBS/NBCU should be required to make initial disclosures should be tied to the date the Court rules on CBS' intended motion to dismiss and NBCU's intended motion to dismiss and/or transfer the contract declaratory relief claims. CBS/NBCU are open to discussing what a reasonable time should be.  CBS/NBCU should not have to make initial disclosures unless and until the Court determines that DISH has stated viable claims and that those claims will remain in New York.

        2.    CBS/NBCU cannot now take a position on discovery cut off dates since DISH has moved to transfer *CBS Broadcasting, Inc., et al. v. DISH Network Corporation, et al.*, No. CV 12-04551 DMG (JCGx) (C.D. Cal.) to New York, which the plaintiffs in that case will oppose, CBS intends to move to dismiss the declaratory relief claim against it, and NBCU intends to move to dismiss and/or transfer to California the contract declaratory relief claims against it. Until CBS/NBCU know whether and what claims will exist in New York as to them, they do not know what discovery (or other) deadlines would be appropriate.  Resolution of the foregoing motions will dictate the other dates.

        2.    Any recommendations for limiting the production of documents, including
            electronically stored information

The parties agree that reasonable limitations should be imposed on the number of

custodians and the search and review of electronically stored information.

**DISH/ABC POSITION:** The parties should endeavor to agree on an e-discovery protocol by October 26, 2012, as set forth in the proposed schedule attached as Exhibit A, which sets forth certain dates as to which these parties are in agreement and certain dates as to which these parties have competing proposals.

**CBS/NBCU POSITION:** The parties should meet and confer promptly following resolution of the question of which parties and which claims will proceed in this Court and following the exchange of Initial Disclosures. CBS and NBCU are not in a position to agree or disagree on specific dates, for the reasons set forth above.

3. <u>Any recommendations for limiting depositions, whether by numbers or days of depositions, and by the elimination of expert depositions</u>

The parties agree that no limitations should be imposed at this juncture.

**DISH POSITION:** The number of depositions allowed by Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure without leave of the Court should be enlarged to production of 10 witnesses per party, as opposed to 10 witnesses per side.

**ABC/CBS/NBCU POSITION:** Given the outstanding issues that remain to be resolved regarding which claims and which parties will form part of this case, resolution of the question of the number of depositions permitted in this case should promptly follow resolution of the question of which parties and which claims will proceed in this Court (and the exchange of Initial Disclosures). In addition, it would be premature at this juncture to deviate from the default rule, set forth in the Federal Rules of Civil Procedure, of 10 depositions per side.

4.    A protocol and schedule for electronic discovery, including a brief description of any disputes regarding the scope of electronic discovery

The parties will work to reach an agreement on the format of production, the timing for the exchange of search terms, and other issues related to electronic discovery.  There are presently no disputes regarding the scope of electronic discovery.

**DISH/ABC POSITION:**  As set forth *supra* at E.2, the parties should endeavor to agree on an e-discovery protocol by October 26, 2012, as set forth in the proposed schedule attached as Exhibit A, which sets forth certain dates as to which these parties are in agreement and certain dates as to which these parties have competing proposals.

**CBS/NBCU POSITION:**  The parties should meet and confer promptly following resolution of the question of which parties and which claims will proceed in this Court and following the exchange of Initial Disclosures.  CBS/NBCU are not in a position to agree or disagree on specific dates, for the reasons set forth above.

5.    Whether the parties recommend that expert discovery precede or follow any summary judgment practice

The parties agree that, subject to a final cut off date for summary judgment motions, a party should be allowed to move for summary judgment at the party's discretion.

**DISH/ABC POSITION:**  A proposed deadline is set forth in the proposed schedule attached as Exhibit A, which sets forth certain dates as to which these parties are in agreement and certain dates as to which these parties have competing proposals.

**CBS/NBCU POSITION:**  CBS/NBCU are not in a position to agree or disagree on specific dates, for the reasons set forth above.

6.    <u>Whether the parties agree to allow depositions preceding trial of trial witnesses not already deposed</u>

The parties agree that, if a trial witness has not been deposed prior to the close of discovery, for the reason that the witness was either not named in the producing party's Rule 26(a) disclosures or timely Rule 26(e) supplemental disclosures or the producing party's Rule 26(a) disclosures named more people than the opposing party could reasonably have deposed within the discovery period, then, to the extent that the witness will be permitted to testify at trial, a pretrial deposition will be allowed.

7.    <u>Whether the parties propose to engage in settlement discussions or mediation and, if so, when would be the best time to do so</u>

The parties agree that settlement discussions and mediation would be premature at this juncture.  The parties are, however, willing to explore the possibility of settlement at a later date.

**F.    TOPICS OF INITIAL PRETRIAL CONFERENCE CHECKLIST**

1.    <u>Possible limitations on document preservation (including electronically stored information)</u>

The parties agree that data maintained solely for disaster recovery purposes, historical copies of website content, ambient data, and legacy data are deemed not readily accessible and need not be preserved or collected.  The parties further agree that text messages and voicemail messages need not be preserved or collected.

2.    <u>Appropriateness of initial disclosures pursuant to Rule 26(a)(1)</u>

The parties agree that it is appropriate to exchange initial disclosures pursuant to Rule 26(a)(1).

**DISH/ABC POSITION:**  A proposed deadline is set forth in the proposed schedule attached as Exhibit A, which sets forth certain dates as to which these parties are in agreement and certain dates as to which these parties have competing proposals.

**CBS/NBCU POSITION:**  CBS/NBCU are not in a position to agree or disagree on specific dates, for the reasons set forth above.  CBS/NBCU should not be required to make initial disclosures unless and until the Court rules that DISH has stated viable claims against them and that the claims should remain in New York.

3.       Possibility of a stay or limitation on discovery pending a dispositive motion

**DISH POSITION:**  DISH agrees that there should be an expedited discovery period prior to the making of any preliminary injunction motion by ABC.  DISH's proposed dates for expedited discovery are set forth in Exhibit A.  DISH does not agree to bifurcation of liability and damages for discovery or trial.  DISH does not agree to any stay of discovery.

**ABC POSITION:** As set forth in more detail below and in the proposed schedule set forth in Exhibit A, discovery should proceed in a phased fashion, beginning with an expedited discovery period for preliminary injunction litigation.  As set forth in Exhibit A, it is ABC's position that fact discovery on damages should be bifurcated until after adjudication of liability.

**CBS/NBCU POSITION:**  Discovery should be stayed as to the claims against CBS/NBCU until their motions to dismiss and/or (in the case of NBCU) to transfer are decided.  For the reasons discussed above, CBS/NBCU are not now in a position to agree or disagree to bifurcation.  They take no position on the bifurcation of liability from damages because the claims against them are for declaratory relief.

7

    4.    <u>Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters</u>

The parties defer to the Court on whether such communication/coordination is appropriate.

    5.    <u>Preliminary issues that are likely to arise that will require court intervention</u>

CBS intends to file a motion to dismiss.  NBCU intends to file a motion to dismiss and/or transfer.  ABC will be reviewing these motions and reserves the right to join or otherwise take a position on the appropriate venue for this dispute.  It is DISH's position that this Court has already ruled upon motions to dismiss and/or transfer by CBS and NBCU, and that no additional venue motions are warranted.  CBS/NBCU disagree with this position.  ABC may be making a motion for a preliminary injunction.

    6.    <u>Discovery issues that are envisioned and how discovery disputes will be resolved</u>

The parties should resolve discovery disputes pursuant to the procedures set forth in the Pilot Project and pursuant to this Court's Individual Practices.  Pursuant to those procedures, to the extent that discovery disputes arise, the parties should attempt to informally resolve the dispute by meeting and conferring in good faith.  Only after the parties are unable to resolve the dispute through meeting and conferring in good faith should any party pursue formal resolution involving the Court.

    7.    <u>Proposed discovery</u>

    a.    <u>limitations on types of discovery beyond those in the Rules</u>

The parties agree that no limitations on the types of discovery should be imposed, other than those limitations contained in the Federal Rules of Civil Procedure, the Local Rules of the

Southern District of New York and the Individual Practices of this Court. As set forth *supra* at

E.3, the parties disagree on an issue relating to depositions.

      b. <u>limitations on scope of discovery</u>

The parties agree that, at this stage, there should be no limitations on the scope of

discovery, other than those limitations contained in the Federal Rules of Civil Procedure, the

Local Rules of the Southern District of New York and the Individual Practices of this Court. The

parties agree to meet and confer in good faith about proposing reasonable adjustments to any

discovery limits as discovery progresses. As set forth *supra* at E.3, the parties disagree on an

issue relating to depositions. In addition, it is CBS/NBCU's position that discovery as to CBS

and NBCU must be limited to the claims pending against them in New York and that DISH

cannot take discovery in the New York action on copyright claims that are at issue only in

California.

      c. <u>limitations on timing and sequence of discovery</u>

**<u>DISH POSITION</u>:** DISH agrees to continue the expedited discovery phase prior to a

potential preliminary injunction motion by ABC. Expedited discovery should continue to

October 2, 2012. The expedited discovery should follow the procedure laid out by the Court at

the June 22, 2012 conference, and include irreparable harm and fair use. DISH does not agree to

bifurcation of discovery or trial between damages and liability.

      **<u>ABC POSITION</u>:** Discovery should proceed in a phased fashion and according to the

schedule set forth at Exhibit A. Pursuant to this Court's instructions at the June 22, 2012

hearing, Stage I Discovery should consist of preliminary expedited discovery on matters

necessary to the resolution of a preliminary injunction motion, which should proceed in two

phases and according to the schedule set forth at Exhibit A.  Stage II Discovery should consist of general factual discovery on questions of liability.  Fact discovery should end by Friday, March 29, 2013.  Expert discovery should begin on Friday, April 19, 2013, and end by Friday, June 21, 2013.  Fact discovery on damages should be bifurcated until after adjudication of liability.

**CBS/NBCU POSITION:**  For the reasons discussed above, CBS/NBCU cannot now take a position on this matter.

    d.  <u>limitations on restoration of electronically-stored information</u>

As set forth *supra* in F.1, the parties agree that data maintained solely for disaster recovery purposes, historical copies of website content, ambient data, and legacy data are deemed not readily accessible and need not be preserved or collected.  The parties further agree that text messages and voicemail messages need not be preserved or collected.

    e.  <u>agreement to allow depositions of trial witnesses named if not already deposed</u>

As set forth *supra* in E.6, the parties agree that, if a trial witness has not been deposed prior to the close of discovery, for the reason that the witness was either not named in the producing party's Rule 26(a) disclosures or timely Rule 26(e) supplemental disclosures or the producing party's Rule 26(a) disclosures named more people than the opposing party could reasonably have deposed within the discovery period, then, to the extent that the witness will be permitted to testify at trial, a pretrial deposition will be allowed.

    f.  <u>preservation depositions</u>

Permitted if within the scope of other discovery limitations.

    g.  <u>foreign discovery and issues anticipated</u>

The parties do not anticipate the need for foreign discovery.

8.    Schedule

**DISH/ABC POSITION:** See proposed schedule attached as Exhibit A, which sets forth certain dates as to which these parties are in agreement and certain dates as to which these parties have competing proposals.

**CBS/NBCU POSITION:**  For the reasons discussed above, CBS/NBCU are not in a position to propose or agree to a schedule at this time.

9.    Issues to be tried

    a.    ways in which issues can be narrowed to make trial more meaningful and efficient

The parties agree that a period of discovery is necessary before determining whether the issues can be narrowed.

    b.    whether there are certain issues as to which a mini-trial would be helpful

The parties are presently unaware of any issues as to which a mini-trial would be helpful.

10.    Bifurcation

**DISH POSITION:**  DISH does not consent to bifurcation.

**ABC POSITION:**  Fact discovery on issues of liability should be bifurcated from fact discovery on damages.  Damages discovery should be bifurcated until after adjudication of liability.

**CBS/NBCU POSITION:** For the reasons discussed above, CBS/NBCU are not now in a position to agree or disagree to bifurcation.  They take no position on the bifurcation of liability from damages because the claims against them are for declaratory relief.

11

11.   <u>Class certification issues</u>

The action is not a class action.

12.   <u>ADR/mediation</u>

As set forth *supra* at E.7, the parties agree that settlement discussions and mediation would be premature at this juncture.  The parties are, however, willing to explore the possibility of settlement at a later date.

13.   <u>Possibility of consent to trial before a Magistrate Judge</u>

No.

14.   <u>Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments</u>

DISH intends to amend its complaint, and the parties are in the process of stipulating to the filing of the amendment.  ABC intends to amend its counterclaims to add additional copyrighted works the copyright to which, ABC will allege, DISH has infringed and will infringe in the coming months, and has proposed a deadline for such amendments in the proposed case schedule attached hereto as Exhibit A.  ABC reserves the right to amend in the future prior to the general deadline for amendments set forth in the proposed case schedule attached hereto as Exhibit A.  CBS intends to move to dismiss the claims against it.  NBCU intends to move to dismiss and/or transfer the claims against it.  For the reasons discussed above, CBS/NBCU are not in a position to agree to specific dates at this time.

15.   <u>Joinder of additional parties, and the likelihood and timing of joinder of additional parties</u>

DISH intends to add certain ABC counterclaim plaintiffs as defendants on its declaratory judgment claims.  ABC reserves the right to join additional parties in the future prior to the

deadline for amendment set forth in the proposed case schedule attached hereto as Exhibit A. For the reasons discussed above, CBS/NBCU are not in a position to agree to specific dates at this time.

16.    Expert witnesses (including necessity or waiver of expert depositions)

**DISH/ABC POSITION:**  The parties anticipate that the testimony of expert witnesses may be necessary.  Expert discovery deadlines are included in the proposed case schedule attached hereto as Exhibit A, which sets forth certain dates as to which these parties are in agreement and certain dates as to which these parties have competing proposals.  DISH is of the position that expert testimony may be necessary for its opposition to any preliminary injunction motion by ABC.

**CBS/NBCU POSITION:**  For the reasons discussed above, CBS/NBCU are not in a position to agree to specific dates at this time.

17.    Damages (computation issues and timing of damages discovery)

**DISH POSITION:**  DISH opposes bifurcation.

**ABC POSITION:**  Damages will be an issue in resolving the ABC counterclaims. Damages discovery should be bifurcated until after adjudication of liability.

**CBS/NBCU POSITION:**  This is a declaratory relief action as to CBS/NBCU.  Thus, damages and damage discovery is not relevant as to them.

18.    Final pretrial order (including possibility of waiver of order)

The parties agree that the final pretrial order should not be waived.

19.  <u>Possible trial ready date</u>

**<u>DISH/ABC POSITION</u>:** See proposed schedule attached as Exhibit A, which sets forth

certain dates as to which these parties are in agreement and certain dates as to which these parties

have competing proposals.

**<u>CBS/NBCU POSITION</u>:** CBS/NBCU are not now in a position to comment upon

specific scheduling dates.

20.  <u>Court logistics and mechanics</u>

The Court's default procedures are acceptable to the parties.  In addition, the parties agree

to accept service of discovery papers (e.g., requests, responses, subpoenas) by email to a jointly-

agreed-upon list of recipients, and that service by email should be deemed equivalent to service

by mail (pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) for the purposes of computing

time under Federal Rule of Civil Procedure 6(d)).  The date of service (for purposes of

computations under Federal Rule of Civil Procedure 6(d)) will be determined by Eastern time.

In the event a party chooses to effect service in a different way on any particular occasion, that

party agrees to provide a courtesy copy by email.

21.  <u>The need for additional meet and confer sessions, to continue to discuss issues
raised at the initial conference among counsel</u>

The parties agree to meet and confer regarding any issues that remain following the

Initial Conference.

**G.  JOINT ELECTRONIC DISCOVERY SUBMISSION**

The parties agree that the submission of a Joint Electronic Discovery Submission and

Proposed Order would be premature.  As discovery proceeds, the parties intend to work towards

14

defining the parameters of electronic discovery and addressing the topics included in the Joint Electronic Submission.

**DISH/ABC POSITION:** As set forth *supra* at E.2, the parties should endeavor to agree on an e-discovery protocol by October 26, 2012, as set forth in the proposed schedule attached as Exhibit A, which sets forth certain dates as to which these parties are in agreement and certain dates as to which these parties have competing proposals.

**CBS/NBCU POSITION:** The parties should meet and confer promptly following resolution of the question of which parties and which claims will proceed in this Court and following the exchange of Initial Disclosures. CBS/NBCU are not in a position to agree or disagree on specific dates, for the reasons set forth above.

Dated: August 1, 2012

**Orrick, Herrington & Sutcliffe LLP**

/s/Elyse D. Echtman
Peter A. Bicks
pbicks@orrick.com
E. Joshua Rosenkranz
jrosenkranz@orrick.com
Elyse D. Echtman
eechtman@orrick.com
51 West 52nd Street
New York, New York 10019-6142
Tel. (212) 506-5000

*Attorneys for DISH Network L.L.C. and DISH Network Corporation*

**Williams & Connolly LLP**

/s/Kevin T. Baine
Kevin T. Baine
kbaine@wc.com
Thomas Hentoff

**Mitchell Silberberg & Knupp LLP**

/s/Jane G. Stevens
Jane G. Stevens
jgs@msk.com
Robert R. Rotstein
rxr@msk.com
Patricia H. Benson
phb@msk.com
1137 West Olympic Boulevard
Los Angeles, California 90064-1683
Tel. (310) 312-2000

*Attorneys for CBS Corporation and NBCUniversal Media, L.L.C.*

15

thentoff@wc.com
Hannah M. Stott-Bumsted
hstott-bumsted@wc.com
Stephen J. Fuzesi
sfuzesi@wc.com
725 Twelfth Street, N.W.
Washington, DC 2005
Tel. (202) 434-5029

*Attorneys for American Broadcasting
Companies, Inc., ABC, Inc., and Disney
Enterprises, Inc.*

**Exhibit A**

**Proposed Case Schedule**

| EVENT | DISH/ABC AGREED DEADLINES | DISH POSITIONS | ABC POSITIONS | NBC/CBS POSITIONS |
|---|---|---|---|---|
| Deadline to complete first phase of expedited discovery | Friday, August 10, 2012 | | | Unable to take a position for the reasons stated in preceding Report |
| Initial Disclosures | Friday, August 24, 2012 | | | Unable to take a position for the reasons stated in preceding Report |
| Deadline to complete second phase of expedited discovery | Tuesday, October 2, 2012 | | | Unable to take a position for the reasons stated in preceding Report |
| Deadline to agree to e-discovery protocol | Friday, October 26, 2012 | | | Unable to take a position for the reasons stated in preceding Report |
| Deadline to file preliminary injunction motion | | 30 days following completion of expedited discovery | ABC recently received this proposal, is reviewing, and will be prepared to discuss at the conference. | Unable to take a position for the reasons stated in preceding Report |
| Deadline to join other parties | | October 12, 2012 | Friday, January 25, 2013 | Unable to take a position for the reasons stated in preceding |

17

|  |  |  |  | Report |
|---|---|---|---|---|
| Deadline to file amended pleadings | Friday, January 25, 2013 |  | Amended pleadings that list additional infringing works may be filed up until 30 days before the close of discovery on damages (which will proceed after adjudication on the merits of liability) | Unable to take a position for the reasons stated in preceding Report |
| Deadline for completion of fact discovery | Friday, March 29, 2013 | Fact discovery as to liability and damages should proceed at the same time | Only fact discovery as to liability should proceed prior to adjudication on the merits of liability | Bifurcation of liability and damages not in issue as to CBS and NBCU: Complaint seeks only Declaratory Judgment Relief |
| Deadline to file Joint Preliminary Trial Report | Friday, April 12, 2013 |  |  | Unable to take a position for the reasons stated in preceding Report |
| Deadline for disclosure of expert testimony on issues for which a party bears the burden of proof | Friday, April 19, 2013 |  |  | Unable to take a position for the reasons stated in preceding Report |
| Case Management Conference | Any date subsequent to Friday, April 12, 2013 and prior to or on Friday, April 26, 2013 that suits the |  |  | Unable to take a position for the reasons stated in preceding Report |

| | convenience of the Court | | | |
|---|---|---|---|---|
| Deadline for disclosure of rebuttal expert testimony | Friday, May 17, 2013 | | | Unable to take a position for the reasons stated in preceding Report |
| Deadline for completion of expert discovery | Friday, June 21, 2013 | | | Unable to take a position for the reasons stated in preceding Report |
| Deadline for filing dispositive motions | Friday, July 19, 2013 | | | Unable to take a position for the reasons stated in preceding Report |
| Trial | Any date subsequent to the later of Friday, November 29, 2013 or 56 days following the Court's decision on the summary judgment motions that suits the convenience of the Court | | | Unable to take a position for the reasons stated in preceding Report |