

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142

tel +1-212-506-5000
fax +1-212-506-5151

WWW.ORRICK.COM

September 25, 2013

Elyse D. Echtman
(212) 506-3753
eechtman@orrick.com

**BY HAND DELIVERY**

The Honorable Laura T. Swain
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *In re AutoHop Litigation*, Master File No. 12 Civ. 4155 (LTS)(KNF)
      **This document relates to:** DISH Network L.L.C. No. 12 Civ. 4155 (LTS)(KNF)

Dear Judge Swain:

      We write on behalf of plaintiff-counterclaim defendant DISH Network L.L.C. ("DISH") and defendant-counterclaim plaintiff CBS Corporation ("CBS") to request the redaction of certain confidential business information from the publicly filed version of the Opinion and Order entered by the Court on September 18, 2013 (the "Order"). A copy of the Order containing the proposed redactions is attached as Exhibit A. The redactions are found at pages 8, 20 and 23-24.

      CBS and DISH jointly request the redaction of certain terms of the confidential Retransmission Consent and Video On Demand Agreement ("Retransmission Agreement") between them that are excerpted in the Order at pages 23-24. DISH also requests the redaction of information on the substance of DISH's confidential contract negotiations with non-parties, which is found at pages 8 and 20. This commercially sensitive information was designated "Highly Confidential" pursuant to the Stipulated Protective Order, and accordingly filed under seal. *See* ECF No. 96 ¶ 14. Were such information to be publicly disclosed, DISH and CBS would suffer competitive harm. *See Standard Inv. Chartered, Inc. v. National Ass'n of Sec. Dealers, Inc.*, No. 07 CV 2014 (SWK), 2008 U.S. Dist. LEXIS 4617, at *25 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting 'business information that might harm a litigant's competitive standing' has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption [of public access]."); *Bergen Brunswig Corp. v. IVAX Corp.*, No. 97 Civ. 2003 (PKL), 1998 U.S. Dist. LEXIS 3045, at *7 (S.D.N.Y. March 12, 1998) ("Potential damage from the release of sensitive business information has been deemed a ground for denying access to court documents.")


The Honorable Laura T. Swain
September 25, 2013
Page 2

    ABC, Inc., American Broadcasting Companies, Inc., and Disney Enterprises, Inc. do not request any redactions nor do they object to the redactions requested by DISH and CBS. As reflected above, the parties met and conferred on appropriate redactions to the Order.

    In light of the foregoing, DISH and CBS respectfully request that the Court redact the information indicated in Exhibit A from the publicly filed version of the Order.

Respectfully submitted,

Elyse D. Echtman

Enclosure

cc: all counsel (via email)

*The redaction requests are granted for the reason of commercial sensitivity that are set forth above.*

**SO ORDERED:**

_____ 10/1/13
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE