UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AUTOHOP LITIGATION<br>This Document Relates To:<br>DISH Network L.L.C., 12 Civ. 4155 (LTS)(KNF) | 12 Civ. 4155 (LTS) (KNF) |

## JOINT PRELIMINARY TRIAL REPORT

Pursuant to section IV(A) of the Standing Order for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York and the Scheduling Order dated August 3, 2012 (Dkt. No. 103), all Parties in the above-referenced action submit this Joint Preliminary Trial Report.

**I.   The Full Caption of This Action.**

| | |
|---|---|
| IN RE AUTOHOP LITIGATION<br>This Document Relates To: All Actions | 12 Civ. 4155 (LTS) (KNF)[1] |

**II.   The Name, Address, Telephone Number, Fax Number and Email Address of Each Principal Member of the Trial Team, and an Identification of Each Party's Lead Trial Counsel.**

Lead trial counsel for each Party is marked with an asterisk (*).

---

[1] DISH filed a declaratory judgment complaint initiating this action on May 24, 2012. *See* Dkt. No. 1. Later that day, CBS Broadcasting Inc., CBS Studios Inc., and Survivor Productions LLC filed a complaint against DISH Network Corporation and DISH Network L.L.C. in the Central District of California, captioned *CBS Broadcasting Inc., et al. v. Dish Network Corp. et al.*, case number 12-4551. On September 4, 2012, the Honorable Dolly M. Gee dismissed that action and transferred it to the Southern District of New York. On September 18, 2012, that case was assigned to this Court as case number 12-6812. On October 1, 2012, this Court granted CBS's request to consolidate DISH's declaratory judgment action and the transferred CBS action and to stay the transferred CBS action. Dkt. No. 130. That case remains stayed. In an October 3, 2012 Order, the Court directed the parties to use the foregoing caption in all pleadings filed in the consolidated action. *See* Dkt. No. 129 at 2-3.

1

Plaintiff/Counterclaim Defendant DISH Network L.L.C. ("DISH") and Counterclaim Defendant EchoStar Technologies L.L.C. ("EchoStar") (collectively, the "DISH Parties")

*Peter A. Bicks, pbicks@orrick.com, (212) 506-3742
Elyse D. Echtman, eechtman@orrick.com, (212) 506-3753
Lisa T. Simpson, lsimpson@orrick.com, (212) 506-3767
Orrick, Herrington & Sutcliff LLP
51 West 52nd Street
New York, New York  10019-6142
Fax: (212) 506-5151

Annette L. Hurst, ahurst@orrick.com, (415) 773-4585
Orrick, Herrington & Sutcliff LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Fax: (415) 773-5759

Defendant/Counterclaimant CBS Corporation ("CBS") and Counterclaimants CBS Broadcasting Inc., CBS Studios Inc., and Survivor Productions, LLC (collectively, the "CBS Parties")

*Jonathan D. Schiller, jschiller@bsfllp.com, (212) 446-2388
*Joshua I. Schiller, jischiller@bsfllp.com, (212) 303-3520
Gary R. Studen, gstuden@bsfllp.com, (212) 303-3642
Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, New York  10022
Fax:  (212) 446-2300

### III. A Brief Statement Identifying the Basis for Subject Matter Jurisdiction, and, if That Jurisdiction Is Disputed, the Reasons Therefore.

This Court has jurisdiction over the CBS Parties' copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has jurisdiction over the state-law contract and fraud claims pursuant to 28 U.S.C. § 1332 because the Parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum. In addition, the Parties' contract claims and the CBS Parties' fraud claims fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1337(a), because these claims form part of the same case and controversy as the copyright claims.

The Parties do not dispute this Court's subject matter jurisdiction over this Action.

## IV. A List of Each Claim and Defense That Will Be Tried and a List of Any Claims and Defenses Asserted in the Pleadings That Are Not to Be Tried.

### A. The DISH Parties

DISH will be trying the following claim set forth in its First Amended Declaratory Judgment Complaint (Dk. No. 109):

    a. Declaratory judgment: no breach of the Retransmission Consent and Video On Demand Agreement (the "Retransmission Consent Agreement").[2]

DISH and EchoStar will be trying the following defenses set forth in DISH's Answer to the CBS Parties' Amended Counterclaims (Dkt. No. 236) and EchoStar's Answer to the CBS Parties' Amended Counterclaims (Dkt. No. 235):

    a. The Amended Counterclaims fail to state a claim upon which relief may be granted;

    b. The Amended Counterclaims are barred in whole or in part by the doctrines of laches, waiver, estoppel and acquiescence;

    c. The Amended Counterclaims are barred in whole or in part by the doctrine of unclean hands;

    d. EchoStar, DISH and DISH's subscribers were authorized and/or licensed by the CBS Parties to engage in the allegedly infringing conduct;

    e. The conduct of EchoStar, DISH and DISH's subscribers is authorized and licensed by 17 U.S.C. §§ 119 and 122;

    f. The conduct of EchoStar, DISH and DISH's subscribers constitutes fair use pursuant to 17 U.S.C. § 107;

    g. Enforcement of the CBS Parties' copyrights is precluded by 17 U.S.C. § 110(11);

    h. Enforcement of the CBS Parties' copyrights is precluded by the doctrine of copyright misuse;

---

[2] In an Order dated March 6, 2014, this Court ordered the dismissal without prejudice of all claims and counterclaims asserted by American Broadcasting Companies, Inc., ABC, Inc., and Disney Enterprises, Inc. (collectively, the "ABC Parties") against the DISH Parties and DISH Network Corporation, and all claims by DISH Network L.L.C against the ABC Parties. Dkt. No. 243.

   i. The CBS Parties' copyright infringement claims fail to the extent that the CBS Parties do not own the alleged copyrights asserted in their claims and/or copyright registrations in the claimed works.

DISH will be trying the following defenses set forth in its Answer to CBS Parties' Amended Counterclaims.

  a. DISH had no duty to disclose;

  b. The CBS Parties did not reasonably rely on any acts or omissions by DISH.

B. <u>The CBS Parties</u>

The CBS Parties will be trying the following claims set forth in their Amended Counterclaims (Dkt. No. 193):

  a. DISH and EchoStar are liable for direct copyright infringement under 17 U.S.C. §§ 106 and 501.

  b. DISH and EchoStar are liable for inducing direct copyright infringement under 17 U.S.C. §§ 106 and 501.

  c. DISH and EchoStar are liable for contributory copyright infringement under 17 U.S.C. §§ 106 and 501.

  d. DISH and EchoStar are liable for vicarious copyright infringement under 17 U.S.C. §§ 106 and 501.

  e. DISH is liable for breaching the Retransmission Consent Agreement.

  f. DISH is liable for breaching the implied covenant of good faith and fair dealing in the Retransmission Consent Agreement.

  g. DISH is liable for fraudulent concealment and fraud in the inducement in connection with negotiations for the Retransmission Consent Agreement.

**V. An Identification of the Governing Law for Each Claim and Defense That Will Be Tried and a Brief Description of Any Dispute Regarding Choice of Law.**

Federal law, and in particular the Copyright Act, governs the CBS Parties' copyright claims.

Colorado law applies to DISH's claim for a declaratory judgment that the PrimeTime Anytime and AutoHop features on the Hopper Whole Home HD DVR do not breach the

4

Retransmission Consent Agreement between DISH and CBS Corporation, and to the CBS Corporation's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing.

The Parties dispute whether New York law or Colorado law applies to the CBS Corporation's counterclaim for fraudulent concealment and fraud in the inducement. In DISH's motion to dismiss the fraud counterclaim, DISH argued that Colorado law applied. In opposing this motion, CBS argued that New York law applied. In its ruling, the Court "[did] not find a conflict between Colorado and New York law on this issue and, thus, applie[d] New York law in evaluating the sufficiency of the counterclaim." Dkt. No. 232 at 26. To the extent that there is a conflict of law, it is DISH's position that Colorado law applies to this counterclaim, and it is CBS's position that New York law applies to this counterclaim.

## VI. The Number of Days Currently Estimated for Trial and Whether the Case Is to Be Tried with or without a Jury.

The Parties expect that the trial of this Action will last approximately two weeks. The case is to be tried before a jury.

## VII. A Statement Indicating Whether All Parties Have Consented to Trial by a Magistrate Judge, without Identifying Which Parties Do or Do Not Consent.

The Parties do not consent to trial before a Magistrate Judge.

## VIII. A Brief Description of Any Summary Judgment Motion a Party Intends to File, Including a Statement Identifying Whether Expert Testimony Will Be Offered in Support of the Motion.

A. <u>The DISH Parties</u>

DISH and EchoStar intend to file a motion for summary judgment against the CBS Parties on all claims. Expert testimony will be offered in support of this motion.

With respect to the copyright claims, the DISH Parties will move for summary judgment on the grounds that there is no issue of material fact on direct or secondary copyright infringement. The DISH Parties have not directly infringed any CBS copyrights, because DISH's consumers, not DISH or EchoStar, record CBS programming on their Hopper DVRs. On the question of secondary infringement, CBS cannot show any infringing act by DISH customers, because the DVR recordings made by DISH customers on their Hopper DVRs are a fair use.

Second, on the breach of contract claims, DISH intends to move for summary judgment on two grounds. First, CBS cannot prove a breach of any provision of the Retransmission Consent Agreement, and second, CBS cannot prove damages.

Third, DISH intends to move for summary judgment on CBS's fraud claim because CBS cannot prove any of the necessary elements of the claim. Specifically, CBS cannot prove a duty of disclosure, an intent to defraud, reasonable reliance, or damages. Moreover, CBS has no right to rescission or any other equitable relief.

B.    The CBS Parties

The CBS Parties intend to move for partial summary judgment on their direct infringement claim and CBS intends to move for partial summary judgment on its breach of contract claim based on DISH's and EchoStar's admission that, for several years during the development and initial rollout of AutoHop, they willfully copied the CBS Parties' programming without the CBS Parties' consent. Expert testimony will be offered in support of this motion.

Moreover, the CBS Parties intend to oppose any summary judgment motion filed by DISH. First, the CBS Parties intend to oppose any summary judgment motion filed by DISH on the CBS Parties' copyright claims because material factual issues are in dispute that preclude

DISH from prevailing on summary judgment. These factual issues include but are not limited to: (1) whether DISH and EchoStar, as opposed to the consumer, are making unauthorized copies of CBS primetime programming through PTAT; (2) whether AutoHop-like technology will be replicated by other MVPDs if held to be legal in this case; and (3) the markets impacted by PTAT and AutoHop.

Second, CBS intends to oppose any summary judgment motion filed by DISH on the CBS Parties' breach of contract claims on the grounds that DISH has breached the agreement and CBS has been damaged by that breach.

Third, CBS intends to oppose any summary judgment motion filed by DISH on CBS's fraud claim because material factual issues are in dispute as to all elements of the claim that preclude DISH from prevailing on summary judgment. These factual issues relate to DISH's development and concealment of PTAT and AutoHop from CBS during negotiations for the Retransmission Agreement.

Dated: August 19, 2014

| | |
|---|---|
| ORRICK HERRINGTON & SUTCLIFFE LLP | BOIES, SCHILLER & FLEXNER LLP |
| *Elyse D. Echtman* (signature) | *Joshua I. Schiller* (signature) |
| Elyse D. Echtman<br>eechtman@orrick.com<br>51 West 52nd Street<br>New York, New York  10019-6142<br>(212) 506-5000 | Joshua I. Schiller<br>jischiller@bsfllp.com<br>575 Lexington Avenue<br>New York, New York  10022<br>(212) 446-2300 |
| *Attorneys for DISH Network L.L.C. and EchoStar Technologies L.L.C.* | *Attorneys for CBS Corporation, CBS Broadcasting, Inc., CBS Studios Inc., and Survivor Productions, LLC* |